Jamison R. McCune, OR Bar No. 135547
mccune@bodyfeltmount.com
**BODYFELT MOUNT, LLP**
319 SW Washington Street, Suite 1200
Portland, Oregon 97204
(503) 243-1022
*Attorneys for Plaintiff*

Veronica L. Manolio, AZ Bar No. 020230
vmanolio@mf-firm.com
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
*Pro Hac Vice Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation,<br><br>                  Plaintiff,<br>v.<br><br>PITNEY BOWES, INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES, LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; WHEELER FINANCIAL FROM PITNEY BOWES, INC., a Delaware corp.;<br><br>                  Defendants. | Case No. 3:20-cv-00651-AC<br><br>**RESPONSE TO MOTION FOR LEAVE TO AMEND ANSWER AND ASSERT COUNTERCLAIM** |

Pacific Office Automation, Inc. ("POA") objects to the Motion to Leave filed by Defendants Pitney Bowes, Inc., *et al.* ("Pitney") (Doc. 32) which seeks to amend its prior Answer to insert an untimely and improper Counterclaim. (Doc. 32-1). The alleged Counterclaim arises out of the identical contract/contractual relationship pled by POA, yet Pitney offers no explanation why it failed to plead a compulsory Counterclaim.

Page 1 – RESPONSE TO MOTION FOR LEAVE TO AMEND

# RESPONSIVE MEMORANDUM

Coming on the heels of recent discovery dispute(s), Pitney's Motion for Leave appears to be nothing more than gamesmanship.

As dictated by Rule 13 of the Federal Rules, a counterclaim is deemed compulsory when it "arises out of the transaction or occurrence that is the subject matter of the opposing part's claim." Fed. R. Civ. P. 13(a)(1)(A). Compulsory counterclaims are required to be brought at the time a party files its answer, and failure to plead a compulsory counterclaim is deemed as a waiver. *See, e.g., Hans v. Homesite Indem. Co.*, No. CV 08-0393-PHX-JAT, 2009 U.S. Dist. LEXIS 68501, at *10-11. 2009 WL 2169170 (D. Ariz. July 16, 2009) citing *Ralston-Purina Co. v. Bertie*, 541 F.2d 1363, 1367 (9th Cir. 1976) (compulsory counterclaim is required to be brought at the time of an answer); *Dragor Shipping Corp. v. Union Tank Car Co.,* 378 F.2d 241, 244 (9th Cir. 1967) (Failure to timely plead a compulsory counterclaim constitutes a waiver.) Rule 13(f) may permit a late-filed counterclaim, but only if that counterclaim was originally omitted "through oversight, inadvertence, or excusable neglect," or for some other justified reason. *Ralston-Purina, supra*, at 1367. When a motion to leave does not reasonably explain an omitted compulsory counterclaim, the trial court should deny the amendment. *Id*.

Just like the defendant in *Ralston-Purina*, Pitney offers no explanation or basis for its seven-month delay in asserting its counterclaim. Pitney admits that its counterclaim arises out of the same "Dealer Agreement" that forms POA's claims, and Pitney flaunts the fact that its counterclaim(s) were known at the time it filed an Answer (by claiming that Pitney already "telegraphed" its need for a counterclaim in its Affirmative Defenses). Nonetheless, Pitney offers no excuses of oversight, inadvertence or excusable neglect. Pitney ignores the fact that discovery has been ongoing for several months and that fact discovery is scheduled to be completed by April. Pitney also disregards the fact that it suggested foregoing Initial Disclosures, intentionally hiding its plans to later amend.

While Pitney suggests that POA will suffer "no prejudice," that is not the test. POA does not need to demonstrate prejudice, but rather Pitney was required to provide this Court with a viable reason why it intentionally omitted its counterclaim previously. Without an explanation, Pitney is simply not entitled to file a compulsory counterclaim that should already be deemed as waived.

For these reasons, Pitney's motion should be denied entirely.

DATED this 21st day of January, 2021.

BODYFELT MOUNT LLP

By: /s/ Jamison R. McCune
    Jamison R. McCune, OSB #135547
    Email: mccune@bodyfeltmount.com
    Phone: (503) 243-1022
    *Local Attorneys for Plaintiff*

MANOLIO & FIRESTONE, PLC

By: /s/ Veronica L. Manolio
    Veronica L. Manolio, AZ Bar No. 020230
    Email: vmanolio@mf-firm.com
    Phone: (480) 222-9100
    *Pro Hac Vice Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served upon all counsel of record to this matter on this 21st day of January, 2021, via the Court's CM/ECF System.

Philip Van Der Weele, OSB #863650
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Tel.: (503) 226-5727\Fax: (503) 248-9085
Email: phil.vanderweele@klgates.com
    Attorneys for Defendants

Jamison R. McCune, OSB #135547
BODYFELT MOUNT LLP
319 SW Washington St., Suite 1200
Portland, OR 97204
Tel: 503-243-1022
Email: mccune@bodyfeltmount.com
    *Local Attorney for Plaintiff*


By: /s/ Janel Rubert