Philip S. Van Der Weele, OSB #863650
Email: phil.vanderweele@klgates.com
K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200
Facsimile: +1 503 248 9085
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>PITNEY BOWES INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:20-cv-00651-AC<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADING** |

DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO FILE AMENDED PLEADING

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

## SUMMARY

Plaintiff contends that the correct standard for a court to use in deciding whether to allow the filing of an amended pleading that adds a compulsory counterclaim is the "oversight, inadvertence, or excusable neglect" standard of FRCP 13(f). But Plaintiff is wrong. Why? Because FRCP 13(f) has not been part of the Federal Rules of Civil Procedure since 2009, having been "deleted as largely redundant and potentially misleading." The correct and only standard is the "freely give leave when justice so requires" standard of FRCP 15(a)(2), on which Defendants rely. Under that standard, the Court should grant the Motion for Leave to Amend because Defendants filed their Motion for Leave to Amend timely under the Court's Scheduling Order, and there is no prejudice to Plaintiff.

## ARGUMENT

In its Response (ECF 34), Plaintiff correctly points out that the counterclaim of Defendant Pitney Bowes Inc. ("PBI") that Defendants have added in the amended pleading (the "Counterclaim") is a compulsory counterclaim under FRCP 13(a)(1). But Plaintiff then jumps to the incorrect conclusion that an amendment adding the Counterclaim must satisfy the standard of FRCP 13(f). Under that standard, says Plaintiff, the amendment is permissible "only if that counterclaim was originally omitted 'through oversight, inadvertence, or excusable neglect,' or for some other justified reason." (Response, p. 2, citing the 1976 *Ralston-Purina* case, which quotes FRCP 13(f) at 541 F.2d at 1367.)

Plaintiff's conclusion is wrong, because FRCP 13(f) was deleted in 2009, thereby making FRCP 15(a) the exclusive standard governing amendments to pleadings before trial, including amendments that add compulsory counterclaims. The Committee Notes on Rules for the 2009

amendment deleting FRCP 13(f) explain:

> Rule 13(f) is deleted as largely redundant and potentially misleading. An amendment to add a counterclaim will be governed by Rule 15. Rule 15(a)(1) permits some amendments to be made as a matter of course or with the opposing party's written consent. When the court's leave is required [under Rule 15(a)(2), as is the case here], the reasons described in Rule 13(f) for permitting amendment of a pleading to add an omitted counterclaim sound different from the general amendment standard in Rule 15(a)(2), but seem to be administered—as they should be—according to the same standard directing that leave should be freely given when justice so requires.

(Source: https://www.law.cornell.edu/rules/frcp/rule_13)  Therefore, the "freely give leave when justice so requires" standard of FRCP 15(a)(2) applies to the Motion for Leave.

Defendants satisfy that FRCP 15(a)(2) standard because there is no prejudice, and because they relied on the Court's Scheduling Order (ECF #31), which set the deadline for amending the pleadings, in determining when to seek leave to amend.  Plaintiff ignores this reliance when it asserts, "Just like the defendant in *Ralston-Purina*, Pitney offers no explanation or basis for its seven-month delay in asserting its counterclaim" (Response, p. 2).  Even putting aside the inapplicability of *Ralston-Purina*, a now-obsolete FRCP 13(f) case, Plaintiff is still wrong. The Scheduling Order itself is the explanation.  It made no sense for Defendants to move for leave to amend until relatively close to the January 15 deadline for amending, because, after all, Plaintiff also had until that deadline to decide whether it wanted to file an amended Complaint.  Once Defendants ascertained, through the meet and confer process, on January 5 that Plaintiff did not intend to file an amended Complaint, and on January 6 that Plaintiff would not consent to their amended pleading, Defendants promptly filed, on January 7, their Motion for Leave to Amend.  Given that Defendants moved under FRCP 15(a)(2) before the Court's January 15 deadline, there is no reason to treat the Motion for Leave to Amend any differently than an amendment as a matter of right under FRCP 15(a)(1).

Finally, in response to Plaintiff's accusation of "gamesmanship," PBI notes that the proposed Amended Pleading, attached as Exhibit 1 to the Motion, explains why PBI did not include the Counterclaim in the original Answer, even though it pled Plaintiff's breach as an Affirmative Defense. PBI did not have the information then that it needed to calculate damages. Indeed, PBI still does not have that information, notwithstanding a many-months effort to obtain it from Plaintiff through discovery. Paragraph 5 of the Counterclaim explains:

> In order to calculate its damages from POA's breaches, PBI asked POA, in Interrogatories 13 and 14 served on October 9, 2020[1], for information on the identity of PBI customers whom POA had converted to FP products. As of January 7, 2021, the time of filing of the motion for leave to file this amended pleading, POA has not provided PBI with sufficient information to enable PBI to identify PBI customers that POA converted to FP products. Therefore, PBI does not have a calculation of damages at this time.

ECF 32-1, p. 20, ¶ 5. Paragraph 5 was true as of January 7, 2021, and Paragraph 5 is still true as of the date of filing this Reply, January 22, 2021. As of January 22, the meet and confer process over PBI's attempts to get Plaintiff to disclose the identity of the <u>former</u> customers of PBI who are <u>former</u> customers precisely because Plaintiff sold or leased to them the products of a competitor, FP, in breach of the Dealer Agreement, is still going on.[2] PBI alleged as much as it could regarding damages, given the January 15, 2021

---

[1] The FRCP 26(f) conference in this case did not take place until September 24, 2020 (ECF 30), so Defendants could not have served discovery requests before then.

[2] Defendants will not belabor for the Court at this time a discovery dispute that may or may not result in a motion to compel. If, however, the Court desires more details on discovery to decide this Motion for Leave to Amend, Defendants can provide emails showing that Plaintiff did not

deadline it faced.

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Leave to File Amended Pleading, which adds PBI's Counterclaim.

DATED this 22nd day of January 2021.

K&L GATES LLP

BY: s/Philip Van Der Weele
Philip Van Der Weele, OSB # 863650
Email: phil.vanderweele@klgates.com
Phone: +1 503 228 3200
Of Attorneys for Defendants

---

produce the documents on this topic until December 14, 2020, a date that Defendants never agreed to. Moreover, even that late December 14 production was inadequate and was the subject of emails from PBI's counsel to Plaintiff's counsel dated December 16, December 18, January 4, January 7, January 12, and January 14, as well as one of the subjects of a meet and confer conference call on January 20, 2021.

Page 4 – DEFENDANTS' REPLY IN
SUPPORT OF MOTION FOR LEAVE
TO FILE AMENDED PLEADING

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January 2021, I caused to be served a copy of the foregoing DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT upon all counsel of record via the Court's CM/ECF electronic service system.

>Jamison R. McCune, OSB #135547
>Email: mccune@bodyfelfmount.com
>BODYFELT MOUNT LLP
>319 SW Washington St., Suite 1200
>Portland, OR 97204
>Tel: 503-243-1022
>   *Attorney for Plaintiff*
>
>Veronica L. Manolio, *admitted pro hac vice*
>Email: vmanolio@mf-firm.com
>MANOLIO & FIRESTONE, PLC
>8686 E. San Alberto Dr., Suite 200
>Scottsdale, AZ 85258
>Tel: 480-222-9100
>   *Attorneys for Plaintiff*

DATED this 22nd day of January 2021.

>s/Philip Van Der Weele
>Philip Van Der Weele, OSB #863650

Page 5 – DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED PLEADING

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200