Jamison R. McCune, OR Bar No. 135547
mccune@bodyfeltmount.com
**BODYFELT MOUNT, LLP**
319 SW Washington Street, Suite 1200
Portland, Oregon 97204
(503) 243-1022
*Attorneys for Plaintiff*

Veronica L. Manolio, AZ Bar No. 020230
vmanolio@mf-firm.com
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
*Pro Hac Vice Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation,<br><br>                    Plaintiff,<br>v.<br><br>PITNEY BOWES, INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES, LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; WHEELER FINANCIAL FROM PITNEY BOWES, INC., a Delaware corp.;<br><br>                    Defendants. | Case No. 3:20-cv-00651-AC<br><br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES FROM PLAINTIFF PACIFIC OFFICE AUTOMATION INC.** |

Pacific Office Automation, Inc. ("POA") now submits its Response to the Motion to Compel Further Responses to Interrogatories ("Motion") filed by Defendants Pitney Bowes, Inc., et al. ("Pitney") (Doc. 38) and respectfully request that the Court deny the Motion because: (i) the Motion was filed inappropriately seeking to enforce contention interrogatories specifically not allowed under Local Rule 33-1(d), (ii) the Motion is

entirely unnecessary, because POA provided fulsome and accurate responses to the interrogatories. Very simply put, POA has fully answered the discovery and justifiably explained to Pitney why its Motion was inappropriate and unwarranted. Pitney refused to withdraw the Motion, burdening this Court and raising the parties' fees and expenses.

## RESPONSIVE MEMORANDUM

### I.    INTRODUCTION

Pitney's Motion should be denied because POA has complied with its discovery obligations in good faith. After POA provided a timeline for discovery responses and documentation, Pitney's counsel represented to POA that no written response was necessary, and all Pitney expected was "fulsome" production and confirming his openness to the rolling production of documents. *See* POA's **Exhibit 1**. (November 22, 2020 correspondence from Pitney's Counsel, Philip Van Der Weele to POA's Counsel, Veronica Manolio). Then, POA emailed Pitney in advance and requested a reasonable extension given that POA's general counsel would be unavailable, Pitney's Counsel declined to extend any professional courtesy regarding that reasonable extension. *See* Pitney **Exhibit 4** (November 6, 2020) email. On December 4 and 14, 2020, POA then provided the documents and written responses to Pitney's First Set of Interrogatories, along with a spreadsheet identifying specific documents/emails responsive to the respective Interrogatories. Currently, supplemental disclosure and discovery are both still ongoing.

Pitney's Motion to Compel should be denied because POA has complied with its discovery obligations in good faith.

II.    **LAW AND ARGUMENT**

A.    <u>**Plaintiff's Motion is Predicated on Contention Interrogatories, which are Prohibited under Local Rule 33-1(d).**</u>

POA would first like to address the fact that Pitney's waiver to objections contention is wrong. POA provided Pitney with a clear timeline of discovery. Then, before the discovery timeline passed, POA informed Pitney about POA's General Counsel's complications involving other matters in the office and the inability to meet the set deadlines. POA requested a reasonable extension and Pitney's counsel denied. Now, Pitney is attempting to state any objections were waived. Pitney's waiver claim is grounded in Pitney's inability to reasonably work towards a solution. This is an attempt by Pitney to cover for the undeniable fact that POA objected to Pitney's interrogatories given the interrogatories violated Local Rule of Civil Procedure ("LR") 33(d) as prohibited "broad general interrogatories."

Interrogatories are governed by Fed. R. Civ. P. 33:

> "An interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."

In Oregon, interrogatories are also subject to L.R. 33-1. L.R. 33-1 prohibits "broad general interrogatories, such as those which ask an opposing party to 'state all facts on which a contention is based' or to 'apply law to facts.'" *Id.*

1.    <u>Contention Interrogatories in Oregon.</u>

*EEOC v. United States Bakery*, 2003 U.S. Dist. LEXIS 25529 (D. Or. Nov. 20, 2003) is illustrative. *See Id.* (holding that L.R. 33-1 is not inconsistent with Fed. R. Civ. P. 33). The *EEOC* plaintiff, for example, requested that the defendant describe the

Page 3 – RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

factual and legal basis for the defendant's statute of limitations defense. Slip op. at 5-6. The *EEOC* court held that this interrogatory was proper, reasoning that it did not violate the L.R. 33-1 prohibition of broad interrogatories "that ask for the general application of law to fact." *Id.* at 6-7. Further, the *EEOC* court reasoned that the interrogatory did not require the defendant to state "all facts" on which the affirmative defense was based or apply the law to facts. *Id.* at 7.

Relying on *EEOC*, an Oregon District Court reached a similar conclusion in *Kinnee v. Shack Inc.*, 2008 U.S. Dist. LEXIS 37304 (D. Or. May 6, 2008). For example, the *Kinnee* court held that a request to "explain fully the nature of the [plaintiff's] misconduct, actions taken by defendant regarding such misconduct, and the persons with knowledge of the misconduct" was not a contention interrogatory. *Id.* at 5-6. The *Kinnee* court also held that an interrogatory asking the defendant to "explain each and every act known to defendant which constitutes unclean hands" was permissible. *Id.* at 7. Similar to the *EEOC* court, the *Kinnee* court reasoned that the latter interrogatory did not request "every fact" or ask the defendant to apply the law to facts.

Two other cases cite L.R. 33-1. *See Huson v. City of Forest Grove*, 2002 U.S. Dist. LEXIS 476 (D. Or. Jan. 2, 2002); *Columbia Steel Casting Co. v. Portland Gen. Elec. Co.*, 1992 U.S. Dist. LEXIS 14364 (D. Or. Sept. 18, 1992). *Columbia* is relevant. At issue in *Columbia* was an interrogatory requesting the plaintiff "to identify all steps, actions, and conduct" of the defendant relevant to its claims. Slip op. at 2-3. The *Columbia* court ultimately denied this interrogatory, noting that discovery in the case had been extensive. *Id.* at 3. The *Columbia* court also described the defendant's request as a broad general interrogatory. *Id.*

### 2. Contention Interrogatories in the Ninth Circuit.

Although L.R. 33-1 is not applicable to other jurisdictions, other Ninth Circuit case law is persuasive. *See e.g. Zysman v. Zanett Inc.*, 2014 U.S. Dist. LEXIS 44859

(N.D. Cal. March 31, 2014); *O'Connell v. Chapman Univ.*, 245 F.R.D. 646 (2007).[1] For example, the *Zysman* court noted that "requiring a party to answer contention interrogatories is consistent with Rule 11 of the Federal Rules of Civil Procedure, which requires that plaintiffs must have some factual basis for the allegations in their complaint." *Id.* at 12-13. The *Zysman* court also held that contention interrogatories can be useful to clarify the issues in a case. *Id.* However, contention interrogatories asking for each and every fact supporting particular allegations may be overly broad and unduly burdensome. *Id.* (citing *S.E.C. v. Berry*, 2011 U.S. Dist. LEXIS 64437 (N.D. Cal. June 15, 2011)).

Contention interrogatories may also be disfavored on temporal grounds. *See e.g. In re eBay Seller Antitrust Litig.*, 2008 U.S. Dist. LEXIS 102815 slip op. at 2-5 (N.D. Cal. Dec. 11, 2008). For example, Fed. R. Civ. P. 33(a)(2) allows a court to "order that [an] interrogatory need not be answered until designated discovery is complete. . . ." Courts employing their Fed. R. Civ. P. 33(a)(2) discretion "generally disfavor" contention interrogatories before discovery is underway. *In re eBay Seller Antitrust Litig.*, 2008 U.S. Dist. LEXIS 102815 at slip op. 4 (citing *Tennison v. City & County of San Francisco*, 226 F.R.D. 615, (N.D. Cal. 2005)). According to the *eBay* court, "courts tend to deny contention interrogatories filed before substantial discovery has taken place, but grant them if discovery is almost complete." *Id.* (citing *Fischer & Porter Co. v.*

---

[1] *See also In re Convergent Technologies Securities Litigation*, 108 F.R.D. 328, 332 (N.D. Cal. 1985) (attempting to define contention interrogatory). "The phrase contention interrogatory is used imprecisely to refer to many different kinds of questions. Some people would classify as a contention interrogatory any question that asks another party to indicate what it contends. Some people would define contention interrogatories as embracing only questions that ask another party whether it makes some specified contention. . . . Another kind of question that some people put in the category 'contention interrogatory' asks an opposing party to state all the facts on which it bases some specified contention. Yet another form of this category of interrogatory asks an opponent to state all the evidence on which it bases some specified contention. Some contention interrogatories ask the responding party to take a position, and then to explain or defend that position, with respect to how the law applies to facts. A variation on this theme interrogatories that ask parties to spell out the legal basis for, or theory behind, some specified contention.").

*Tolson*, 143 F.R.D. 93 (E.D. Pa. 1992)).  The *eBay* court noted, however, that these are not rigid rules.  *Id.* at n 3.

3.    <u>Contention Interrogatories in this Present Case.</u>

Pitney is purposefully in violation of Local Rules, filing this Motion prematurely, before the vast majority of discovery has occurred.  POA stated these objections and still went above and beyond in providing more than adequate answers.

On top of being prohibited in the Local Rule 33-1(d), Federal Rule 33(a)(2) provides the court with substantial discretion as to when such an interrogatory must be answered, noting that "the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." *Campbell v. Facebook Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 US Dist. LEXIS 71961, at *9 (ND Cal June 3, 2015) *citing* Fed. Rules Civ. Proc. R. 33.  Additionally, as the Rules' Advisory Committee notes state, [s]ince interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer." Fed. Rules Civ. Proc. R. 33 advisory committee's note (1970 amendment). *Id*.

Looking at any of the plain language of the Interrogatories No. 1, 2, 4, 5, 6, 7, 10, 11, 13, and 14, they are all contention interrogatories asking for each instance, all examples of documents, or application of law to fact, that supports particular allegations in POA's Complaint.  When Pitney filed this Motion, no depositions had taken place, the designated time for discovery has not come to pass.  Instead, Pitney filed the present Motion knowing Pitney violated Local Rules without providing in limiting clarification, while lecturing POA's Counsel for not being a "local" attorney.  Instead, Pitney doubled down on its unnecessary path, coming to the Court stating POA had not provided "any and all" facts and example documents.  Given that the underlying interrogatories are

against Local Rule 33-(d), and the Court's discretion, POA would request that Court deny Pitney's Motion.

   **B.** **Pitney's Motion to Compel Should be Denied Due the Motion being Unnecessary as POA followed Pitney's Counsel's Instructions on How to Provide Responses to Discovery and Exceeded POA's Obligations.**

   Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Local Rule 37-1, before filing a motion to resolve a discovery dispute, the movant must have conferred or attempted to confer "in good faith" to resolve the dispute. See Fed. R. Civ. P. 37(a)(1).

> "Good faith under [Rule 37] contemplates, among other things, honesty in one's purpose to meaningfully discuss the discovery dispute, freedom from intention to defraud or abuse the discovery process, and faithfulness to one's obligation to secure information without court action. "Good faith" is tested by the court according to the nature of the dispute, the reasonableness of the positions held by the respective parties, and the means by which both sides conferred. Accordingly, good faith cannot be shown merely through the perfunctory parroting of statutory language on the certificate to secure court intervention; rather it mandates a genuine attempt to resolve the discovery dispute through non-judicial means.

*Shuffle Master, Inc. v. Progressive Games, Inc*., 170 F.R.D. 166, 171 (D. Nev. 1996) (internal citation omitted).  The movant must "engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *Id*.  Such communication must "be more than just a 'formalistic prerequisite' to judicial resolution, but rather a 'sincere effort' where both parties presented the merits of their respective positions and meaningfully assessed the relative strengths of each." *Id*. at 172.

   "The whole system of civil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions." *In re Convergent Tech. Sec. Litig*., 108 F.R.D. 328, 331(N.D. Cal. 1985).  Thus, counsel "should strive to be cooperative, practical and sensible, and should turn to the courts …

only in extraordinary situations that implicate truly significant interests." *Id*.  If a party fails to comply with its obligation to confer in good faith to resolve a discovery dispute, its motion to compel should be denied on that basis alone. *See, e.g., Shuffle Master*, 170 F.R.D. at 173 (denying motion to compel in light of movant's failure to confer in good faith to resolve dispute).

In this case, Pitney's counsel went through the "formalistic prerequisites" prior to filing Pitney's Motion to Compel by sending a long email and scheduling a telephone conference. *Id.* at 172.  However, Pitney's counsel is acting contrary to his own written words.

        1.       <u>POA Properly Provided Responsive Information to Pitney's First Request for Production.</u>

As stated above, Pitney's counsel explicitly stated that written responses were not required. In his November 20, 2020 email, Pitney's counsel stated:

> "regarding PBI's First Request for Documents, please be advised <u>that no such written response is necessary</u>, because POA has waived all objections.  All that remains is for you to provide the "fulsome" production promised in your November 6 email.  Similarly, if you are referring to a written response to PBI's First Set of Interrogatories other than answering the interrogatories themselves, no such response is necessary, because, again, POA has waived all objections.
>
> If, by "discovery responses" you mean the actual production of documents, it is fine if you would like to produce them on a rolling basis."
> *See* POA's **Exhibit 1**. *Emphasis added.*

POA is not acknowledging Pitney's incorrect statement about FRCP 34, which does not provide that a responding party waives an objection not timely stated compare FRCP 33(b)(4), with Fed. R. Civ. P. 34(b)(2)(C).  Nevertheless, in order to further his formalistic procedural agenda, Pitney's counsel is attempting to frame POA's responses as insufficient.  Pitney's counsel's gamesmanship is further indicative of the lack of good

faith and his one-sided attempts to assert these issues before the Court, without any reasonable solutions presented.  Instead, POA's counsel went above and beyond and still provided the documents along with written responses to assist Pitney.

Accordingly, Pitney's Motion to Compel should be denied to the failure of Plaintiff's counsel to comply with his obligations to engage in a good faith effort to resolve any discovery dispute.

### C.    The FRCP Rule 33(D)(1) Burden was Met by POA, POA Answered the Interrogatories in Detail, POA is not Obligated to do Pitney's Work.

A complete reading of POA's responses to Interrogatory No. 1, 2, 4, 5(a)-(c), and 6 demonstrates that POA has provided a more than adequate response.  POA provided a detailed identification of the relevant communications by Date, To/From, and the Interrogatory No. for which they are responsive.  In the attached spreadsheet, which is being supplemented as discovery continues, POA identifies with specificity relevant documents and communications.  Those communications were provided in native format, and the relevant information responsive to the interrogatories can easily be found (using the provided date and To/From) and the search function in any number of household electronic mail programs, like Outlook, as well as any e-discovery program suite that Pitney's counsel is likely to use.  Additionally, those communications and additional ones housed within Pitney's own servers are just as readily available to Pitney's counsel.  POA is specifically referring Pitney to emails from specific people on specific dates.  This is not POA vaguely referring to hundreds of pages of documents as a whole, but again POA going above and beyond.

Instead, Pitney's counsel is attempting to unnecessarily expand these proceedings through constant emails, and the present motion practice and ask the Court to force POA to do Pitney's discovery work for them.  The requirement under FRCP 33(d)(1) is sufficient detail to locate and identify responsive documents.  The requirement is not

every, and all, as Pitney would like us to believe. Instead, POA gave Pitney all of the emails in native format for them to examine and audit themselves. POA then provided Pitney a guiding spreadsheet with likely responsive communications indicated. The Motion to Compel lacks merit and smacks of bad faith. The Motion to Compel must be denied.

> **D.    Pitney's Motion to Compel Should be Denied Because POA has Complied in Good Faith with its Discovery Obligations.**
>
> > 1.    POA Properly Provided Information Responsive to Interrogatory No. 7.

POA provided a complete response to Interrogatory No. 7 by identifying: (a) what material representations Pitney made to POA; (b) the timeframe; (c) the individuals POA believes have knowledge about the misrepresentations; the titles and subjects of multiple written documents regarding the misrepresentations. The only issue Pitney raised regarding POA's substantive response to Interrogatory No. 7, was POA's alleged failure to relist the paragraphs of POA's Complaint. (Doc. 1).

Pitney then incorrectly states that POA did not clarify whether the misrepresentations were made orally or in writing when a straightforward reading of the full answer demonstrates who authored and received the written communications, the titles, and subjects of the written documentation. It seems that Pitney's only proposed solution here is for POA to relist the paragraphs 46-55 from POA's Complaint, despite all parties clearly understanding what documents, correspondence, and timeframe are being discussed.

Pitney's only concern seems to be the formatting and organization of this response. POA has clearly answered fully, providing all content requested, complying with FRCP 33(b)(3)'s requirements. For these reasons, Pitney's Motion to Compel regarding Interrogatory No. 7 should be denied.

2.    <u>POA Fully Answered and Provided Information Responsive to Interrogatory No. 10 and 11.</u>

Pitney's counsel has also moved to compel on numerous requests where POA has already produced the documents and information to him, or where POA has said in its responses that no such documents exist.  He is firing indiscriminately and that is improper for the good faith required to make a motion to compel work.

More concerning is that, during January 20, 2021, Pitney provided further clarification on these Interrogatories No. 10 and 11 and admitted that these interrogatories were unclear in their current state.  During the call, Pitney made clear they would be moving to compel answers on these Interrogatories.  Pitney then filed this Motion on January 28, 2021, a week later, without allowing POA time to respond to the clarified interrogatories.  This leaves the parties in no better position to answer the discovery and instead leaves the parties having to battle through a discovery dispute.  However, none of this addresses the fact that POA's responses to both Interrogatories No. 10 and 11 are accurate and complete.  The responses provide Pitney with more than adequate information expressly identifying the market and the companies who manufacture postage meters.  POA proactively assumed what Pitney might mean if Pitney provided clarification and POA provided two answers to the Interrogatory No. 11.

3.    <u>POA Fully Answered and Provided Information Responsive to Interrogatory No. 13 and 14.</u>

Rule 33(d) allows a reference to documents "if the burden of deriving or ascertaining the answer will be substantially the same for either party," and the responding party "specif[ies] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1).  POA has provided the customers, addresses, sites of equipment, and much more information that would allow POA to search its own customer databases in the process detailed by Pitney here.

Page 11 – RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

However, this information was provided to Pitney on December 14, 2020. POA's counsel confirmed that regarding POA235-246, POA would provide those spreadsheets in the same format as all the rest of the spreadsheets and that customer names not being attached to POA235-246 was a clerical error and POA's intention was to correct and supplement these spreadsheets. POA will supplement that production well prior to the hearing on this present Motion. This again continues Pitney's campaign of scorched earth regarding these discovery issues. These are not legitimate concerns, but volume of criticisms intended to overwhelm everyone else in the litigation, without regard to what is material to the issues at hand.

Regarding the Customer Relationship Management, Pitney seems to have laid out a comprehensive amount of knowledge of how to ascertain the information of which Pitney customers returned its mailing equipment to Pitney and would just as easily know who returned its products. Additionally, any reference to Francotyp-Postalia ("FP") and a "Smoke the Competition" sales contest sponsored by FP would be information held by FP, a third party, not by POA. This contest is not what Interrogatory No. 13 or 14 inquired about, and it remains irrelevant to the Interrogatories.

## III.    CONCLUSION

Pitney's Motion to Compel is a tactical motion, not a motion based on the merits. Just reading the correspondence attached to the motion and response, it is clear that the parties cooperated on all significant issues of discovery. Pitney contradicted its representations about how they wanted to cooperate in discovery and then come to the Court simply trying to cause a "sanction" to POA. This is unnecessary filing at its finest, and this Court should not allow it.

POA respectfully asks the Court to deny Pitney's motion, to sanction Pitney's misconduct, and to award POA's attorneys' fees and costs for this matter. This is particularly troublesome when this Court has graciously offered to help all parties "avoid

Page 12 – RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

the need to file" these exact types of motions and then Pitney's has declined the Court's offer conduct an informal proceeding to resolve the issue.

DATED this 11th day of February, 2021.

BODYFELT MOUNT LLP                MANOLIO & FIRESTONE, PLC

By:  /s/ Jamison R. McCune            By:  /s/ Veronica L. Manolio
     Jamison R. McCune, OSB #135547         Veronica L. Manolio, AZ Bar No. 020230
     Email: mccune@bodyfeltmount.com        Email:  vmanolio@mf-firm.com
     Phone:  (503) 243-1022                 Phone:  (480) 222-9100
     *Local Attorneys for Plaintiff*        *Pro Hac Vice Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

       I hereby certify that I caused a true and correct copy of the foregoing to be served upon all counsel of record to this matter on this 11th day of February, 2021, via the Court's CM/ECF System.

Philip Van Der Weele, OSB #863650
Elizabeth White, OSB #204729
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Tel.: (503) 226-5727\Fax: (503) 248-9085
Email: phil.vanderweele@klgates.com
        Elizabeth.White@klgates.com
       Attorneys for Defendants

Jamison R. McCune, OSB #135547
BODYFELT MOUNT LLP
319 SW Washington St., Suite 1200
Portland, OR 97204
Tel: 503-243-1022
Email: mccune@bodyfeltmount.com
       *Local Attorney for Plaintiff*


By: __/s/ Janel Rubert____