Philip S. Van Der Weele, OSB #863650
Email: phil.vanderweele@klgates.com
Elizabeth White, OSB #204729
Email: elizabeth.white@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200/Facsimile: (503) 248-9085

Attorneys for Defendants Pitney Bowes Inc.,
Pitney Bowes Global Financial Services LLC,
The Pitney Bowes Bank, Inc., and Wheeler
Financial from Pitney Bowes Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION INC., an Oregon corporation,<br><br>        Plaintiff,<br><br>  v.<br><br>PITNEY BOWES INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation,<br><br>        Defendants. | Case No. 3:20-cv-00651-AC<br><br>**DEFENDANTS' SECOND MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF PACIFIC OFFICE AUTOMATION INC.**<br><br>**Oral Argument Requested** |

## L.R. 7-1 CERTIFICATION

Pursuant to L.R. 7-1, the undersigned counsel for Defendants certifies that he made a good faith effort to resolve the disputes described herein by numerous emails (not all of which are being filed along with this Motion) and by a telephone conference on January 20, 2021. (Declaration of Philip Van Der Weele in Support of Defendant's Second Motion to Compel filed herewith ("Van Der Weele Decl.") ¶ 4.)  The parties have not been able to resolve those disputes. Following the telephone conference on January 20, 2021, it was clear that the parties were already at an impasse as to some issues, and, as to those issues, Defendants filed their First Motion to Compel on January 28, 2021 (ECF No. 38).  As to the remaining issues for which the January 20 phone conference provided at least some hope of resolution, POA sent a vague and non-committal email on January 22.  (Van Der Weele Decl. ¶ 5; Ex. 1.)  PBI responded that same day, seeking clarifications and a timetable, but POA never responded to that January 22 email from PBI.  (*Id.* at ¶ 5.)  PBI sent another email January 27, comprehensively outlining the status of all issues.  (*Id.* at ¶ 6; Ex. 2.)  As of this date, POA has not responded to that January 27 email, either.  (*Id.* at ¶ 6.)

## MOTION

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 37, and L.R. 37-1, Pitney Bowes Inc. ("PBI") and the remaining defendants (together with PBI, "Defendants") move the Court for an Order compelling Plaintiff Pacific Office Automation Inc. ("POA") to provide 1) complete responses to Interrogatories 8-9 and 15-16 from Defendants' First Set of Interrogatories ("Interrogatories"); 2) complete responses to Requests 1-28, 30-32, and 34-35 from Defendants' First Set of Requests for Production ("RFPDs"); and 3) a privilege log.

Page 1 – MEMO ISO DEFENDANTS'
SECOND MOTION TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon  97204
Telephone: +1 503 228 3200

**MEMORANDUM**

## I. INTRODUCTION

This Motion arises out of the deficiencies of certain of POA's responses to Defendants' Interrogatories and to the Requests for Production of Documents as to which the parties have reached an impasse due to non-responsiveness by POA.[1] POA has not addressed any of the deficiencies that PBI began identifying promptly after POA's last document production on December 14, 2020; that the parties discussed in the January 20 meet-and-confer call; and that PBI followed up on thereafter to no avail, as described in the L.R. 7-1 Certification.[2] (*See id.* at ¶¶ 7-8.)

POA's failures to fulfill its discovery obligations fall into four categories:

1) POA did not provide the underlying documents and information in response to certain Interrogatories, in violation of FRCP 33(b)(3)'s requirement to answer Interrogatories "fully"; 2) POA did not comply with FRCP 34(b)(2)(E)(i)'s requirement that it provide either custodial information or "organize and label [documents] to correspond to the categories in the request"; 3) POA did not produce documents (or confirm it has none) following Defendants' having narrowed and clarified certain RFPDs; and 4) POA did not produce a privilege log.

---

[1] Defendants served a First Set of Interrogatories, consisting of 16 Interrogatories, and a First Request for Production of Documents ("RFPDs"), consisting of 36 RFPDs, on October 9, 2020. (Van Der Weele Decl., ¶¶ 9-10.) POA did not respond to the Interrogatories or to the RFPDs until nearly two months later, on December 4, 2020. Van Der Weele Decl. ¶¶ 11-12; Exs. 3 (POA's Interrogatory Responses) and 4 (POA's RFPD Responses). Therefore, POA has waived all objections to the Interrogatories and RFPDs. L.R. 26-5(a). On November 6, 2020, in response to an email from POA's counsel that same day, Defendants' counsel agreed to "discuss with [POA's counsel] a reasonable extension of time for POA to actually produce its documents, but I would, of course, like to hone in a specific date." As to the actual written responses to the Interrogatories and RFPs, which would contain objections, if any, Defendants' counsel stated: "If, however, you are planning to object to any of the document requests or interrogatories, I want to see those objections in writing on November 9 as required." Van Der Weele Decl. ¶ 13; Ex. 5 (emails between Plaintiff's counsel and Defendants' counsel). Nonetheless, POA did not provide its written responses until December 4, 2020, thereby waiving all objections.

[2] In footnote 1 of its First Motion to Compel (ECF No. 38), Defendants noted that certain issues relating to Defendants' Interrogatories and Requests for Production of Documents were still in the meet-and-confer process and that Defendants were reserving their right to bring a further motion to compel if those issues were not resolved.

Page 2 – MEMO ISO DEFENDANTS'
SECOND MOTION TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

## II.   ARGUMENT

### A.   Category 1 Failure: POA Has Failed to Answer Interrogatories 8-9 and 15-16 "Fully" as Required by FRCP 33(b)(3).

FRCP 33(b)(3) requires that each interrogatory must be answered "fully." POA has not answered the following Interrogatories "fully," and, where Defendants propounded a corresponding RFPD, POA has not produced in full documents responsive to the RFPDs.

#### 1.   Interrogatory 8 and RFPD 26

Interrogatory 8 asked for information regarding the "approximately $234,705" in costs POA incurred in "training for its staff" as alleged in the Complaint. (Van Der Weele Decl., Ex. 3 at 5; Complaint (ECF No. 1) at ¶ 57.) RFPD 26 asked POA to produce all documents supporting payment of that amount. (*Id.*, Ex. 4 at 13.)

In response to both of these queries, POA identified a spreadsheet it produced that was prepared for litigation purposes purporting to summarize training costs (POA000083). (*Id.* Ex. 3 at 5; Ex. 4 at 13.) In response to RFPD 26, POA committed to "additionally seek the backup documentation/evidence for this payment and supplement this response accordingly." (*Id.* Ex 4 at 13.) POA has failed, however, to produce or identify any of the back-up documentation that it used to create this spreadsheet. Without the back-up documentation, there is no way to verify the information on the spreadsheet or challenge any of the numbers on the spreadsheet, which forms part of the basis for POA's claim for damages.

#### 2.   Interrogatory 9 and RFPD 9

Interrogatory 9 requested a computation of each category of damages alleged by POA in the complaint, including specific information as to how the damages were computed and the date(s) the damages were incurred. (*Id.* Ex 3 at 5.) In response, as to one component of its alleged damages, POA identified "the $460,000 equipment purchase POA invested for the relationship" with PBI. (*Id.* Ex. 3 at 6.) POA has failed to produce the documents evidencing and/or underlying the equipment purchase or to otherwise identify those documents. Instead, in response to RFPD 9, which asked POA to produce all the documents it relied on in answering

Interrogatory 9, POA simply referred to its entire document production. (Van Der Weele Decl. Ex. 4 at 7.) That is nonsense. Only a tiny fraction of the more than 15,000 emails POA produced can possibly have anything to do with any equipment purchase, and POA is refusing to say which ones. Given that POA purchased millions of dollars of equipment from PBI, and that PBI has no way of knowing which equipment purchases POA is referring to, the Court should compel POA to produce and identify the documents that specifically relate to whatever this $460,000 purchase is.

### 3. Interrogatory 15 and RFPD 32

In response to Interrogatory 15, which requested information on leases of PBI equipment that POA arranged, including the identity of who financed the lease for the customer (*i.e.*, who bought the equipment from POA and then leased it to the customer), POA produced spreadsheets (POA000185-221), but those documents, which POA designated as "Attorneys Eyes Only," did not identify who financed the lease. (*Id.* Ex. 3 at 7.) Whether the lessors/financing entities involved in the transactions listed on these spreadsheets are the financing Defendants who are affiliated with PBI or unaffiliated third parties is critical information, because POA alleges that PBI impaired POA's ability to use unaffiliated third parties to finance leases for customers who wanted to lease PBI equipment.

In the subsequent meet-and-confer process, in order to both minimize the burden to POA and to clarify an ambiguity in POA's response, PBI asked POA simply to confirm, in response to both Interrogatory 15 and related RFPD 32 (*id.* Ex 4 at 15), that the entities that financed the leases on the spreadsheets were unaffiliated third parties  POA should be compelled to confirm this point, or, alternatively, identify who provided the financing.

### 4. Interrogatory 16

Defendants' Interrogatory No. 16 asked:

> **INTERROGATORY NO. 16**: Identify all "other competing brands" that POA excluded from its sales portfolio as a result of alleged misrepresentations and material omissions by Defendants (as alleged in paragraph 97(c) of the

Page 4 – MEMO ISO DEFENDANTS'
SECOND MOTION TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon  97204
Telephone: +1 503 228 3200

Complaint), including (a) the name of the competing brand, and (b) the date POA excluded such competitor from POA's sales portfolio.

(Van Der Weele Decl. Ex 3 at 7.) POA failed to fully answer this Interrogatory, because rather than identifying the brands POA excluded from its sales portfolio as a result of alleged misrepresentations and omissions by PBI and the date those brands were excluded, POA instead simply pointed to the paragraph in its Complaint where it identifies competing brands and said that they "include Neopost and Data-Pac." (*Id.* Ex 3 at 7.) That response says nothing about the who and the when of exclusion, or, indeed, whether POA ever sold those brands. Because that missing information is the very information needed to test the accuracy of POA's allegations that it forwent opportunities with these brands to become a dealer of PBI products, the Court should compel POA to provide the same.

### B. Category 2 Failure: Most of POA's RFPD Responses Do Not Comply with FRCP 34(b)(2)(E)(i).

FRCP 34(b)(2)(E) provides the procedures for "producing documents or other electronically stored information." Subsection (i) of this provision states that a "party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request" for production. POA has not done either.

First, as to the more-than-15,000 emails POA has produced, POA has not produced them as they are kept in the usual course of business, because POA has not provided "sufficient information about the email, typically including the custodian for the email, information to link emails with attachments, and the date and time the email was sent or received." David J. Kessler & Daniel L. Regard II, *The Federal Judges' Guide to Discovery* 186, 189 (3d ed. 2017) (describing what constitutes production of emails "in the usual course"). POA has not identified the custodian for any of the documents—whether emails or PDFs—it has produced. (Van Der Weele Decl. ¶ 14.)

Second, with a few exceptions not at issue here, POA also has failed to comply with the alternative way of satisfying FRCP 34(b)(2)(E)(i)—that is, POA has failed to identify the RFPD

Page 5 – MEMO ISO DEFENDANTS'
SECOND MOTION TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

number to which the PDFs and emails it produced are responsive. Instead, POA has, in response to most of the RFPDs, simply referenced the entirety of its production. Claiming that almost every document (whether PDF or email) produced is responsive to almost every RFPD does not meet the requirement in the rule to "organize and label [documents] to correspond to the categories in the request."

Defendants have, on multiple occasions, asked POA to identify either a custodian for the documents it produced *or* to specify the RFPD to which the document is responsive in those cases where POA has failed to do so. Because POA has not provided this information, Defendants seek precisely that relief from this Court as to the RFPDs discussed hereafter in two groups. The <u>first</u> group is the RFPDs that correspond to Interrogatories for which POA purported to rely on FRCP 33(d)(1) in its Interrogatory Responses: RFPDs 1, 2, 4-7 and 14. As to the documents produced in response to those RFPDs, the only means by which POA can comply with both FRCP 33(d)(1) and FRCP 34(b)(2)(E)(i) is by specifying the RFPD number (and hence the Interrogatory number, which will have the same number as the RFPD) to which each document responds. The <u>second</u> group is RFPDs not associated with those Interrogatories. As to the second group, POA can comply with FRCP 34(b)(2)(E)(i) by <u>either</u> providing custodial information *or* by <u>specifying</u> the RFPD number(s) to which each document is responsive. This second group consists of RFPDs 3, 8-13, 15-19, 21-25, 27-28, 31, and 34.

      **1.**      **The Court should compel POA to identify which documents are responsive to RFPDs 1, 2, 4-7 and 14 because those RFPDs correspond to Interrogatories for which POA relies on FRCP 33(d)(1).**

Defendants' first 16 RFPDs ask POA to "[p]roduce any and all Documents You relied upon in answering" each of Defendants' 16 Interrogatories. (Van Der Weele Decl. Ex 4 at 5-9) As outlined in Defendants' previous motion to compel, POA relied on FRCP 33(d)(1) in responding to a number of Interrogatories by purporting to specify documents responsive to the Interrogatories. POA failed to comply with the requirement of FRCP 33(d)(1) that it "specify[] the records" responsive to those Interrogatories "in sufficient detail to enable the interrogating

Page 6 – MEMO ISO DEFENDANTS'
SECOND MOTION TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon  97204
Telephone: +1 503 228 3200

party to locate and identify them as readily as the responding party could." For Interrogatories 1, 2, 4, 5(a)-(c) and 6(a)-(c) POA provided only "examples of" or a "number of" responsive documents instead of identifying <u>all</u> documents responsive to these Interrogatories. *See* ECF No. 38 at 3-5. For Interrogatory 7, POA provided some document names but failed to provide sufficient detail to allow Defendants to locate and identify those documents. *Id.* at 5. For Interrogatory 14, POA failed to provide information about certain transactions in the spreadsheets it identified, instead incorrectly asserting that PBI can access and identify the information as easily as POA can. *Id.* at 8-9.

In order to rely on FRCP 33(d)(1) for these Interrogatories, POA must also identify the specific documents responsive to each of the RFPDs corresponding to those Interrogatories: RFPDs 1, 2, 4-7, and 14. Put another way, POA cannot satisfy its obligations under FRCP 34(b)(2)(E)(i) merely by identifying the custodial information for documents produced in response to these RFPDs, because it has committed, by relying on FRCP 33(d)(1), to identifying the *specific* documents responsive to each of the Interrogatories.

> **2.  For documents not covered by B-1 above, the Court should compel POA to comply with either of the two options permitted under FRCP 34(b)(2)(E)(i).**

A party making a production has the option under FRCP 34(b)(2)(E)(i) of either producing the documents as kept in the usual course of business or organizing and labeling them to correspond to the requests. In response to RFPDs 3, 8-13, 15-19, 21-25, 27-28, 31, and 34, POA has done neither. As to the first option, as noted above, POA has not produced the documents as kept in the usual course of business, because, at a minimum, POA has not provided any custodial information whatsoever. As to the second option, POA's designations of what documents are responsive to what requests are so overbroad as to be meaningless. For RFPDs 3, 8-13, 15-19, 21-25, 27-28, 31, and 34, POA responded with one of the following statements, or some slight variation thereof:

- "Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email

Page 7 – MEMO ISO DEFENDANTS'
SECOND MOTION TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

- communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**." (Van Der Weele Decl. Ex 4 at 5-9.)

- "See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**." (*See, e.g. id* at 9-10.)

- "To the extent that any such Documents exist, they should be included in the documents produced via Dropbox." (*See, e.g. id* at 11, 13 (slight variation), 14 (slight variation).)

- "POA has preliminarily disclosed such information in the documents produced via Dropbox." (*Id.* at 15.)

In short, in response to these RFPDs, POA either impermissibly cited the entirety of its production—consisting of thousands of emails and documents—as responsive to the RFPD or told Defendants to determine for themselves which documents and emails are responsive to which RFPDs, and, indeed, to determine if any responsive documents exist *at all*. Even where POA "expressly include[d]" certain documents from its production, as in POA's response to RFPD 19 (*id.* at 10), POA did not identify the complete set of documents and emails responsive to each RFPD. POA's vague and incomplete responses fail to provide the required information to Defendants under FRCP 34(b)(2)(E)(i). POA should be compelled to provide, for each RFPD identified herein, either the RFPD number in response to which each document is produced or custodial information for the document or email.

### 3.  POA's Response to RFPD 30 is deficient on multiple grounds.

RFPD 30 asked POA to produce documents evidencing its "communications or negotiations with any entity other than PBI to become an authorized dealer of postage meters, including but not limited to Neopost, Francotyp Postalia and Data-Pac." (*Id.* Ex. 4 at 14.) POA responded that it is "presently unaware of any additional responsive documents, other than communications with legal counsel," regarding the communications RFPD 30 requests. (*Id.*) By this response, POA is in effect relying on its entire document production in answering the RFPD. But that response does not comply with FRCP 34(b)(2)(E)(i), as outlined in Section II.B.2, *supra* at 7-8, because it does not identify which specific documents, out of the thousands POA produced, are responsive to this request. In addition, wholly apart from the fact that POA has

failed to produce a privilege log, POA's reference to privileged documents shows that it has not produced responsive documents. The RFPD specifically asks for communications with other entities—communications which cannot possibly be privileged even if the communication is between a lawyer representing POA and a lawyer representing one of the other entities.

    C.    **Category 3 Failure: Wholly Apart from 34(b)(2)(E)(i), POA's Responses to RFPDs 20 and 35 Are Deficient.**

Defendants have narrowed and clarified RFPDs 20 and 35 in a way that will facilitate a response from POA, but POA has failed to properly respond.

    1.    **RFPD 20**

RFPD 20 asked POA for all documents related to a particular purchase order between POA and PBI. (Van Der Weele Decl. Ex. 4 at 10.) In response to a request for clarification, Defendants stated that they seek certain financial information related to the purchase order, along with communications (internal or with PBI) about the prospective application of the terms of the purchase order and documents sufficient to show the customers of the products listed in the purchase order.

Despite this clarification, which Defendants intended to narrow the focus of the RFPD and reduce POA's burden in responding, POA has failed to supplement its original response, which stated, much like others outlined in this motion, that "[t]o the extent that any such Documents exist, they are included in the documents produced via Dropbox." *(Id.)* POA should be compelled to produce and identify documents responsive to Defendants' narrowed RFPD 20, or state that no such documents exist.

    2.    **RFPD 35**

RFPD 35 asked POA to produce documents sufficient to show the sales volumes of companies identified in response to one Interrogatory for products identified in response to another Interrogatory, as well as documents related to those companies' market shares in the "postal equipment market" alleged by POA in its Complaint. (*Id.* Ex. 4 at 16.) In answer to POA's response that this information should be the subject of third-party discovery (*id.* Ex 4 at

Page 9 – MEMO ISO DEFENDANTS'
SECOND MOTION TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

16), Defendants clarified that they are seeking only information in the custody or control of POA, as POA made allegations regarding market shares in its Complaint. *See, e.g.*, Complaint (ECF No. 1) at ¶¶ 6, 37, 106. With this clarification, POA should be compelled to produce whatever documentation it has in its custody or control regarding market shares or that it used to support its allegations regarding market shares, or state that it has no such documentation to support its allegations.

    **D.**  **Category 4 Failure: POA Has Failed to Provide a Privilege Log.**

In response to RFPD 19 POA also stated that it "is drafting a privilege log [] to identify privileged information (and will produce it)." (Van Der Weele Decl. Ex. 4 at 10.) Such a log is also required by FRCP 26(b)(5)(A). POA has thus far failed to produce a privilege log or say when it will do so. POA should be compelled to produce a privilege log.

**III.**  **REQUEST FOR ATTORNEY'S FEES**

Without waiving its right to seek attorney's fees under any other law, including under section 6.05(1) of the Dealer Agreement, Defendants respectfully request, pursuant to FRCP 37(a)(5), an order requiring POA and/or POA's attorneys to pay Defendants' reasonable expenses incurred in making this motion, including attorney's fees.

DATED this 3rd day of March, 2021.

            K&L GATES LLP

            By:  s/Philip S. Van Der Weele
                Philip S. Van Der Weele, OSB # 863650
                Email: phil.vanderweele@klgates.com
                Phone: (503) 228-3200
                Elizabeth White, OSB #204729

            Attorneys for Defendants Pitney Bowes Inc., Pitney Bowes Global Financial Services LLC, The Pitney Bowes Bank, Inc., and Wheeler Financial from Pitney Bowes Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March, 2021, I caused to be served a copy of the foregoing DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES FROM PLAINTIFF PACIFIC OFFICE AUTOMATION INC., upon all counsel of record via the Court's CM/ECF electronic service system.

>Jamison R. McCune, OSB #135547
>Email: mccune@bodyfelfmount.com
>BODYFELT MOUNT LLP
>319 SW Washington St., Suite 1200
>Portland, OR 97204
>Tel: 503-243-1022
>
>*Attorney for Plaintiff*
>
>Veronica L. Manolio, *admitted pro hac vice*
>Email: vmanolio@mf-firm.com
>MANOLIO & FIRESTONE, PLC
>8686 E. San Alberto Dr., Suite 200
>Scottsdale, AZ 85258
>Tel: 480-222-9100
>
>*Attorneys for Plaintiff*

DATED this 3rd day of March, 2021.

>s/Philip S. Van Der Weele
>Philip S. Van Der Weele, OSB #863650