Jamison R. McCune, OSB No. 135547
mccune@bodyfeltmount.com
**BODYFELT MOUNT LLP**
319 SW Washington Street, Suite 1200
Portland, Oregon 97204
(503) 243-1022
*Of Attorneys for Plaintiff*

Veronica L. Manolio, AZ Bar No. 020230
vmanolio@mf-firm.com
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
*Pro Hac Vice Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation,<br><br>                              Plaintiff,<br><br>        v.<br><br>PITNEY BOWES, INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation,<br><br>                              Defendants. | Case No. 3:20-cv-00651-AC<br><br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES FROM PLAINTIFF PACIFIC OFFICE AUTOMATION, INC.** |

Pacific Office Automation, Inc. ("POA") now submits its Response to the Second

Motion to Compel Further Responses to Interrogatories ("Motion") filed by Defendants

Pitney Bowes, Inc., et al. ("Pitney") (Doc. 43) and respectfully requests that the Court

Page 1 – RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL

deny the Motion because: (i) the Motion is entirely unnecessary – POA is providing both the Fed. R. Civ. P. 34 custodial information and a privilege log, and POA has already made those assurances to Pitney; (ii) the Motion was again filed inappropriately seeking to enforce contention interrogatories specifically not allowed under Local Rule 33-1(d); and (iii) again, POA provided fulsome and accurate responses to the interrogatories. Pitney instructed POA that it was not necessary to provide written responses to the Requests for Production, that the documents would be sufficient.   Now, Pitney is attempting to enforce sanctions because POA followed Pitney's instructions.

This Second Motion just compounds the inappropriate and unwarranted nature of Pitney's first Motion to Compel.  POA has fully answered the discovery and justifiably explained to Pitney why its Motion was inappropriate and unwarranted.   Instead of waiting on the Court's ruling on the first Motion, and without any communication to POA, Pitney compounded the burden to the Court and parties, and went ahead and filed this second Motion on issues that POA has already confirmed would be addressed.

## RESPONSIVE MEMORANDUM

## I.    INTRODUCTION

Pitney's Motion should be denied because POA has complied with its discovery obligations in good faith.  After POA provided a timeline for discovery responses and documentation, Pitney represented to POA that no written response was necessary, and all Pitney expected was "fulsome" production and confirmed its openness to the rolling production of documents.  *See* POA's Exhibit 1 to Doc. 42.  On December 4 and 14, 2020, POA then provided the documents and written responses to Pitney's First Set of Interrogatories.  POA has repeatedly told Pitney that information is forthcoming and that POA would cooperate as fully as it could.  POA is continuing to look for and locate responsive documentation for various requests, and POA will promptly provide responses

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

when processed and received.  Pitney's Motion to Compel should be denied because POA has complied with its discovery obligations in good faith.

## II.      LAW AND ARGUMENT

### A.      POA will be sending Custodial Information and Privilege Log before this Motion is heard by the Court, POA has already communicated that to Pitney prior to this Motion.

#### 1.      Category 2: Custodial Information

It is unclear why Pitney felt compelled to file the present Motion despite discovery progressing.  Additionally, the custodial information as requested with details will be provided as POA has already indicated to Pitney.  Pitney filed this Motion without any follow-up on this despite receiving confirmation that both would be provided.

#### 2.      Pitney's Category 4: Privilege Log

Regarding the Privilege Log, the truth of the matter is that there are not extensive privileged communications.  There are maybe five total emails which were found to be privileged.  POA was exceedingly cautious in asserting privilege over the disclosure, to the point that potentially privileged communications inadvertently made it into the discovery batch.  In fact, Pitney identified two additional email chains which contained privileged information.  Those have since been added to the very limited log and are being produced.  There was no need for the present Motion, as POA has consistently cooperated on this issue.

### B.      Regarding Category 2, Pitney's Motion to Compel Should be Denied Due to the Motion being Unnecessary as POA followed Pitney's Instructions on How to Provide Responses to Discovery and Exceeded POA's Obligations.

Pitney's category 2 concerns and Pitney's continued insistence on Fed. R. Civ. P. 34(b)(2)(E)(i) responses have already been addressed in POA's Response to Motion to

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

Compel (Doc. 42).  As stated previously, Pitney is acting contrary to its own written words.

To reiterate, Pitney explicitly stated that written responses were not required.  In his November 20, 2020 email, Pitney's counsel stated:

> "If you are referring to a written response to PBI's First Request for Documents, please be advised <u>that no such written response is necessary</u>, because POA has waived all objections.  All that remains is for you to provide the 'fulsome' production promised in your November 6 email.  Similarly, if you are referring to a written response to PBI's First Set of Interrogatories other than answering the interrogatories themselves, no such response is necessary, because, again, POA has waived all objections.
>
> "If, by 'discovery responses' you mean the actual production of documents, it is fine if you would like to produce them on a rolling basis."

(Emphasis added.)  *See* POA's Exhibit 1 to Doc. 42.

POA is not acknowledging Pitney's incorrect statement about Fed. R. Civ. P. 34, which does not provide that a responding party waive an objection not timely stated. *Compare* Fed. R. Civ. P. 33(b)(4), *with* Fed. R. Civ. P. 34(b)(2)(C).  Nevertheless, in order to further Pitney's formalistic procedural agenda, Pitney is attempting to frame POA's responses as insufficient.  Pitney's gamesmanship is further indicative of the lack of good faith and its one-sided attempts to assert these issues before the Court, without any reasonable solutions presented.  Instead, POA went above and beyond and still provided the documents along with written responses to assist Pitney.

Accordingly, Pitney's Motion to Compel should be denied due to the failure of Pitney to comply with its obligations to engage in a good faith effort to resolve any discovery dispute.

/ / /

/ / /

Page 4 – RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL

**C.**    **The Fed. R. Civ. P. Rule 33(b)(3) Burden was Met by POA, POA Answered the Interrogatories in Detail, and is Continuing to Supplement as Discovery Continues.**

A complete reading of POA's responses to Interrogatory Nos. 8-9 and 15-16 demonstrates that POA has provided more than adequate responses.

      1.    <u>Regarding Interrogatory 8 and RFPD 26, POA has Fully Complied and is Continuing to Comply with its Disclosure Obligations.</u>

POA provided a detailed identification of the relevant spreadsheet summarizing training costs associated with training for its staff to comply with Pitney requirements. POA confirmed that it would continue to look for supporting documentation and will supplement accordingly as soon as it receives the full information.  POA is fully complying with its disclosure obligations and will continue to do so as it has told Pitney throughout this litigation.

      2.    <u>Regarding Interrogatory 9 and RFPD 9, POA has Fully Complied and is Continuing to Comply with its Disclosure Obligations.</u>

Pitney's Contention Interrogatories have already been addressed in POA's Response to Motion to Compel (Doc. 42).  As stated previously, Pitney's motion is predicated on contention interrogatories, which are prohibited under Local Rule 33-1(d). Again, POA would first like to address the fact that Pitney's waiver to objections contention is wrong.

POA provided Pitney with a clear timeline of discovery and disclosure and that is still ongoing.  Yet, Pitney continues to ask a contention interrogatory, seeking POA to provide a computation of each category of damages alleged by POA well before the end of disclosure.  POA has consistently stated that supporting documentation will be disclosed as it is provided.

/ / /

/ / /

Page 5 – RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

3.      Regarding Interrogatories 15 and 16, POA Fully Answered and
Provided Responsive Information.

Regarding Interrogatory 15, Pitney is now asking whether the "PBI" referenced in POA's response is intended to be a reference to all Defendants or to Pitney Bowes Inc. only.  POA's response is full and clear.  This "clarification" is nothing but gamesmanship.

Regarding Interrogatory 16, Pitney asks POA to "identify all 'other competing brands' that POA excluded from its sales portfolio as a result of alleged misrepresentations and material omissions by Defendants."  Paragraph 33 of the Complaint states that:

> "33.    The U.S. Postal Service has limited authorization for the production of postage meters and postage to a few companies: Neopost, Francotyp Postalia, Data-Pac, and Stamps.com."

Pitney has subsequently requested, in email, for POA to:

> "confirm whether POA alleges it was selling/leasing Neopost and/or Data-Pac products before it entered into the Dealer Agreement and, if so, to provide the dates on which POA alleges it stopped selling/leasing Neopost and Data-Pac products."

POA has fully responded to this interrogatory; it will continue to provide disclosure for any information it finds that will provide clarification.  Neither clarification of fully answered interrogatories requires a motion to compel.

**D.      Regarding POA's Responses to RFPDs 20 and 35, Pitney's Motion to Compel Should be Denied Because POA has Complied in Good Faith with its Discovery Obligations.**

POA provided a complete response to RFPD 20; POA stated again that it was unaware of any additionally responsive documents but will supplement this response should something additional be discovered.  POA then promised in full cooperation to

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

locate financial documentation and/or payment information demonstrating its payment for those items purchased from PBI under the Purchase Order listed and supplement this response when that is obtained. Nothing has changed in POA's intentions to cooperate with this; hence, why POA said so in its discovery response.

Regarding RFPD 35, POA has stated consistently that POA is not in the custody or control of documentation of third parties and does not have access to provide the "sales volume" of those third parties. This is information to be obtained by third-party discovery. POA has encouraged Pitney to file third-party subpoenas for that information. POA has fully met its discovery obligations, and it is unclear what Pitney is asking for in relief, as POA has consistently stated POA is not in possession of the requested information. You cannot squeeze discovery from a turnip, and that is all Pitney is attempting to do here.

## III.    CONCLUSION

Instead of briefing a Reply to Pitney's Motion to Compel (Doc. 38),[1] Pitney filed this additional Motion to Compel on similar issues. This again is a series of tactics not concerned with the merits of the substantive issues. It is clear that the parties cooperated on all significant issues of discovery. This remains an unnecessary filing.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] Local Rule 26-3(c) does not allow for replies in support of discovery motions without leave of Court.

Page 7 – RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

POA respectfully asks the Court to deny Pitney's motion, to sanction Pitney's misconduct, and to award POA's attorneys' fees and costs for this matter. This is particularly troublesome when this Court has graciously offered to help all parties "avoid the need to file" these exact types of motions and then Pitney's has declined the Court's offer to conduct an informal proceeding to resolve the issue.

Respectfully submitted this 16th day of March, 2021.

BODYFELT MOUNT LLP                          MANOLIO & FIRESTONE, PLC

By:   s/ Jamison R. McCune                  By:   s/ Veronica L. Manolio
    Jamison R. McCune, OSB #135547          Veronica L. Manolio, AZ Bar No. 020230
    Email: mccune@bodyfeltmount.com         Email: vmanolio@mf-firm.com
    Phone:  (503) 243-1022                  Phone:  (480) 222-9100
    *Local Attorney for Plaintiff*          *Pro Hac Vice Attorney for Plaintiff*

Page 8 – RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO COMPEL

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused a true and correct copy of the foregoing to be served upon all counsel of record to this matter on this 16th day of March, 2021, via the Court's CM/ECF System.

Philip Van Der Weele, OSB #863650
Elizabeth White, OSB #204729
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, OR 97204
Tel.: (503) 226-5727\Fax: (503) 248-9085
Email: phil.vanderweele@klgates.com
        Elizabeth.White@klgates.com
        *Attorneys for Defendants*

Veronica L. Manolio
MANOLIO & FIRESTONE, PLC
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
Tel.: (480) 222-9100
Email: vmanolio@mf-firm.com
        *Pro Hac Vice Attorney for Plaintiff*

Dated this 16th day of March, 2021.

BY:    s/ Jamison R. McCune
       Jamison R. McCune, OSB No. 135547
       Email: mccune@bodyfeltmount.com
       Phone: (503) 243-1022
       Fax: (503) 243-2019

       Of Attorneys for Plaintiff

BODYFELT MOUNT LLP
Attorneys at Law
319 SW Washington Street, Suite 1200
Portland OR 97204
Phone: 503-243-1022 Fax: 503-243-2019