Philip S. Van Der Weele, OSB #863650
Email: phil.vanderweele@klgates.com
Elizabeth White, OSB #204729
Email: elizabeth.white@klgates.com
K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon  97204
Telephone:   +1 503 228 3200
Facsimile:    +1 503 248 9085
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION INC., an Oregon corporation,<br><br>      Plaintiff,<br><br>  v.<br><br>PITNEY BOWES INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation,<br><br>      Defendants. | Case No. 3:20-cv-00651-AC<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR SECOND MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF PACIFIC OFFICE AUTOMATION INC.** |

DEFENDANTS' REPLY
IN SUPPORT OF THEIR SECOND MOTION TO
COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon  97204
Telephone: +1 503 228 3200

I.  **INTRODUCTION**

POA's Opposition to Defendants' Second Motion to Compel (Doc. 47) contains three omissions that make statements contained therein misleading.  <u>First</u>, Plaintiff omits two critical sentences from a November 22, 2020 email by Defendants' counsel that Plaintiff quotes from in its Opposition.  When those two sentences are included, as they must be, the email says exactly the opposite of what Plaintiff contends the email says.  <u>Second</u>, although Plaintiff says that it has given assurances to provide certain information regarding its document production, Plaintiff omits to say (1) that it gave those assurances on January 22, 2021, more than a month before Defendants filed their Second Motion to Compel; and (2) that even now, two months later, Plaintiff still has not provided that information or said when it is going to do so.  <u>Third</u>, in saying that it is going to (at some unspecified time) provide custodial information about documents, Plaintiff omits to say that such custodial information is insufficient to address the deficiencies in Plaintiff's Interrogatory responses for which it relies on FRCP 33(d).

II.  **ARGUMENT**

    A.  **Plaintiff Misstates Defendants' Position on Compliance with FRCP 34(b)(2)(E)(i) by Omitting Two Critical Sentences from the Email that Plaintiff Quotes on Page 4 of its Opposition.**

In its Opposition, Plaintiff argues that Defendants excused Plaintiff from its obligation under FRCP 34(b)(2)(E)(i) either to provide custodial information about documents produced or to designate the document Request(s) to which produced documents responded.  (Opp'n at 3-4.)  If that argument were correct, then Defendants' Second Motion to Compel would be hypocritical indeed, or, as Plaintiff puts it, "Pitney is acting contrary to its own written words."  (*Id.* at 4.)  In support of its position, Plaintiff quotes selectively from a November 22, 2020, email from

Page 1 – DEFENDANTS' REPLY IN SUPPORT OF THEIR SECOND MOTION TO COMPEL

Defendants' counsel. (Opp'n at 4.)[1] But Plaintiff omits critical sentences at the beginning and at the end of its quotation - sentences that make the email say precisely the opposite of what Plaintiff claims it says. What follows is the relevant language as it actually appears in the November 22 email, with the sentences that Plaintiff quoted in its Opposition in black, and the sentences that Plaintiff omitted from its Opposition in red:

> Turning to an issue raised by your November 20 email that does require further discussion, I am unclear what you mean by the term "discovery responses." If you are referring to a written response to PBI's First Request for Documents, please be advised that no such written response is necessary, because POA has waived all objections. All that remains is for you to provide the "fulsome" production promised in your November 6 email. Similarly, if you are referring to a written response to PBI's First Set of Interrogatories other than answering the interrogatories themselves, no such response is necessary, because, again, POA has waived all objections.
>
> If, by "discovery responses" you mean the actual production of documents, it is fine if you would like to produce them on a rolling basis. Please ensure that each such production indicates to which request(s) the produced documents are responsive, or, if the documents are being produced as kept in the ordinary course of business, please provide the requisite custodial/source information.

*See* Doc. 42-1, Exhibit 1 at 1. The additional sentences demonstrate that Defendants did not "instruct" Plaintiff that it did not have to comply with FRCP 34(b)(2)(E)(i); rather, Defendants expressly insisted on such compliance.

---

[1] Plaintiff incorrectly cites the date of the email as November 20, 2020, but in fact it was sent on November 22, 2020, in response to a November 20 email from Plaintiff's counsel. (*See* Doc. 42-1, Exhibit 1 at 1.)

**B.    Plaintiff Has Not Followed Up on its "Assurances" Regarding Custodial Information for Months.**

In contradiction of its own argument that Defendants instructed Plaintiff not to comply with FRCP 34(b)(2)(E)(i), Plaintiff argues that Defendants Second Motion to Compel was unnecessary, because of "assurances" Plaintiff has made it will provide custodial information to Defendants "before this [Second] Motion [to Compel] is heard by the Court." (Opp'n at 3.) Plaintiff fails to say, however, that it made that "assurance" on January 22, 2021,[2] and that Defendants waited for more than a month of silence from Plaintiff before filing the Second Motion to Compel. Even now, two months later, Plaintiff has neither provided custodial information nor said when it will do so.

**C.    Plaintiff Fails to Acknowledge that Custodial Information Is Not Sufficient for the Document Requests Corresponding to the Interrogatories to Which Plaintiff Responded by Relying on FRCP 33(d).**

Even though Plaintiff relies on assurances it has made that it will provide custodial information regarding its document production, Plaintiff fails to acknowledge that custodial information is not an option for certain document Requests. For document Requests 1, 2, 4-7 and 14, Plaintiff must specifically identify which documents respond to those Requests. The reason is that those document Requests correspond to Interrogatories bearing the same numbers, and Plaintiff chose to respond to those Interrogatories by relying on FRCP 33(d)(1) in its responses, instead of providing a narrative response. Having relied on FRCP 33(d)(1) for its responses to Interrogatories 1, 2, 4-7 and 14, Plaintiff must identify the specific documents it is relying on to respond to those Interrogatories.[3]

\ \ \

---

[2] Doc. 44-1, Exhibit 1 at 1-2.

[3] Plaintiff's failure to fulfill its obligations under FRCP 33(d)(1) as to a number of its Interrogatory responses is the subject of Defendants' First Motion to Compel. (Doc. 38.)

DATED this 22nd day of March, 2021.

                                            K&L GATES LLP

                                   BY:    s/Philip Van Der Weele
                                                      Philip Van Der Weele, OSB # 863650
                                                      Email: phil.vanderweele@klgates.com
                                                      Elizabeth White, OSB #204729
                                                      Email: elizabeth.white@klgates.com

                                           Of Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of March, 2021, I caused to be served a copy of the foregoing DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR SECOND MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS FROM PLAINTIFF PACIFIC OFFICE AUTOMATION INC. upon all counsel of record via the Court's CM/ECF electronic service system.

>Jamison R. McCune, OSB #135547
>Email: mccune@bodyfelfmount.com
>BODYFELT MOUNT LLP
>319 SW Washington St., Suite 1200
>Portland, OR 97204
>Tel: 503-243-1022
>　　*Attorneys for Plaintiff*
>
>Veronica L. Manolio, *admitted pro hac vice*
>Email: vmanolio@mf-firm.com
>MANOLIO & FIRESTONE, PLC
>8686 E. San Alberto Dr., Suite 200
>Scottsdale, AZ  85258
>Tel: 480-222-9100
>　　*Attorneys for Plaintiff*

DATED this 22nd day of March, 2021.

>　　　　　　s/Philip Van Der Weele
>　　　　　　Philip Van Der Weele, OSB #863650