UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION INC., an Oregon corporation,<br><br>      Plaintiff,<br><br>v.<br><br>PITNEY BOWES INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation,<br><br>      Defendants. | Case No. 3:20-cv-00651-AC<br><br>FINDINGS AND RECOMMENDATION |

ACOSTA, Magistrate Judge:

  Plaintiff Pacific Office Automation, Inc. ("Pacific") initiated antitrust litigation against defendants Pitney Bowes Inc.; Pitney Bowes Global Financial Services LLC; The Pitney Bowes Bank, Inc.; and Wheeler Financial From Pitney Bowes Inc. (collectively "Pitney") for breach of

contract. Pitney moves for leave to file an amended answer asserting a counterclaim ("Motion"). For the following reasons, the Motion should be granted.

*Background*

On June 30, 2016, Pitney and Pacific entered into the PBI – Dealer Agreement, a contract under which Pitney appointed Pacific as an authorized "dealer" of Pitney products ("Dealer Agreement"). (Compl., ECF. No. 1, Ex. 1, at 1.) On April 20, 2020, Pacific filed suit against Pitney, alleging Pitney "used [Pacific's] customer information to solicit sales and services, and Pitney Bowes telemarketers regularly called [Pacific] customers to attempt to market sales, upgrades, supplies, and services" in breach of the Dealer Agreement. (Compl. ¶ 16.) Pacific alleged Pitney engaged in "anticompetitive" and "predatory" misconduct. (*Id.* ¶ 18.) On June 20, 2020, Pitney filed their answer, in which they did not raise any counterclaims, but reserved the right to assert additional claims. (Defs.' Answer, ECF No. 19, at 20.) On October 1, 2020, this court issued a scheduling order setting January 15, 2021, as the deadline for amending pleadings. (Scheduling Order, ECF No. 31.)

Pitney subsequently decided to assert a counterclaim alleging Pacific also breached the Dealer Agreement. After communications with Pacific and an unsuccessful effort to obtain Pacific's consent to amend their answer, Pitney filed the Motion on January 7, 2021. (Defs.' Mot., ECF No. 32, ¶¶ 1-4.) The Motion sought leave to amend Pitney's original answer, adding a counterclaim alleging Pacific breached the Dealer Agreement "by selling and/or leasing [competitor's] products to customers who had been, up to the time of [Pacific's] sale or lease to them of [competitor's] products, customers of [Pitney]." (*Id.* Ex. 1, at 20 ¶ 2.) On January 21, 2021 Pacific filed its response in opposition to the Motion. (Pl.'s Resp. in Opp'n to Defs.' Mot., ECF No. 34 ("Pl.'s Resp.").) Pitney replied on January 22, 2021. (Defs.' Reply, ECF No. 36.)

Page 2 – FINDINGS AND RECOMMENDATION

*Legal Standard*

Amendments to pleadings are governed by Federal Rule of Civil Procedure 15(a), which states "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2) (2019). The court recognizes that leave to amend should be granted with "extreme liberality." *Eminence Cap., LLC. v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations and quotations omitted); *see also Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). The Ninth Circuit has held a number of factors may bear on whether to grant leave to amend, such as: (1) prejudice to the nonmoving party[1]; (2) bad faith by the moving party; and (3) whether the amendment would be futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). Courts may also consider whether the moving party has previously been granted leave to amend. *Nunes*, 375 F.3d at 808.

*Preliminary Procedural Matter*

Pacific argues that Pitney has not demonstrated it omitted the counterclaim from its answer "through oversight, inadvertence, or excusable neglect," as required by Federal Rule of Civil Procedure 13(f). (Pl.'s Resp. at 2, quoting FED. R. CIV. P. 13(f) (2008) (repealed 2009).) Rule 13(f), however, was deleted in 2009 out of concern it was "redundant and potentially misleading." Committee Notes on Rules - 2009 Amendment. Accordingly, the court finds this procedural argument without merit and is not an obstacle to Pitney's request to amend its answer.

\\\\\

---

[1] Courts sometimes consider "undue delay" as a separate factor. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004); *Desertrain*, 754 F.3d 1154. This court considers undue delay as an aspect of prejudice to the nonmoving party. *Axial Vector Engine Corp. v. Transporter, Inc.*, No. 05–1469–AC, 2008 WL 4547795, at *4 (D. Or. Oct 9, 2008).

*Discussion*

It is well-settled law that a liberal standard is applied to motions for leave to amend, that application constrained only where the amendment is prejudicial, in bad faith, or futile, but Pacific has not demonstrated the presence of any of these three factors. Because the Motion is Pitney's first request to amend their answer, there is less cause to deny its request to amend.

I.      Prejudice

Pacific claims prejudice to the opposing party "is not the test" upon which leave to amend is decided. (Pl.'s Resp. at 3.) The contrary is true, however, as "[u]ndue prejudice to the opposing party carries the greatest weight in determining a motion to amend." *Axial Vector Engine Corp.*, 2008 WL 4547795, at *4; *see also Eminence Cap., LLC*, 316 F.3d at 1052. The Ninth Circuit disfavors district court denial of leave to amend when the opposing party "suffer[s] no significant prejudice from amendment." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 575 (9th Cir. 2020) (holding district court abused its discretion when it denied plaintiff's leave to amend without explanation in the absence of prejudice to defendant).

A need to reopen discovery, a delay in the proceedings, or the addition of complaints or parties are indicators of prejudice. *See, e.g., Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming district court's denial of motion to amend pleadings filed five days before close of discovery where additional causes of action would have required additional discovery, prejudicing defendant and delaying proceedings); *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (holding addition of complaints was prejudicial); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (holding court did not abuse its discretion in denying motion to amend on grounds of undue delay and prejudice where motion made "on the eve of the discovery deadline . . . would have required re-opening

discovery, thus delaying the proceedings"). Here, the court addressed scheduling and timing factors by ordering all amendments to pleadings be filed by January 15, 2021. (Scheduling Order.) Pitney filed the Motion before this deadline, on January 7, 2021, and three months before the April 23, 2021 discovery deadline. (*Id.*) As Pitney stated, no depositions had been conducted at the time the Motion was filed, "so the amended pleading will not require deposing anyone a second time." (Defs.' Mot. at 3.)

The court finds the amendment will not be prejudicial to Pacific. This factor weighs heavily in favor of granting the Motion.

II.     Bad Faith

Bad faith in filing a motion for leave to amend exists when the addition of new legal theories is baseless and presented for the purpose of prolonging the litigation, *see Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999), or when the adverse party offers evidence that shows "wrongful motive" on the part of the moving party, *see DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Though Pacific claims the Motion is "nothing more than gamesmanship" (Pl.'s Resp. at 2), it fails to support this claim. Rather than putting forth evidence of Pitney's bad faith, Pacific instead relies on an abrogated Rule of Civil Procedure, Rule 13(f). Pacific argues that because Pitney's counterclaim is compulsory, it is only permissible "if that counterclaim was originally omitted 'through oversight, inadvertence, or excusable neglect.'" (*Id.*, quoting FED. R. CIV. P. 13(f) (repealed 2009).) Though Pitney agrees their counterclaim is compulsory, they correctly state the Rule 13(f) standard is obsolete and Rule 15(a) is "the exclusive standard governing amendments to pleadings." (Defs.' Reply at 2.)

Pitney explains it had to seek amendment "relatively close to the . . . [amendment] deadline" because only then did they learn Pacific was not amending its complaint. (Defs.' Reply

Page 5 – FINDINGS AND RECOMMENDATION

at 3.) Pitney filed the Motion just two days after learning Pacific was not amending its claim and just one day after Pacific declined to consent.

The court finds no evidence of bad faith. This factor weighs in favor of granting the Motion.

### III. Futility

"The test for futility 'is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6).'" *Sarkizi v. Graham Packaging Co.*, No. 1:13–cv–1435–AWI–SKO, 2014 WL 2506600, at *6 (E.D. Cal. June 3, 2014) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (*impliedly overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009))). Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a claim where the opposing party asserts "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (2019). Pacific makes no such assertion. Pitney's proposed counterclaim is for breach of contract, and it identifies the specific section of the Dealer Agreement Pacific allegedly breached and the specific actions Pacific allegedly took in breach.

Pitney's counterclaim is not futile. This factor weighs in favor of granting the Motion.

### *Conclusion*

For the reasons stated, Pitney's motion for leave to file an amended answer (ECF No. 32) should be GRANTED.

### *Scheduling Order*

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due within seventeen (17) days. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then a response is due within seventeen (17) days after being served with a copy of the objections. When the

Page 6 – FINDINGS AND RECOMMENDATION

response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED this 8th day of June, 2021.

JOHN V. ACOSTA
United States Magistrate Judge