Philip S. Van Der Weele, OSB #863850
Email: phil.vanderweele@klgates.com
Elizabeth White, OSB #204729
Email: elizabeth.white@klgates.com
K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200
Facsimile: +1 503 248 9085
Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION INC., an Oregon corporation,<br><br>                              Plaintiff,<br><br>       v.<br><br>PITNEY BOWES INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation,<br><br>                              Defendants. | Case No. 3:20-cv-00651-AC<br><br>**DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, OBJECTION TO DEMAND FOR JURY TRIAL, AND REQUEST FOR ATTORNEYS FEES** |

Defendants Pitney Bowes, Inc. ("PBI"), Pitney Bowes Global Financial Services, LLC ("PBGFS"), The Pitney Bowes Bank, Inc. ("PBB"), and Wheeler Financial from Pitney Bowes, Inc. ("Wheeler Financial") (each a "Defendant" and collectively "Defendants") submit the following answer and affirmative defenses in response to Plaintiff Pacific Office Automation's ("POA") Complaint in the above-captioned.

## ANSWER

1.      In response to paragraph 1, Defendants admit that POA is an Oregon-based company. Defendants lack sufficient knowledge and information to form an answer to the remaining allegations in paragraph 1 and, therefore, they are denied.

2.      In response to paragraph 2, Defendants state that the term "industry" is not a recognized term in antitrust law (unlike the term "market") and therefore do not know how plaintiff is using that term and therefore lack sufficient knowledge and information to form an answer to the allegations regarding the scope of an "office equipment industry" and, therefore, they are denied. Defendants admit that some office equipment manufacturers in the United States sell or lease certain equipment both directly and through resellers and that resellers are sometimes also known as "Dealers." To the extent not admitted, the remaining allegations in paragraph 2 are denied.

3.      In response to paragraph 3, Defendants admit that PBI states on its website that it is a "global technology company" and otherwise describes the products PBI sold commercially at the time of its founding. Defendants lack sufficient knowledge and information to form an answer to the remaining allegations in paragraph 3 and, therefore, they are denied.

4.      In response to paragraph 4, Defendants admit that postage meters used to print official U.S. postage cannot be sold but must be rented from an authorized manufacturer pursuant to United States Postal Service Regulations.  PBI further admits that it is authorized to manufacture

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

postage meters by the United States Postal Service. PBI further admits that postage meters may be placed on a base along with other equipment, and that such other equipment may be sold or leased to end users by manufacturers, Dealers and other third parties.

5. To the extent the time period is ambiguous in paragraph 5, Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 5 and, therefore, they are denied. Defendants admit that POA currently competes with PBI for the sale, installation and support of mailing equipment and related services and accessories to commercial end users. Defendants specifically deny that, during the period in which POA had a contract with PBI to be an authorized dealer of PBI products that POA was a competitor of PBI in any sense cognizable under the antitrust laws, except to the extent that the PBI-POA Dealer Agreement permitted POA to sell and/or lease products of Francotyp-Postalia that were competitive with PBI Products (as defined in the Dealer Agreement) to customers to whom POA had already sold or leased such products, and even then only to the extent POA would not be replacing existing PBI Products.

6. Defendants deny the allegations in the first sentence of paragraph 6 and further deny that "meter placements" is a relevant product market. Defendants lack sufficient information as to the allegation in the second sentence to respond and on that basis deny the allegation.

7. Defendants deny the allegations in paragraph 7. With respect to the allegations in footnote 1, paragraph 7, Defendants answer that the documents referenced in the footnote speak for themselves, and Defendants deny the allegations to the extent inconsistent with the documents.

8. In response to paragraph, Defendants admit that PBI has sold products directly to end users. As to the second sentence, Defendants do not know what POA means by "declining market share," because POA has not attempted to define a relevant market and on that basis denies

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

the allegation. Nevertheless, PBI admits that it has entered into agreements with Dealers for the procompetitive reason of attempting to increase sales (or, in the case of postage meters, rental agreements). Defendants deny the remaining allegations in paragraph 8.

9.      Defendants admit that Exhibit 1 represents one "Dealer Agreement" - the dealer agreement with POA, but PBI denies that all PBI "Dealer Agreements" are identical. The mutual commitments between PBI and each of the dealers, respectively, are set forth in each Dealer Agreement, the terms of which speak for themselves. Except as admitted, Defendants deny the allegations of paragraph 9.

10.     Defendants admit the allegations in paragraph 10.

11.     Defendants admit that paragraph 11 quotes section 2.01(6) of the Dealer Agreement between PBI and POA but deny the remaining allegations to the extent inconsistent with section 2.01(6), the terms of which speak for themselves.

12.     Defendants admit that paragraph 12 quotes section 6.02(5) of the Dealer Agreement between PBI and POA but deny the remaining allegations to the extent inconsistent with section 6.02(5), the terms of which speak for themselves.

13.     Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 13 and, therefore, they are denied.

14.     Defendants admit that the PBI - POA Dealer Agreement required POA to provide PBI with certain end user information in conjunction with the meter rental by PBI and that such required end user information was consistent with the regulations of the USPS. Except as admitted, Defendants deny the allegations of paragraph 14.

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

15.     In response to paragraph 15, Defendants deny that there is a single PBI - Dealer Agreement and state that the terms of each agreement that PBI had with a particular dealer speak for themselves. Defendants further deny the allegations in paragraph 15.

16.     In response to paragraph 16, Defendants answer that the terms of the PBI - Dealer speak for themselves. Defendants otherwise deny the allegations in paragraph 16

17.     Defendants admit that Wheeler Financial is an indirect subsidiary of PBI. Defendants deny the remaining allegations in paragraph 17. With respect to the allegations in footnote 2, paragraph 17, Defendants answer that the United States Postal Service regulations speak for themselves.

18.     Defendants deny the allegations in paragraph 18. Defendants also deny that POA has defined a relevant market(s) for antitrust purposes.

19.     Defendants admit the first sentence of paragraph 19. Defendants lack sufficient knowledge and information to form an answer to the remaining allegations in paragraph 19 and, therefore, they are denied.

20.     Defendants admit the allegations in paragraph 20.

21.     In response to paragraph 21, Defendants answer that that PBGFS is a Delaware limited liability company with its principal place of business in Stamford, Connecticut, is a direct, wholly owned subsidiary of PBI and offers certain kinds of financing to its customers. Defendants otherwise answer that the allegations in paragraph 21 are legal conclusions to which no response is required.

22.     In response to paragraph 21, Defendants answer that The Pitney Bowes Bank is a Utah chartered Industrial Loan Corporation and is a wholly owned subsidiary of PBGFS. Defendants otherwise deny the allegations in paragraph 22

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

23.     In response to paragraph 23, Defendants answer that Wheeler Financial is a Delaware corporation with its principal place of business in Stamford, Connecticut and is a wholly owned subsidiary of the Pitney Bowes Bank, Inc. Defendants otherwise deny all allegations in paragraph 23

24.     Defendants answer that paragraph 24 is a statement of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants reserve all rights regarding jurisdiction.

25.     Defendants answer that paragraph 25 is a statement of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants reserve all rights regarding jurisdiction.

26.     Defendants answer that paragraph 26 is a statement of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants reserve all rights regarding jurisdiction.

27.     Defendants answer that paragraph 27 is a statement of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants reserve all rights regarding jurisdiction.

28.     Defendants answer that paragraph 28 is a statement of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants reserve all rights regarding venue.

29.     Because the allegations in paragraph 29 are vague and ambiguous, Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 29 and, therefore, they are denied.

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

30.     Because the allegations in paragraph 30 are vague and ambiguous, Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 30 and, therefore, they are denied.

31.     In response to paragraph 31, Defendants state that the term "industry" does not have a recognized meaning under antitrust law, and, therefore, the concept of a "sub-market" within an industry likewise does not have meaning under antitrust law. Defendants deny plaintiffs allegations regarding the alleged "sub-market" for mailing equipment as vague, ambiguous, and legally incognizable. Because the remaining allegations in paragraph 31 are vague and ambiguous, Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 31 and, therefore, they are denied.

32.     In response to paragraph 32, Defendants answer that United States Postal Service regulations speak for themselves with respect to the rental of postage meters.

33.     Defendants deny that the allegations in paragraph 33 contain a complete list of the companies the United States Postal Service has authorized to print or enable the printing of legal postage.

34.     Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 34 and, therefore, they are denied.

35.     Defendants deny that that the alleged transactions are "typical." Because the remaining allegations in paragraph 35 are vague and ambiguous, Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 35 and, therefore, they are denied.

36.     Because the time period is ambiguous in paragraph 36, Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 36 and, therefore,

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

they are denied. Defendants further deny that, during the period in which POA had a contract with PBI to be an authorized dealer of PBI products that POA was a competitor of PBI in any sense cognizable under the antitrust laws, except to the extent that the PBI-POA Dealer Agreement permitted POA to sell and/or lease products of Francotyp-Postalia that were competitive with PBI Products (as defined in the Dealer Agreement) to customers to whom POA had already sold or leased such products, and even then only to the extent POA would not be replacing existing PBI Products. Defendants admit that POA currently competes with PBI with respect to certain products.

37. Defendants deny the allegations in paragraph 37 and note that POA has created ambiguity by referring to the undefined term "postage equipment industry" in the first sentence and then an assumed market of "postage meter placement" in the second sentence. Defendants further deny that "meter placements" are a relevant product market. With respect to footnote 3 in paragraph 37, Defendants deny Plaintiff's legal conclusions as to the "relevant market." With respect to footnote 4 in paragraph 37, Defendants lack sufficient information and knowledge to identify the other "sources" alleged by Plaintiff and, therefore, such allegations are denied.

38. Defendants admit that there are currently five authorized postage meter manufacturers in the operating in the United States. Defendants deny the remaining allegations in paragraph 38.

39. Defendants deny the allegations in paragraph 39.

40. Because the allegations in paragraph 40 are vague and ambiguous, Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 40 and, therefore, they are denied.

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

41.     Defendants deny the legal conclusions stated in paragraph 41. Because the remaining allegations in paragraph 41 are vague and ambiguous, Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 41 and, therefore, they are denied.

42.     Defendants admit there has been a decline in First Class Mail and refer to the reports of the United States Postal Services that report on mail volumes, but deny the remaining allegations in paragraph 42.

43.     Defendants deny the legal conclusions stated in paragraph 43. Because the remaining allegations in paragraph 43 are vague and ambiguous, Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 43 and, therefore, they are denied.

44.     Because the allegations in paragraph 44 are vague and ambiguous, Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 44 and, therefore, they are denied.

45.     Because the allegations in paragraph 45 are vague and ambiguous, Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 45 and, therefore, they are denied.

46.     Defendants admit that a "Dealer Agreement" with PBI allows a Dealer to offer whatever of PBI's products are included in the Dealer Agreement. Because the remaining allegations in paragraph 43 are vague and ambiguous, and because their accuracy would depend on the circumstances of the particular dealer entering into a Dealer Agreement with PBI, Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 43 and, therefore, they are denied.

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

47.     The Dealer Agreement between PBI and POA speaks for itself, and Defendants deny all allegations in paragraph 47 inconsistent with such Dealer Agreement. Defendants deny that the PBI/POA Dealer Agreement is identical to Dealer Agreements between PBI and third parties.

48.     The Dealer Agreement between PBI and POA speaks for itself, and Defendants deny all allegations in paragraph 48 inconsistent with such Dealer Agreement. Defendants deny that the PBI/POA Dealer Agreement is identical to Dealer Agreements between PBI and third parties.

49.     The Dealer Agreement between PBI and POA speaks for itself, and Defendants deny all allegations in paragraph 49 inconsistent with such Dealer Agreement. Defendants deny that the PBI/POA Dealer Agreement is identical to Dealer Agreements between PBI and third parties.

50.     The Dealer Agreement between PBI and POA speaks for itself, and Defendants deny all allegations in paragraph 50 inconsistent with such Dealer Agreement. Defendants deny that the PBI/POA Dealer Agreement is identical to Dealer Agreements between PBI and third parties.

51.     The Dealer Agreement between PBI and POA speaks for itself, and Defendants deny all allegations in paragraph 51 inconsistent with such Dealer Agreement. Defendants deny that the PBI/POA Dealer Agreement is identical to Dealer Agreements between PBI and third parties.

52.     The Dealer Agreement between PBI and POA speaks for itself, and Defendants deny all allegations in paragraph 52 inconsistent with such Dealer Agreement. Defendants deny

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

that the PBI/POA Dealer Agreement is identical to Dealer Agreements between PBI and third parties.

53.     The Dealer Agreement between PBI and POA speaks for itself, and Defendants deny all allegations in paragraph 53 inconsistent with such Dealer Agreement. Defendants deny that the PBI/POA Dealer Agreement is identical to Dealer Agreements between PBI and third parties.

54.     The Dealer Agreement between PBI and POA speaks for itself, and Defendants deny all allegations in paragraph 54 inconsistent with such Dealer Agreement. Defendants deny that the PBI/POA Dealer Agreement is identical to Dealer Agreements between PBI and third parties. Defendants further deny that "training" was conducted entirely at POA's expense.

55.     Defendants admit POA and PBI entered into a Dealer Agreement dated June 30, 2016. The Dealer Agreement between PBI and POA speaks for itself, and Defendants deny all allegations in paragraph 47 inconsistent with such Dealer Agreement. Defendants further state that, notwithstanding the 3-year term of the PBI-POA Dealer Agreement, that agreement was extended several times, at POA's request, with its ultimate termination date being December 25, 2019.

56.     The Dealer Agreement between PBI and POA speaks for itself, and Defendants deny all allegations in paragraph 56 inconsistent with such Dealer Agreement.

57.     Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 57 and, therefore, they are denied. PBI offered on-site training of POA personnel at no charge to POA. If POA incurred $234,705 in "training" costs, Defendants deny that such amount was a necessary or reasonable expense.

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

58.     Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 58 and, therefore, they are denied.

59.     Defendants deny the first part of the sentence (up to the first comma). Defendants deny the part of the sentence between the commas as vague and ambiguous, and Defendants otherwise deny that PBI has "market power" in an undefined "mailing-equipment industry" and on that basis deny the allegations in paragraph 59.

60.     Defendants admit that PBI implemented a "Partner Compensation Program" effective January 1, 2017, notice of which was provided on or about October 1, 2016. The terms of the Partner Compensation Program speak for themselves, and Defendants otherwise deny the remaining allegations and legal conclusions in paragraph 60.

61.     The term "Dealer competition" is undefined and is vague and ambiguous as to whether it is referring to POA or dealers other than POA, and, therefore, Defendants deny paragraph 61.

62.     Defendants generally deny the allegation in paragraph 62 that any of its conduct was "anticompetitive" and further denies that PBI acted outside of its contract rights as to POA.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants answer that The Pitney Bank is a Utah chartered Industrial Loan Corporation and a wholly owned subsidiary of PBGFS. Defendants further answer that Wheeler Financial was formed in 2018 as a wholly owned subsidiary of The Pitney Bank. Defendants otherwise deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65 as the PBI - Dealer Agreement expired by its own terms (after being extended several times after June 30, 2019, ultimately

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

through December 25, 2019), and was not "replaced" with any other agreement because PBI and POA could not agree on the terms of a new agreement.

66.     Defendants deny the allegations in the first and third sentences of paragraph 66. PBI denies the second sentence of paragraph 66 by stating that the PBI's agreements with Dealers are not uniform and the terms of each such agreement speak for themselves.

67.     Defendants generally deny the allegations in paragraph 67 and specifically deny that the "mailing equipment industry" is a relevant market for antitrust purposes or that Dealers that were not offered or declined an agreement with PBI were excluded from buying products competitive with products of PBI's products offered by other manufacturers.

68.     Defendants deny the allegations in paragraph 68.

69.     Defendants state that POA first asserted the allegation that PBI engaged in anticompetitive conduct in connection with POA's February 2020 demand for a new Dealer Agreement with PBI, but otherwise deny the allegations in paragraph 69.

70.     Defendants generally deny the allegations in paragraph 70 and specifically deny the allegation that there is a "postage equipment market" cognizable under antitrust law. Defendants further deny that PBI enters into Dealer Agreements for the purpose of creating competition between PBI and its authorized dealers for the sale or lease of PBI-branded products.

71.     Defendants deny the allegations in paragraph 71.

72.     Defendants lack sufficient knowledge and information to form an answer to the allegations in paragraph 72 with respect to unspecified PBI "conduct"" and, therefore, they are denied. Defendants otherwise deny the allegations in paragraph 72.

73.     Defendants generally deny the allegations in paragraph 73 and specifically deny that there is a "mailing equipment market" cognizable for antitrust purposes. Defendants further

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

deny that authorized dealers are competitors of PBI, except to the extent that their dealer agreements permit them to sell or lease competitive products sold by other suppliers, such as Franocotyp Postalia, a competitive product line that POA was permitted to continue to sell and lease under certain conditions, as set forth in the PBI-POA Dealer Agreement.

74.     Defendants deny the allegations and legal conclusions in paragraph 74.

75.     Defendants deny the assumption in paragraph that PBI engaged in any "infliction of injury" and otherwise denies the allegations and legal conclusions in paragraph 75.

76.     Paragraph 76 is a paragraph of incorporation. Defendants incorporate their answer to each of the foregoing allegations

77.     Defendants deny the allegations and legal conclusions in paragraph 77.

78.     Defendants deny the allegations and legal conclusions in paragraph 78.

79.     Defendants deny that POA is entitled to any of the relief requested in paragraph 79.

80.     Paragraph 80 is a paragraph of incorporation. Defendants incorporate their answer to each of the foregoing allegations.

81.     In response to paragraph 81, Defendants admit that the PBI - Dealer Agreement provides that Connecticut law governs but deny that that provision is dispositive given the operative choice of law principles that apply in when a federal court is exercising supplemental jurisdiction over state law claims.

82.     Defendants deny the allegations and legal conclusions in paragraph 82.

83.     Defendants deny the allegations and legal conclusions in paragraph 83.

84.     Defendants deny the allegations and legal conclusion in paragraph 84.

85.     Defendants deny the allegations and legal conclusions in paragraph 85.

86.     Defendants deny that POA is entitled to any of the relief requested in paragraph 86.

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

87.     Paragraph 87 is a paragraph of incorporation. Defendants incorporate their answer to each of the foregoing allegations.

88.     Defendants deny the allegations and legal conclusions in paragraph 88.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations and legal conclusions in paragraph 90.

91.     Defendants deny the allegations and legal conclusions in paragraph 91.

92.     Defendants deny the allegations and legal conclusion in paragraph 92.

93.     Defendants deny the allegations and legal conclusions in paragraph 93.

94.     Defendants deny the allegations and legal conclusions in paragraph 94, including the false assumptions that PBI engaged in "misrepresentations or omissions" and/or acted "with such a reckless disregard for the truth.

95.     Defendants deny the allegations and legal conclusions in paragraph 95.

96.     Defendants generally denies the allegations and legal conclusions in paragraph 96 and specifically denies the assumption that PBI was not truthful to POA.

97.     Defendants deny the allegations and legal conclusions in paragraph 97.

98.     Defendants generally denies the allegations and legal conclusions in paragraph 98 and denies for lack of knowledge information allegations regarding what "POA intended."

99.     Defendants deny the allegations and legal conclusions in paragraph 94, including the false assumption that PBI engaged in "false representations."

100.    Defendants admit that certain customers of POA existing prior to the PBI - Dealer Agreement later become customers of PBI products, but Defendants lack knowledge and information sufficient to determine whether all such pre-existing customers became customers of PBI products and, therefore, the allegations in paragraph 100 are denied.

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

101.     Defendants admit that, as required by regulations of the USPS, PBI obtained certain information about certain of POA's customers, but deny the characterization of that information as "the customer lists of POA." Defendants further state that, subject to the restriction on the use of certain information specified in section 6.02(5) of the PBI-POA Dealer Agreement, PBI was free to compete with POA after the PBI-POA Dealer Agreement expired, and that "undercutting prices" and "stealing customers" is not anticompetitive conduct

102.     Defendants deny the allegations and legal conclusions in paragraph 102.

103.     Defendants deny the allegations and legal conclusions in paragraph 103.

104.     Defendants deny that POA is entitled to any of the relief requested in paragraph 104.

105.     Paragraph 105 is a paragraph of incorporation. Defendants incorporate their answer to each of the foregoing allegations.

106.     Defendants generally deny the allegations and legal conclusions in paragraph 106 and specifically deny the existence of a "postage equipment market" and "mailing equipment industry" that are cognizable for antitrust purposes.

107.     Defendants generally deny the allegations and legal conclusions in paragraph 107 and specifically deny the existence of a "postage equipment market" and "mailing equipment industry" that are cognizable for antitrust purposes.

108.     Defendants generally deny the allegations and legal conclusions in paragraph 108 and specifically deny allegations regarding the unidentified "market" and the purported "related product" of financing postage equipment.

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

109.    Defendants generally deny the allegations and legal conclusions in paragraph 109 and specifically deny the existence of a "financing market for postage equipment" cognizable for antitrust purposes.

110.    Defendants deny the allegations and legal conclusions in paragraph 110.

111.    Defendants generally deny the allegations and legal conclusions in paragraph 111 and specifically deny the existence of a "relevant postage equipment market" cognizable for antitrust purposes.

112.    Defendants deny the allegations and legal conclusions in paragraph 112.

113.    Defendants deny the allegations and legal conclusions in paragraph 113.

114.    Defendants deny the allegations and legal conclusions in paragraph 114.

115.    Defendants deny the allegations and legal conclusions in paragraph 115.

116.    Defendants deny the allegations and legal conclusions in paragraph 116.

117.    Paragraph 117 is a paragraph of incorporation. Defendants incorporate their answer to each of the foregoing allegations.

118.    Defendants generally deny the allegations and legal conclusions in paragraph 118 and specifically deny the existence of a "postage equipment market or mailing equipment industry" cognizable for antitrust purposes.

119.    Defendants generally deny the allegations and legal conclusions in paragraph 119 and specifically deny the existence of an undefined "market" or a "postage equipment market" cognizable for antitrust purposes.

120.    Defendants generally deny the allegations and legal conclusions in paragraph 120 and specifically deny the existence of a "postage equipment market" cognizable for antitrust purposes.

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

121. Defendants generally deny the allegations and legal conclusions in paragraph 121 and specifically deny the existence of a "financing postage equipment" market cognizable for antitrust purposes.

122. Defendants generally deny the allegations and legal conclusions in paragraph 122 and specifically deny the existence of a "postage equipment market or mailing equipment industry" cognizable for antitrust purposes.

123. Defendants deny the allegations and legal conclusions in paragraph 123

124. Defendants deny the allegations and legal conclusions in paragraph 124.

125. Defendants deny the allegations and legal conclusions in paragraph 125.

126. Defendants deny the allegations and legal conclusions in paragraph 126.

127. Defendants deny that POA is entitled to any of the relief requested in paragraph 127.

## **AFFIRMATIVE DEFENSES**

Without conceding that they have the burden of proof as to any of the allegations which follow, Defendants allege and assert the following Affirmative Defenses to Plaintiff's Complaint:

1. The Complaint, and each purported claim for relief stated therein, fails to state upon which relief can be granted.

2. The claim for Fraudulent Inducement is barred by the statute of limitations.

3. The claim for violation of the Connecticut Unlawful Trade Practices Act is barred by the statute of limitations.

4. Plaintiff's claims for monopolization and attempted monopolization are barred, in whole or in part, because Plaintiff lacks standing.

5. Plaintiff's claims for monopolization and attempted monopolization are barred, in whole or in part because Plaintiff lacks antitrust standing.

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

6.      Plaintiff's claims are barred, in whole or in part, because Plaintiff did not suffer any antitrust injury.

7.      Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative, and because of the impossibility of ascertaining and allocating those alleged damages.

8.      Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to mitigate any damages.

9.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's material breach of contract, specifically including section 6.03(2) of the PBI-POA Dealer Agreement attached as Exhibit 1 to the Complaint.

10.     Plaintiff's entitlement to any equitable relief on any of its claims is barred by the doctrine of Unclean Hands due to Plaintiff's material breaches of the PBI-POA Dealer Agreement attached as Exhibit 1 to the Complaint, specifically including section 6.03(2).

11.     Plaintiff's entitlement to any equitable relief is barred by the doctrine of Laches.

12.     Plaintiff's entitlement to any relief, whether legal or equitable, is barred by the doctrine of ratification.

13.     Plaintiff's entitlement to any relief, whether legal or equitable, is barred by the doctrines of waiver and estoppel.

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

## COUNTERCLAIM OF PITNEY BOWES INC.

### (Breach of Contract by POA)

1.      Section 6.03(2) and Schedule D of the PBI-POA Dealer Agreement attached as Exhibit 1 to the Complaint (the "Dealer Agreement") permitted POA to continue to sell and lease the products of one of PBI's competitors, Francotyp-Postalia ("FP"), during the term of Dealer Agreement, but section 6.03(2) prohibited POA from selling or promoting the FP product line "to the extent it would be replacing existing PBI Products."

2.      POA breached section 6.03(2) by selling and/or leasing FP products to customers who had been, up to the time of POA's sale or lease to them of FP products, customers of PBI.

3.      The limitation of liability in section 6.06 of the Dealer Agreement does not apply to breaches by POA of its obligations under section 6.03.

4.      PBI is entitled to lost profits for POA's breaches of section 6.03(2). Lost profits may be measured one of two ways. One way is the profit PBI would have made on the sale of PBI products to POA that POA would then have resold and/or leased to the customer if POA had not sold or leased FP products to the customer instead. The other way is the profit PBI would have made on the sale or lease of PBI products to the customer had PBI sold or leased those products to the customer itself instead of POA's selling or leasing FP products to the customer.

5.      In order to calculate its damages from POA's breaches, PBI asked POA, in Interrogatory 14 served on October 9, 2020, to identify the PBI customers whom POA had converted to FP products. As of July 8, 201, the date of filing of this Amended Pleading, POA has not identified the customers that POA converted to FP products. Therefore, PBI does not have a calculation of damages at this time.

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

6. PBI reserves the right to provide its calculation of damages for its counterclaim through expert disclosures and/or a further amended pleading after POA provides information on the PBI customers it converted to FP products.

## RESERVATION OF CLAIMS AND DEFENSES

Defendants reserve the right to assert any additional counterclaims and further defenses as may be revealed by discovery or otherwise.

## OBJECTION TO PLAINTIFF'S DEMAND FOR JURY TRIAL

Pursuant to section 8.13 of the PBI-POA Dealer Agreement attached as Exhibit 1 to the Complaint, Plaintiff is not entitled to a jury trial on any claims, and Defendants object to Plaintiff's demand for a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendants request the following relief:

A. Plaintiff takes nothing by way of its Complaint, and the action, and each claim therein, be dismissed with prejudice;

B. Judgment be entered in favor of Defendants and against Plaintiff with respect to each and every claim in the Complaint;

C. Judgment be entered in favor of PBI on its counterclaim in an amount to be determined at trial;

D. The Court award Defendants their attorneys' fees and all other costs reasonably incurred in defense or prosecution of this action, including prosecution of the counterclaim, and in the defense of each and every claim therein, including pursuant to paragraphs 6.05(1)(a) and 6.05(1)(c) of the PBI-POA Dealer Agreement attached as Exhibit 1 to the Complaint; and

E. The Court award Defendants such other relief as the Court may deem just and proper.

Page 21 – DEFENDANTS' AMENDED
ANSWER TO COMPLAINT

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

DATED this 8th day of July, 2021.

K&L GATES LLP

By: s/Philip Van Der Weele
Philip Van Der Weele, OSB # 863650
Email: phil.vanderweele@klgates.com
Elizabeth White, OSB #204729
Email: elizabeth.white@klgates.com
Phone: +1 503 228 3200
    Of Attorneys for Defendants

Page 22 – DEFENDANTS' AMENDED
ANSWER TO COMPLAINT
310408273.1

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 8th day of July, 2021, I caused to be served a copy of the foregoing DEFENDANTS' AMENDED ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIM, OBJECTION TO DEMAND FOR JURY TRIAL, AND REQUEST FOR ATTORNEYS FEES upon all counsel of record via the Court's CM/ECF electronic service system.

> Jamison R. McCune, OSB #135547
> Email: mccune@bodyfeltmount.com
> BODYFELT MOUNT LLP
> 319 SW Washington St., Suite 1200
> Portland, OR 97204
> Tel: 503-243-1022
> *Attorney for Plaintiff*
>
> Veronica L. Manolio, *admitted pro hac vice*
> Email: vmanolio@mf-firm.com
> MANOLIO & FIRESTONE, PLC
> 8686 E. San Alberto Dr., Suite 200
> Scottsdale, AZ 85258
> Tel: 480-222-9100
> *Attorneys for Plaintiff*

DATED this 8th day of July, 2021.

> s/Philip Van Der Weele
> Philip Van Der Weele, OSB #863650

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200