Philip S. Van Der Weele, OSB #863650
Email: phil.vanderweele@klgates.com
Elizabeth White, OSB #204729
Email: elizabeth.white@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200
Facsimile: (503) 248-9085

Attorneys for Defendants Pitney Bowes Inc.,
Pitney Bowes Global Financial Services LLC,
The Pitney Bowes Bank, Inc., and Wheeler
Financial from Pitney Bowes Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>PITNEY BOWES INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:20-cv-00651-AC<br><br>**DEFENDANTS' RENEWED MOTION TO COMPEL FURTHER RESPONSES TO FIRST SET OF INTERROGATORIES AND FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>**Oral Argument Requested** |

DEFENDANTS' RENEWED MOTION
TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

## L.R. 7-1 CERTIFICATION

Pursuant to L.R. 7-1, the undersigned counsel for Defendants certifies that he made a good faith effort to resolve the disputes described herein by numerous emails and by telephone conference on June 2, 2021, but that the parties have not been able to resolve those disputes.

## MOTION

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 37, and L.R. 37-1, Pitney Bowes Inc. ("PBI"), Pitney Bowes Global Financial Services LLC, The Pitney Bowes Bank, Inc., and Wheeler Financial from Pitney Bowes Inc. (together with PBI, "Defendants") move the Court for an Order compelling Plaintiff Pacific Office Automation Inc. ("POA" or "Plaintiff") to comply with the Court's previous order granting Defendants' previous Motions to Compel with regard to Interrogatories 1, 2, and 4-7 from Defendants' First Set of Interrogatories ("Interrogatories") and Requests for Production 1, 2, 4-7, and 30 from Defendants' First Requests for Production ("RFPDs").

## MEMORANDUM

### I. THE COURT GRANTED DEFENDANTS' MOTIONS TO COMPEL FURTHER RESPONSES TO INTERROGATORY AND RFPD NOS. 1, 2, 4, 5(a)-(c), 6(a)-(c) AND 7, BUT POA HAS NOT COMPLIED

This Renewed Motion to Compel arises out of a fundamental and persistent problem common to POA's responses to six Interrogatories and the RFPDs corresponding to them. The problem is that POA has purported to answer these six Interrogatories by invoking FRCP 33(d)(1), which allows POA to specify responsive documents, but POA has failed to comply with the critical requirement of that rule. POA has responded to these Interrogatories by saying, in essence, that Defendants can figure out, as readily as POA can, POA's substantive response to the Interrogatories by reviewing certain of POA's documents. But POA has not specified those documents "in sufficient detail to enable [Defendants] to locate and identify them as readily as [POA] could" as required by FRCP 33(d)(1). Instead of systematically identifying among the tens of thousands of documents it has produced the subsets that are responsive to each of the six

Interrogatories, POA has avoided the critical requirement of FRCP 33(d)(1) through under-inclusive and over-inclusive responses. On the one hand, POA's response to the Interrogatories has been under-inclusive. POA has identified only what it calls *examples* of responsive documents in answering some of the Interrogatories through a spreadsheet that it served on December 4, 2020. Moreover, POA has refused to comprehensively update that spreadsheet, either with respect to its December 2020 productions or with respect to the six productions it has made since then. On the other hand, POA's response to the RFPDs corresponding to these Interrogatories has been over-inclusive in that POA has identified *every single* document it has produced—including tens of thousands of emails never bates numbered—as responsive to the companion RFPDs to most of those Interrogatories.

The result is a set of responses that does not provide Defendants with any meaningful ability to understand the factual basis for critical allegations POA is making, including allegations about Defendants' alleged misuse of POA confidential information, alleged misrepresentations surrounding the Dealer Agreement, and alleged restrictions on POA's sales. This remains the case today, despite the fact that this Court granted Defendants' Motions to Compel to address this very problem. Defendants therefore return to the Court with this Renewed Motion and request that the Court again order POA to provide complete responses to these six Interrogatories and the corresponding RFPDs.

### A. POA's Original Responses to Defendants' Interrogatories and RFPDs Were Deficient Under FRCP 33(d)(1) and FRCP 34(b)(2)(E)(i), and Those Deficiencies Prompted Defendants' First and Second Motions to Compel

Defendants' First and Second Motions to Compel (ECF Nos. 38, 43) asked the Court to require POA to comply with FRCP 33(d)(1) and 34(b)(2)(E)(i) in POA's responses to a number of requests from Defendants' First Set of Interrogatories and First Request for Production of Documents. As relevant to this Renewed Motion to Compel, POA had not identified all documents responsive to certain pairs of Interrogatories and RFPDs. These pairs were Interrogatory and RFPD Nos. 1, 2, 4, 5(a)-(c), 6 (a)-(c), and 7. For each Interrogatory, the

Page 2 – DEFENDANTS' RENEWED
MOTION TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

companion RFPD of the same number requested production of all documents POA relied upon in answering the Interrogatory (*e.g.*, RFPD No. 1 asks POA to "[p]roduce any and all Documents You relied upon in answering Defendants' Interrogatory 1"). The primary problem with POA's responses was that POA was both under-inclusive, in its answers to the Interrogatories, and over-inclusive, in its answers to the RFPDs.

### 1. Interrogatories

In answering the Interrogatories that are the subject of this Renewed Motion, POA had relied on FRCP 33(d)(1). That rule permits a responding party to produce business records in answer to an interrogatory so long as the party "specif[ies] the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." POA initially relied on FRCP 33(d)(1) by referring in its responses to a spreadsheet that POA provided on December 4, 2020 (the "December 4 Spreadsheet"). Ex. A.[1] The December 4 Spreadsheet provided To/From/Date information for about 100 emails and, in addition, the Interrogatory number to which each email responds.

The reason the identification of only some emails in response to Interrogatories 1, 2, 4, 5 (a)-(c), 6 (a)-(c), and 7 fails to comply with FRCP 33(d)(1) is that by referring only to examples of responsive documents in its Interrogatory responses, POA implies that, among the more than 33,000 emails POA produced but that are *not* listed on the December 4 Spreadsheet, there are additional documents that are also responsive to these Interrogatories. Which ones? POA never says. POA is essentially telling Pitney Bowes to figure out for itself which of more than 33,000 documents POA is relying on for the various factual allegations in its Complaint, instead of complying with FRCP 33(d)(1). POA was thus under-inclusive in its identification of the documents responsive to the Interrogatories.

---

[1] All references to Exhibits are to the Declaration of Philip S. Van Der Weele in Support of Defendants' Motion to Compel Further Responses to First Set of Interrogatories and First Requests for Production of Documents.

### 2. RFPDs

As to the RFPDs, Plaintiff was over-inclusive in its responses. FRCP 34(b)(2)(E) provides the procedures for "producing documents or other electronically stored information." Subsection (i) states that a "party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request" for production. As to the RFPDs at issue in this Renewed Motion to Compel, because POA had answered the companion Interrogatories by "specifying records" under FRCP 33(d)(1), POA also had to specify records when answering the corresponding RFPD, which in each case asked POA to produce the documents it relied on in answering the Interrogatory.[2] In other words, POA could not provide custodial information in response to these Interrogatories but instead had committed, by relying on FRCP 33(d)(1), to identifying the *specific* documents responsive to each of the Interrogatories. But POA had not done so, because instead of specifying the records responsive to each of RFPD Nos. 1, 2 and 4-7, it merely cited to the *entirety* of its production to that point, responding as follows:

> Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

Ex. B (POA Responses to First Set of RFPDs) at 5-6 (emphasis in original).[3] Since then, POA

---

[2] In its Motion to Compel on the RFPDs Defendants also asked the court to compel POA to respond to a number of other requests. For those requests, POA could satisfy FRCP 34(b)(2)(E)(i) by *either* identifying a custodian for the documents it produced *or* specifying the RFPD to which the documents were responsive in those cases where POA had failed to do so. *See* ECF No. 43 at 8-9. Defendants have not rectified the issues with regard to many of the RFPDs in this category. *See, e.g.*, Ex. C (POA's Supplemental Responses to RFPDs) at 7-9, 11-13 (responses to RFPD Nos. 10-12, 16, 23-25, and 27-28, all continuing to cite to POA's Dropbox production and initial PDF document production). Despite these pervasive deficiencies, Defendants' have chosen to narrow the issues in order to conserve judicial and party resources. Defendants' previous Motion to Compel on POA's FRCP 34(b)(2)(E)(i) non-compliance sought additional responses from POA on 28 RFPDs. This Renewed Motion seeks further responses from POA on that same ground only as to six RFPDs.

[3] Plaintiff provided this response (or a similar one), identifying the entirety of its production in response to RFPD Nos. 1-19, 21-25, 27-28, 31, 33-34, and 36 in its original RFPD Responses. *See* Ex. B at 5-16.

has produced tens of thousands more emails, none of which it has added to the December 4 Spreadsheet.

Thus, in response to the Interrogatories, POA referred to a handful of examples on the December 4 Spreadsheet, while in responding to the companion RFPD asking which documents POA relied on for the Interrogatory response POA referred to every single document it had produced. POA never got the calibration correct, which would have been to identify, with respect to each Interrogatory-RFPD pair, ***all*** of the documents, but ***only*** those documents, responsive to the requests. Correct calibration is crucial because these Interrogatories go to the factual bases for significant allegations POA makes, including alleged material misrepresentations and an alleged prohibition by Defendants on POA selling other brands of mailing equipment at all.

### B. Even Though the Court Granted the First and Second Motions to Compel, POA Has Not Rectified the Problems with Its Responses to Interrogatories 1, 2, 4, 5(a)-(c), 6(a)-(c) and 7 or with Its Responses to the Corresponding RFPDs

The Court granted both of Defendants' Motions to Compel,[4] and Plaintiff thereafter twice supplemented its responses to Defendants' First Set of Interrogatories and once supplemented its responses to Defendants First RFPDs. None of these supplemental responses addressed, however, the under-inclusiveness problem with the Interrogatory responses for which Plaintiff relied on FRCP 33(d), or the over-inclusiveness problem with the responses to the corresponding RFPDs. The parties held a meet and confer on June 2, 2021, and have exchanged numerous emails, both before and after June 2. But Plaintiff has persisted in its failure to systematically identify all of the documents—and only those documents—responsive to the Interrogatories and RFPDs that are the subject of this Renewed Motion.

POA has never updated the December 4 Spreadsheet by systematically identifying which of the documents it has produced (whether in December 2020 or in any of its six productions

---

[4] ECF Nos. 52 (Minutes) and 53 (March 29, 2021, Tr. at 37:23: "I grant both motions.")

Page 5 – DEFENDANTS' RENEWED
MOTION TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

thereafter) for which it is relying on FRCP 33(d) for its response. Instead, even in its most comprehensive response, the Second Supplemental Response to Defendants First Set of Interrogatories, POA still refers to only examples of emails that are responsive to the Interrogatories. In response to Interrogatory No. 1, POA has updated part of its response to list four additional emails that it specifically states are "include[d]" among responsive emails and has also listed, in connection with a different part of its response, "[o]ther examples of Pitney's actions," while stating that the emails "include (but are not limited to)" those listed. Ex. D at 2-3; *see also id.* at 4 (continuing to reference the December 4 Spreadsheet in response to Interrogatory No. 2); 4-5 (continuing to reference only the December 4 Spreadsheet in response to Interrogatory No. 4); 5 (listing the December 4 Spreadsheet plus five "examples" of responsive documents to Interrogatory 5(a)-(c)); 6 (continuing to refer to "examples of communications responsive to this request" in the December 4 Spreadsheet in response to Interrogatory 6 (a)-(c)); 10-11 (excerpting December 4 Spreadsheet and listing some six additional documents or pieces of testimony in response to Interrogatory No. 7).

Likewise, notwithstanding the Court's granting of Defendants' First and Second Motions to Compel in March 2021, POA has not meaningfully supplemented the responses it gave in December to the RFPDs corresponding to the Interrogatories at issue—RFPDs Nos. 1, 2, and 4-7. In its Supplemental Responses to RFPD Nos. 1-6, POA merely refers back to the December 4 Spreadsheet, which POA has never updated. Ex. C at 3.[5] Just as POA did and continues to do in its Interrogatory responses, POA is providing only examples of responsive documents and leaving Defendants to determine what documents from the rest of its productions are responsive.

---

[5] POA has supplemented its response to RFPD No. 7, which corresponds to Interrogatory 7, but POA has done so in impermissibly vague terms. POA's supplemental response to RFPD No. 7 refers back to the "table of communications"—presumably the December 4 Spreadsheet. Ex. C at 4-5. It also identifies, for example, "[e]mails beginning in March 2016 from Rob Murray (POA) and to Kevin Thompson (Pitney) and back-and-forth discussing the Non-Disclosure Agreement used to start discussions of the parties' working relationship." *Id*. This method of identification places an improper burden on Defendants to search for the responsive documents, without a guarantee they will identify the same set that POA intended, when identification by bates number would have been simpler, more efficient, and comprehensive.

POA attempts to justify its use of examples instead of systematic identification of relied-upon documents by noting that it has produced emails in "native format" so that they are electronically searchable.[6] But the fact that POA has produced emails, which comprise the vast majority of POA's productions, in native format is a vice, not a virtue. Although POA's production in native format may be searchable, production in native format also means that the emails are not bates numbered, which creates a host of problems given the volume of production in this case. Moreover, emails to do not have to be in native format in order to be electronically searchable. In fact, in compliance with L.R. 26-1(2)(F) ("Production Format of ESI") and in connection with the Rule 26(f) Conference held in September 2020, Defendants immediately provided POA with their very specific format of production specifications, which requested that all documents be produced in industry-standard TIF format, with corresponding load files. *See* Ex. E. POA never objected to these industry-standard production format specifications, but nevertheless completely ignored them each and every time it made a production of emails. Finally, the fact that the emails are electronically searchable has no bearing on whether POA has complied with FRCP 33(d). It is POA's obligation to affirmatively identify the documents it claims are responsive to pending interrogatories. The fact that POA's production may be electronically searchable does not relieve POA of its obligation to specify documents under FRCP 33(d) and, as a practical matter, does nothing to help Defendants understand which of the tens of thousands of emails POA is relying on in its Interrogatory responses.

   **C.**  **It Is Critical That POA Identify All Documents Responsive to Interrogatory and RFPD Nos. 1, 2, 4, 5(a)-(c), 6(a)-(c) and 7 Per the Court's Order.**

Because specific provisions in the Dealer Agreement (ECF No. 1-1) address the conduct the Complaint seems to be talking about, Defendants had (and still have) difficulty understanding what it is that Plaintiff thinks Defendants did "wrong." In order to gain that understanding,

---

[6] The Supplemental Responses to the RFPDs state that the spreadsheet "identifies documents responsive to each of these Requests for Production, individually, and the related emails were provided in native electronic format so that they can be readily searched electronically." Ex. C at 3.

Page 7 – DEFENDANTS' RENEWED
MOTION TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

Defendants served Interrogatories last October asking for the factual bases of certain of Plaintiff's allegations. What Defendants have 10 months later is a spreadsheet that Plaintiff says constitute "examples" of Defendants' misconduct. Defendants are fully prepared to defend each of these examples, but the problem is that according to POA they are only that—examples. As to the thousands of emails not on the spreadsheet, POA is asking Defendants to guess which of them Plaintiff regards as supporting its factual allegations. Make no mistake: that guessing game is a difficult one. For example, in response to Interrogatory 7, which asks Plaintiff to identify the material misrepresentations by which Defendants fraudulently induced Plaintiff to enter into the Dealer Agreement, 23 of 25 emails identified on the December 4 spreadsheet are dated in 2017 or later, months after the Dealer Agreement was signed. Ex. A at 3. If communications made after an agreement is signed can somehow retroactively constitute an inducement to entering into the agreement, Defendants should not have to guess as to what those time-warped communications are; plaintiff should fully identify them.

Given Plaintiff's reliance on FRCP 33(d) to respond to Interrogatory Nos. 1, 2, and 4-7, unless Defendants have a complete specification of what documents POA is relying to support those allegations, Defendants will continuously be at risk of being unfairly blindsided with new "examples" from POA—examples that never appeared on the December 4 Spreadsheet. Defendants therefore Renew their Motion and request that the Court order POA to fully respond to Interrogatory Nos. and RFPD Nos. 1, 2, 4, 5(a)-(c), 6(a)-(c) and 7 by systematically identifying all of the documents it believes are responsive to those requests.

II.  **POA HAS FAILED TO SEARCH FOR AND PRODUCE DOCUMENTS IN RESPONSE TO RFPD 30**

In their Second Motion to Compel (ECF No. 43), Defendants moved on multiple grounds to compel further responses from POA on RFPD No. 30, which asks for documents evidencing POA's "communications or negotiations with any entity other than PBI to become an authorized dealer of postage meters, including but not limited to Neopost, Francotyp Postalia and Data-Pac." ECF No. 43 at 9-10. One ground was POA's failure to produce *any* documents in

Page 8 – DEFENDANTS' RENEWED
MOTION TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

response to the RFPD, with POA instead stating that it was "unaware of any additionally responsive documents, other than communications with legal counsel," that were responsive to the request. *Id.*

Following the Court's granting of the Second Motion to Compel, during the hearing for which the Court said RFPD No. 30 "seems relevant to me," (ECF No. 53, Tr. at 33:17-20), POA supplemented its response to RFPD 30 by producing a single document. The document is a letter between Francotyp Postalia ("FP") and POA regarding termination of the FP-POA relationship. *See* Ex. C at 11. POA is claiming as damages in this lawsuit the financial consequences of FP's termination (or purported termination—it is not clear) of FP's relationship with POA. Ex. D at 14 (response to Interrogatory No. 9).

Based on this damages claim and the deposition testimony of POA's president on the efforts he had to go through to restore POA's relation with FP, it is highly likely that other documents responsive to RFPD No. 30 exist. Accordingly, in the June 2 meet-and-confer call, Defendants asked POA to conduct searches for communications with FP, noting that the search terms POA stated it had run would not capture such documents. POA refused to do additional searches for documents related to FP. In support of its refusal, POA offered two reasons: (1) that there are not other documents to produce regarding the FP-POA relationship; and (2) that POA objects to producing communications with PBI's competitors, even though POA had not objected to RFPD No. 30 in either its initial or supplemental RFPD responses. Exs. B at 14, C at 11.

The first reason is invalid: only by running search terms would POA be able to determine whether there are responsive documents. If, after a search, POA has no responsive documents and says so, that would be the answer. As to the second reason, even putting aside POA's waiver of any objections, there is no valid objection to this request. POA's communications with FP are relevant if for no other reason than that POA has made FP's termination of its relationship with POA, and POA's restoration of that relationship, components of damages it is claiming in

this case. Ex. D at 14-15 (responses to Interrogatory Nos. 9, 16). As to the objection of over breadth, Defendants have suggested a narrow search to POA that would only capture communications between POA and FP in which Defendants are referenced.[7] This narrow search would eliminate communications made in the ordinary course of business regarding POA's purchase of products from FP for resale. Defendants therefore ask the Court to compel POA to search for and produce communications with FP captured by the narrower search Defendants have proposed.[8]

### III. REQUEST FOR ATTORNEY'S FEES

Without waiving its right to seek attorney's fees under any other law, including under section 6.05(1) of the Dealer Agreement, Defendants respectfully request, pursuant to FRCP 37(a)(5), an order requiring POA and/or POA's attorneys to pay Defendants' reasonable expenses incurred in making this motion, including attorney's fees. Defendants sought attorneys' fees in connection with its first two motions, a request the Court deferred. *See* ECF No. 53, Tr. at 37:23-25 ("I'm going to defer any ruling on costs for attorneys fees for now. Just going to hold those in abeyance and see what happens."). In light of the persistent failings of POA in complying with its discovery obligations, Defendants believe that an award of attorneys' fees as to the first two Motions to Compel and this Motion is now appropriate.

---

[7] The proposed search is: (" FP " or "Francotyp-Postalia" or (Francotyp w/2 Postalia)) AND (PBI or Pitney).

[8] Also during the June 2 meet and confer, POA committed to run additional searches in light of deficiencies in the searches described in a declaration from its custodian of records. However, POA has unilaterally excluded at least one search term it agreed to run, "PB," from its review and further document production based on a high number of hit counts. Defendants have offered to consult with POA to assist in crafting searches that will narrowly capture the intended results, and have also offered suggested search methodology to that end. POA has not responded to PBI's offer. Defendants are not moving on that issue at this time in the hope that POA will confer with Defendants as to the proper searches to run. However, Defendants reserve their right to move to compel on this issue if POA is not cooperative.

Page 10 – DEFENDANTS' RENEWED
MOTION TO COMPEL

K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200

DATED this 2nd day of August, 2021.

                                      K&L GATES LLP

                                      By:    *s/Philip S. Van Der Weele*
                                                   Philip S. Van Der Weele, OSB # 863650
                                                   Email: phil.vanderweele@klgates.com
                                                   Elizabeth White, OSB #204729
                                                   Email: elizabeth.white@klgates.com
                                                   Phone: (503) 228-3200

                                      Attorneys for Defendants Pitney Bowes Inc., Pitney Bowes Global Financial Services LLC, The Pitney Bowes Bank, Inc., and Wheeler Financial from Pitney Bowes Inc.

# CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of August, 2021, I caused to be served a copy of the foregoing DEFENDANTS' RENEWED MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS upon all counsel of record via the Court's CM/ECF electronic service system.

>Jamison R. McCune, OSB #135547
>Email: mccune@bodyfeltmount.com
>BODYFELT MOUNT LLP
>319 SW Washington St., Suite 1200
>Portland, OR 97204
>Tel: 503-243-1022
>
>*Attorney for Plaintiff*
>
>Veronica L. Manolio, *admitted pro hac vice*
>Email: vmanolio@mf-firm.com
>MANOLIO & FIRESTONE, PLC
>8686 E. San Alberto Dr., Suite 200
>Scottsdale, AZ 85258
>Tel: 480-222-9100
>
>*Attorneys for Plaintiff*

DATED this 2nd day of August, 2021.

>*s/Philip S. Van Der Weele*
>Philip S. Van Der Weele, OSB #863650