Jamison R. McCune, OSB No. 135547
Email: mccune@bodyfeltmount.com
BODYFELT MOUNT LLP
319 SW Washington St., Suite 1200
Portland, Oregon 97204
Telephone: (503) 243-1022
Facsimile: (503) 243-2019

Veronica L. Manolio
Email: vmanolio@mf-firm.com
MANOLIO & FIRESTONE, PLC
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
Telephone: (480) 222-9100
Facsimile: (480) 222-9106
*Admitted Pro Hac Vice*

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION INC., an Oregon corporation,<br><br>          Plaintiff,<br><br>v.<br><br>PITNEY BOWES INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation,<br><br>          Defendants. | **Case No. 3:20-cv-00651-AC**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION** |

Pacific Office Automation ("POA"), pursuant to Federal Rules of Civil Procedure 34, hereby responds to the First Requests for Production from Defendants.

## INSTRUCTIONS

1.      Pursuant to Federal Rule of Civil Procedure ("FRCP") 34(b)(2)(A), POA must provide a written response to these Requests within 30 days of service at the offices of K&L Gates LLP, One SW Columbia Street, Suite 1900, Portland, Oregon 97204.

2.      You are required by FRCP 34(a) to produce all non-privileged, responsive Documents that are within your possession, custody, or control, including Documents in the custody of your counsel, accountants, members, partners, shareholders and other agents or in the custody of any organization (such as a corporation or partnership) over which you exercise control.

3.      FRCP 34(b) requires POA to produce all Documents in their original files as they are kept in the usual course of business. Alternatively, if any Document produced has been removed from its original location, indicate on each Document produced, or in an index or other convenient manner, the location where such Document was found. You are requested to number and to produce the original Documents for inspection as they exist in your files. Alternatively, You may produce copies provided the originals will be made available for inspection.

4.      If any requested information is no longer in Your possession, custody, or control, state the disposition that was made of it, the reason for such disposition, and identify all persons who You believe have knowledge of the information. If You do not know, or cannot recall, whether particular responsive information or Documents exist, or if such information or Documents are missing, state the efforts made to ascertain their existence and location.

5.      Each Request shall be responded to separately and fully in writing. Each response shall identify the Documents being produced and shall state with respect to each item or category of items requested that inspection and/or copying will be permitted as requested unless the Request is objected to. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a Request must specify the part and permit inspection of the rest.

6.  If You intend to limit your search based on the selection of a limited number of Document custodians and use of search terms for Electronically Stored Information ("ESI"), identify the custodians and search terms You intend to include with respect to Your response to each Request.

7.  If a refusal to answer a Request is stated on the grounds of burdensomeness, identify the number, or estimated number, and the nature of the Documents needed to be searched, the location of the Documents, and the approximate number of person hours and costs required to conduct the search.

8.  Pursuant to FRCP 26(e), POA's responses to these Requests are intended to be continuing in nature. Any Documents coming into your possession or that of your counsel that would change the responses in any way must be promptly furnished to Defendants' counsel. You are hereby notified that an order may be sought at trial barring the admission of any evidence that you have failed to disclose that was responsive to any Request herein.

9.  The singular form of a word shall refer to the plural as well, and where it is used in the masculine gender it also includes the feminine. The terms "and" or "or" shall each mean "and/or."

10. The Requests are not intended to require the production of Documents subject to the attorney-client privilege or work product doctrine.

11. Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), all ESI shall be produced in the format prescribed in the specifications attached to the email from Julie Anne Halter sent to POA's counsel on September 24, 2020.

12. Unless otherwise stated, the date range applicable to these discovery requests is from January 1, 2016 to the present.

**DEFINITIONS**

1.  The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these Interrogatories any response that might be deemed outside their scope by another construction.

2.  "Complaint" shall mean the Complaint filed by POA in the above-captioned case on April 20, 2020, docket no. 1.

3.  "Communication" means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of Documents and includes any transfer of data from one location to another by electronic or similar means.

4.  "Dealer Agreement" shall mean the dealer agreement entered into between PBI and POA effective June 30, 2016 and attached as Exhibit 1 to the Complaint.

5.  "Defendants" shall mean all of the Defendants, collectively, in the above-captioned case, and "Defendant" shall mean in any defendant in the above-captioned case.

6.  "Document" and "Documents" shall have the broadest meaning possible under the Federal Rules of Civil Procedure.

7.  "Mailing Equipment" shall have the meaning of "mailing equipment" in paragraph 31 of the Complaint. By using this definition, Defendants do not admit, expressly or tacitly, that Mailing Equipment is a relevant product market or product sub-market for antitrust purposes.

8.  "PBI" shall mean Pitney Bowes Inc., and all persons acting on its behalf.

9.  "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organization, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or departments, and the agents, servants, and employees of same. All references to any Person includes his or her employees, agents, servants, subsidiaries, parent companies, affiliated companies and any other Person or entity or representative acting or purporting to act on behalf or under his or her control.

10. "Related to" or "Relating to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

11. "You," "your," "yourself," "POA," and "Plaintiff" shall mean Plaintiff Pacific Office Automation, Inc., and all other persons acting or purporting to act on POA's behalf or who have obtained information for and on POA's behalf during the relevant time period. This definition includes but is not limited to all current and past owners, partners, directors, executives, management, employees, agents, staff, and representatives.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 1.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 2:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 2.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 3:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 3.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 4:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 4.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 5:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 5.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 6:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 6.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 7:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 7.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 8:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 8.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 9:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 9.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 10:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 10.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 11:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 11.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 12:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 12.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 13:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 13.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 14:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 14.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 15:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 15.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 16:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 16.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 17**

Produce all Documents relating to the negotiation of the Dealer Agreement, including but not limited to all Documents that You contend contained misrepresentations of fact or omissions of fact during the negotiation of the Dealer Agreement.

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**. Additional documentation may exist, may be in the custody or control of PBI, and this response cannot be read to limit "all" Documents if additional information is discovered. Anything additionally discovered will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 18:** Produce all Documents evidencing agreements, contracts or understandings between any of the Defendants, on the one hand, and You on the other hand, including but not limited to the Dealer Agreement and amendments thereto, purchase orders, invoices, memoranda, letters, and emails.

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**. Additional documentation may exist, and this response cannot be read to limit "all" Documents. If additional information is discovered it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 19:** Produce all Documents, both internal and sent to PBI, relating to (a) the expiration of the Dealer Agreement; (b) any extensions of the Dealer Agreement; and (c) any replacement of the Dealer Agreement with a new agreement. This request includes any Documents assessing or evaluating the merits of any of the foregoing.

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223,** and expressly includes the Dealer Agreement extensions and negotiations for a new agreement. Documentation "assessing or evaluating the merits" of a new Dealer Agreement are the work product and/or attorney-client privileged communications of POA's counsel and not produced. POA is drafting a privilege log that to identify privileged information (and will produce it).

Additional documentation may exist, and this response should not be read to limit "all" Documents. If additional information is discovered it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 21:** Produce all Documents related to POA's participation in the "Smoke the Competition" contest run by Francotyp-Postalia in 2018-2019.

**RESPONSE:**

To the extent that any such Documents exist, they should be included in the documents produced via Dropbox. POA is presently unaware of any additionally responsive documents but will continue to run searches on its electronic mail server(s) and will supplement this response should something additional be discovered.

**REQUEST FOR PRODUCTION NO. 22:** Produce all Documents evidencing instances in which a Defendant used "POA's Confidential Customer Information for sales and marketing purposes without POA's written consent" as alleged paragraph 77(b) of the Complaint).

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**, and expressly includes instances of PBI using POA's confidential and/or customer information.

Additional documentation may exist, and this response should not be read to limit "all" Documents. If additional information is discovered it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 23:** Produce all Documents evidencing instances in which a Defendant "accus[ed] [POA] of 'interference' when competing with an existing customer" (as alleged in paragraph 61 of the Complaint).

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**, and expressly includes multiple instances of these allegations (as was fully responded to in the Interrogatory requesting the same information).

Additional documentation may exist, and this response should not be read to limit "all" Documents. If additional information is discovered it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 24:** Produce all Documents evidencing instances in which a Defendant refused to "provide POA with 'buyout' figures and/or necessary information of existing customers" (as alleged in paragraph 62(b) of the Complaint).

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**, and expressly includes multiple instances of these allegations (as was fully responded to in the Interrogatory requesting the same information).

Additional documentation may exist, and this response should not be read to limit "all" Documents. If additional information is discovered it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 25:** Produce (A) all Documents evidencing communications between any Defendant and POA related to instances in which a Defendant required "POA to utilize Pitney Bowes Leasing Affiliates on all transactions including only Pitney Bowes Products" (as alleged in paragraph 82(a) of the Complaint); and (B) all related Documents evidencing those instances.

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**, and expressly includes multiple instances of these allegations (as was fully responded to in the Interrogatory requesting the same information).

Additional documentation may exist, and this response should not be read to limit "all" Documents. If additional information is discovered it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 27:** Produce all Documents evidencing communications, whether internal or between any Defendant and POA regarding the training of POA's employees that would be required under the Dealer Agreement; who would be expected to attend the training; and what expenses any Defendant expected POA to pay in connection with that training.

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**, and expressly includes multiple items related to training.

Additional documentation may exist, and this response should not be read to limit "all" Documents. If additional information is discovered it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 28:** Produce all Documents evidencing communications between You and non-parties to this action that refer to, relate to, the allegations in the Complaint.

**RESPONSE:**

To the extent that any such Documents exist, they are included in the documents produced via Dropbox. POA is presently unaware of any additionally responsive documents, other than communications with legal counsel, that evidence communications about the allegations and/or PBI. If additional information is discovered, it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 30:** Produce all Documents evidencing Your communications or negotiations with any entity other than PBI to become an authorized dealer of postage meters, including but not limited to Neopost, Francotyp Postalia, and Data-Pac.

**RESPONSE:**

POA is presently unaware of any additionally responsive documents, other than communications with legal counsel, that evidence communications with other entities during the relevant time period. If information is discovered, it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 31:** Produce all Documents evidencing or supporting Your allegation in paragraph 63 of the Complaint that the alleged "anticompetitive acts" were "taken not only toward POA but to all Dealers of Pitney Bowes."

**RESPONSE:**

To the extent that POA has any such Documents, they are included in the documents produced via Dropbox. Such information is in the custody and control of PBI and/or third parties, not in the possession/control of POA. As POA discovers such information, it will disclose the information appropriately.

**REQUEST FOR PRODUCTION NO. 33:** Produce all Documents evidencing communications between POA and Defendants that refer to, relate to, the allegations in the Complaint.

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**, and expressly includes multiple items related to the allegations in the Complaint.

Additional documentation may exist, and this response should not be read to limit "all" Documents.  If additional information is discovered it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 34:** Produce all Documents evidencing the damages you allege in the Complaint.

**RESPONSE:**

POA has preliminarily disclosed such information in the documents produced via Dropbox. However, POA has expressly preserved its right to gather additional financial information, to supplement its responses, and to hire a qualified damage expert to assess damages. Such information will be provided in supplement to this response.

**REQUEST FOR PRODUCTION NO. 36**: Produce all Documents evidencing communications between or among Your employees, representatives, agents or contractors that refer to, relate to, support or contradict the allegations in the Complaint.

**RESPONSE:**

To the extent that POA has any such Documents, they are included in the documents produced via Dropbox.  POA has not withheld any known communications responsive to this request (other than attorney-client communications), but if any additional communications are discovered, they will be promptly disclosed in supplement.

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2020, I caused to be served a PDF version of the foregoing upon all counsel of record via electronic mail.

>Philip S. Van Der Weele
>Email: phil.vanderweele@klgates.com
>K&L Gates LLP
>One SW Columbia Street, Suite 1900
>Portland, Oregon  97204
>Telephone:     +1 503 228 3200
>Facsimile:     +1 503 248 9085
>Attorneys for Defendants

DATED this 4th day of December, 2020.

>/s/ Veronica L. Manolio
>Veronica L. Manolio, Admitted *Pro Hac Vice*