Jamison R. McCune, OSB No. 135547
Email: mccune@bodyfeltmount.com
BODYFELT MOUNT LLP
319 SW Washington St., Suite 1200
Portland, Oregon 97204
Telephone: (503) 243-1022
Facsimile: (503) 243-2019

Veronica L. Manolio
Email: vmanolio@mf-firm.com
MANOLIO & FIRESTONE, PLC
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona  85258
Telephone: (480) 222-9100
Facsimile: (480) 222-9106
*Admitted Pro Hac Vice*

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION INC., an Oregon corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PITNEY BOWES INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation,<br><br>    Defendants. | Case No. 3:20-cv-00651-AC<br><br>**PLAINTIFF'S <u>SUPPLEMENTAL</u> RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION** |

   Pursuant to Rule 34, Federal Rules of Civil Procedure and the recent order of the Court, Plaintiff Pacific Office Automation ("POA") hereby supplementally responds to the Defendants'

First Requests for Production.  ***Supplemental information appears in bold italics. Information that has changed (and/or no longer applicable) has been deleted.***

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  Produce any and all Documents You relied upon in answering Defendants' Interrogatory 1.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 2:**  Produce any and all Documents You relied upon in answering Defendants' Interrogatory 2.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 3:**  Produce any and all Documents You relied upon in answering Defendants' Interrogatory 3.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 4:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 4.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 5:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 5.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 6:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 6.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**SUPPLEMENT TO RFPs 1-6**

*The Responsive Email Spreadsheet ("Spreadsheet"), which was first disclosed on December 4, 2020 identifies documents responsive to each these Requests for Production, individually, and the related emails were provided in native electronic format so that they can be readily searched electronically. POA further supplements its prior responses to clarify and ensure that Pitney understands:*

*Every RFP and NUI were fulsomely answered by POA's in-house counsel having done a comprehensive, COMPANY-WIDE search of email. Every single email sent to or from a Pitney account (no matter how mundane and regardless of identity of the recipients/senders) was identified, gathered and reviewed for privilege. From this entire "universe" of Pitney emails POA was able to extract and respond to the specific requests for information. POA makes it clear that <u>the email mailbox of Douglas Pitassi was included in the search and that POA has provided any and all emails from Mr. Pitassi's email. Nothing has been withheld</u>.*

*Even though POA was not ordered to supplement these specific RFPs, it makes these supplemental statements in the exercise of good faith and compliance.*

**REQUEST FOR PRODUCTION NO. 7:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 7.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

*In addition, POA has identified (with specificity) those communications and conversations relied on to demonstrate the material misrepresentations and material omissions alleged. POA has identified a table of email communications, with sender/recipient and date stamps that are responsive to Interrogatory No. 7. POA further identifies the following items (which have already been produced to Pitney) that were relied up in answering No. 7:*

*Emails beginning in March 2016 from Rob Murray (POA) and to Kevin Thompson (Pitney) and back-and-forth discussing the Non-Disclosure Agreement used to start discussions of the parties' working relationship.*

*Emails on June 30th through July 7th between Rob Murray and Kevin Thompson and Greg Pattinson, detailing the Dealer Agreement and the revised terms; emails related to the*

*leasing terms (which financing companies could be used) and POA's request to change the information in the Dealer Agreement.*

*Email dated July 8th, attaching the executed version of the Dealer Agreement.*

*Emails starting October 20th from Pitney Bowes related to the NEW Compensation Program and follow up emails on October 21st through end of October between Rob Murray and Nicole O'Connell (other Pitney members cc'ed) regarding pricing, Send Pro 300 machines, and the new compensation program details.*

*The written materials (including pricing books and compensation programs) identified in Interrogatory Response No. 7 have already been produced and are incorporated herein by this reference.*

**REQUEST FOR PRODUCTION NO. 10:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 10.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 11:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 11.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 12:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 12.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 16:** Produce any and all Documents You relied upon in answering Defendants' Interrogatory 16.

**RESPONSE:**

Any and all documents used/relied upon in answering the Interrogatories have been produced via Dropbox, which includes several thousand email communications (in native format) and additional documents bearing Bates numbers **POA 000001 – 000223**.

**REQUEST FOR PRODUCTION NO. 23:** Produce all Documents evidencing instances in which a Defendant "accus[ed] [POA] of 'interference' when competing with an existing customer" (as alleged in paragraph 61 of the Complaint).

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**, and expressly includes multiple instances of these allegations (as was fully responded to in the Interrogatory requesting the same information).

Additional documentation may exist, and this response should not be read to limit "all" Documents. If additional information is discovered it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 24:** Produce all Documents evidencing instances in which a Defendant refused to "provide POA with 'buyout' figures and/or necessary information of existing customers" (as alleged in paragraph 62(b) of the Complaint).

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**, and expressly includes multiple instances of these allegations (as was fully responded to in the Interrogatory requesting the same information).

Additional documentation may exist, and this response should not be read to limit "all" Documents. If additional information is discovered it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 25:** Produce (A) all Documents evidencing communications between any Defendant and POA related to instances in which a Defendant <u>required</u> "POA to utilize Pitney Bowes Leasing Affiliates on all transactions including only Pitney Bowes Products" (as alleged in paragraph 82(a) of the Complaint); and (B) all related Documents evidencing those instances.

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**, and expressly includes multiple instances of these allegations (as was fully responded to in the Interrogatory requesting the same information).

Additional documentation may exist, and this response should not be read to limit "all" Documents. If additional information is discovered it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 27:** Produce all Documents evidencing communications, whether internal or between any Defendant and POA regarding the training of POA's employees that would be required under the Dealer Agreement; who would be expected to attend the training; and what expenses any Defendant expected POA to pay in connection with that training.

**RESPONSE:**

See, documents produced via Dropbox, which includes several thousand email communications (in native format) and documents bearing Bates numbers **POA 000001– 000223**, and expressly includes multiple items related to training.

Additional documentation may exist, and this response should not be read to limit "all" Documents. If additional information is discovered it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 28:** Produce all Documents evidencing communications between You and non-parties to this action that refer to, relate to, the allegations in the Complaint.

**RESPONSE:**

To the extent that any such Documents exist, they are included in the documents produced via Dropbox. POA is presently unaware of any additionally responsive documents, other than communications with legal counsel, that evidence communications about the allegations and/or PBI. If additional information is discovered, it will be properly supplemented.

**REQUEST FOR PRODUCTION NO. 30:** Produce all Documents evidencing Your communications or negotiations with any entity other than PBI to become an authorized dealer of postage meters, including but not limited to Neopost, Francotyp Postalia, and Data-Pac.

**RESPONSE:**

POA is presently unaware of any additionally responsive documents, other than communications with legal counsel, that evidence communications with other entities during the relevant time period. If information is discovered, it will be properly supplemented.

*POA specifically identifies that FP canceled its Dealer Agreement with POA after POA entered the Dealer Agreement with Pitney. POA is attempting to locate that written communication from FP and will produce it as soon as possible.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of April, 2021, I caused to be served a PDF version of the foregoing upon all counsel of record via electronic mail.

> Philip S. Van Der Weele
> Email: phil.vanderweele@klgates.com
> K&L Gates LLP
> One SW Columbia Street, Suite 1900
> Portland, Oregon  97204
> Telephone:    +1 503 228 3200
> Facsimile:     +1 503 248 9085
> Attorneys for Defendants

DATED this 20th day of April, 2021.

> /s/ Veronica L. Manolio
> Veronica L. Manolio, Admitted *Pro Hac Vice*