Jamison R. McCune, OR Bar No. 135547
mccune@bodyfeltmount.com
**BODYFELT MOUNT, LLP**
319 SW Washington Street, Suite 1200
Portland, Oregon 97204
(503) 243-1022
*Attorneys for Plaintiff*

Veronica L. Manolio, AZ Bar No. 020230
vmanolio@mf-firm.com
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
*Pro Hac Vice Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation,<br><br>             Plaintiff,<br>v.<br><br>PITNEY BOWES, INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES, LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; WHEELER FINANCIAL FROM PITNEY BOWES, INC., a Delaware corp.;<br><br>             Defendants. | Case No. 3:20-cv-00651-AC<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' THIRD MOTION TO COMPEL (RESPONSES TO INTERROGATORY NO. 17 AND TO THIRD REQUEST FOR PRODUCTION OF DOCUMENTS (REQUESTS 42-45))** |

Defendants' Third Motion to Compel (Responses to Interrogatory No. 17 and Third Request for Production of Documents Requests 42-45) (Doc. 71) should be denied. POA refused to answer Interrogatory "17" because it exceeds permissible discovery limits. The question is also burdensome and disproportionate to the needs of this case. Pitney never sought a meet and confer; no effort was made to resolve this issue.

Page 1 – PLAINTIFF'S RESPONSE TO DEFENDANTS' 3rd MOTION TO COMPEL (RESPONSES TO INTERROGATORY NO. 17 AND THIRD RFPs (Nos. 42-45))

RFPs 43-45 seek financial information that exceeds the scope of the parties' relationship and that is well outside of the permissible needs of the case. Nonetheless, POA readily offered to work with Pitney on a more narrow and reasonable solution. Pitney refused and now argues that POA has impermissibly withheld documents. POA's position is that Pitney did not address this issue with any good faith compromise for information that is needed.

Pitney has refused to engage in a productive process to receive information that is relevant and proportionate to the needs of the case. Instead, each time that Pitney does not get precisely what it wants, in the form it wants, it cries, "Motion to Compel." There is no justifiable reason for this motion.

## RESPONSIVE MEMORANDUM

**I.   RELEVANT FACTS**

Pitney served Interrogatories Nos. 1-16 on POA in October of last year. In its Response, POA specifically objected on grounds that "the number of Interrogatories far exceeds 16 and, in fact, exceeds the presumptive limit set by Rule 33, FRCP." POA clarified that it would answer all of the Interrogatories but "expressly reserve[d]" its right to object to further/excessive requests. That objection was clear and was provided to Pitney in the December 4, 2020 Responses. *See*, **Exhibit A** (Declaration of Counsel).

Before Pitney served Interrogatory No. 17, it made absolutely **no** effort to discuss the presumptive limits nor to provide its analysis on the "subparts" inquiry. Pitney simply served its additional Interrogatory on May 22, 2021. In late May and throughout June, counsel for the parties were working together to resolve deposition scheduling, calculating remaining discovery to be taken, and resolving prior discovery "issues" that Pitney had raised. Pitney never raised outstanding Interrogatory No. 17 as any issue.

On June 28, 2021, Pitney counsel wrote to POA and summarized the content of the Parties' June 2, 2021 meet and confer (held via Zoom and unrelated to Interrogatory No. 17). In this email, Pitney claimed that the Second Set of Interrogatories and Third Request for Production were now overdue so POA had "waived all potential objections." This appeared to be a "Gotcha!" move, and it was particularly troubling in light of the ongoing, cooperative efforts POA had been making to answer Pitney's ever-changing requests for information. *See*, **Exhibit B**.

Undersigned counsel responded to the June 28th email immediately and reminded Pitney that POA had made objections to additional Interrogatories on December 4, 2020. POA reiterated its objections and followed with formal Responses on July 8th. *Id*.

Since receiving the July 8, 2021 Responses/Objections, Pitney counsel has done absolutely **nothing** to meet, confer, or compromise on these issues. *Id*. Pitney simply reiterated its desire for all financial data it sought and indicated that a motion to compel would be forthcoming.

## II.  LAW AND ARGUMENT

### A.  There is No Basis to Compel Responses to Interrogatory No. 17.

#### 1.  Presumptive Limits

The parties agree that FRCP 33(a) sets a presumptive limit on the number of Interrogatories parties may propound, but they simply disagree about the application of "subparts" to the limitation. While Pitney's motion admits that at least 2 of its prior interrogatories contain distinct subparts, it denies that multiple others should be counted separately. This is an issue that Pitney should have addressed or explained before filing a motion to compel.

Had Pitney even bothered to meet/confer on this topic, perhaps the parties could have collaborated. Pitney chose to ignore the conferral process and jumped to filing.

Page 3 – PLAINTIFF'S RESPONSE TO DEFENDANTS' 3rd MOTION TO COMPEL (RESPONSES TO INTERROGATORY NO. 17 AND THIRD RFPs (Nos. 42-45))

### 2. Proportionality to the Needs of the Case

Regardless whether Pitney has propounded only 19 Interrogatories or is over the limit of 25, that issue is secondary. A more important issue is addressing the burden of what Pitney is asking for and how proportional it is to the needs of this case.

Interrogatory No. 17 asks POA to track 535 "pairs" of mailing machines that were sold (which includes 535 separately-labeled mailing machines and 535 separately-labeled scales) and identify: a) the serial numbers for each; b) the sales price of each; and c) the Customer identification of each. While doing this task would be onerous, it truly bears no weight on the issues in the case.

POA's theory on the SendPro 300s is that Pitney sold it these machines at a time it knew the product had already been "sunset" to be taken out of production. Pitney misstated the value of POA's purchase of these machines and omitted material facts in getting POA to buy more than five hundred thousand dollars ($500,000.00) worth of equipment that was sub-par.

It would not help Pitney to learn the serial numbers, sales prices, and customer identification of these machines. That is a matching game that makes no sense.

It **appears** what Pitney truly wants to understand is how many machines of the 535 pairs were sold and how many remain. Pitney wants to know the total price invested and whether POA took a loss. Pitney appears to want information about any customer refunds that POA gave.

If those were the questions asked, this Interrogatory may make sense. But pairing serial numbers and customer names has no bearing on the total amount of sales/total amount of loss. Again, had Pitney simply attempted a meet and confer on this issue, POA would reasonably accommodate a request for relevant damage information.

Unless and until Pitney exercises good faith, this Motion to Compel should be deemed premature.

Page 4 – PLAINTIFF'S RESPONSE TO DEFENDANTS' 3rd MOTION TO COMPEL (RESPONSES TO INTERROGATORY NO. 17 AND THIRD RFPs (Nos. 42-45))

### B. There is No Basis to Compel Responses to RFPs 42-45.

#### 1. RFP No. 42

RFP asks for information used in answering Interrogatory No. 17. Because the motion is premature on the Interrogatory, compelling the corresponding RFP is also unnecessary. The parties should meet and confer on Interrogatory No. 17/RFP No. 42 collectively and work out a reasonable solution.

#### 2. RFP Nos. 43-45

Pitney's RFPs for financial information blanketly seeks all of POA's

- Audited Income Statements and Statements of Cash Flow
- Income Statements prepared for Federal Tax Returns, and particularly those Statements used to create K-1s or Form 1120-S Shareholder forms.

These requests seek documents from 2014 to 2020, despite the fact that POA was not even doing business with Pitney until the end of **2016.**

POA objected to these requests because they are overbroad in time and seek more information than is necessary or proportionate to the needs of this case.

Pitney argues that it needs this financial information to "test the validity" of POA's claimed profit margin on mailing machines and related servicing. That argument ignores the fact that POA is an extremely large corporation with hundreds of millions of dollars in revenue annually. Mailing machines is a tiny "sliver" of the overall income. Rather than seeking information directly related to mailing equipment/services, Pitney has asked POA to provide its overall statements that show all manufacturer's equipment (cost of goods), all expenses paid by the company, all salesperson compensation, benefits, etc., and net profitability for the company as a whole. That is not relevant.

POA is more than willing to find a middle ground solution on requested financial data and would certainly provide documents limited to the relevant time period. But,

Page 5 – PLAINTIFF'S RESPONSE TO DEFENDANTS' 3rd MOTION TO COMPEL (RESPONSES TO INTERROGATORY NO. 17 AND THIRD RFPs (Nos. 42-45))

once again, Pitney did not wish to confer about a lesser request nor offer a compromise. This "Third" Motion to Compel was filed without even an **attempt** to resolve the issue without Court intervention.

In addition, POA remains puzzled why **counsel** seeks financial data to "see what gross margins are" and to "test the validity" of claimed profits. Those are issues for an expert, and Pitney made it clear in the beginning of this case that it wished expert discovery to be "Phase 2" of this matter. This is a prime example how Pitney made this "Phase" suggestion but then blurs the lines between what is fact discovery and what should be considered expert discovery. POA has clearly preserved its right to hire a **damage** expert and to provide expert report(s) on damages, and disclosure of financial information should be consistent with the damage analysis by expert(s).

Just as with the request above, POA suggests that the Court deny this motion as premature and order the parties to cooperate on a better delineation of what "Phase 1" and "Phase 2" mean to Pitney. Counsel should collaborate on a less broad set of financial data, meant to truly capture the issues in this case (and not the overall financial picture of POA). Until that occurs, there is no justifiable reason to grant Pitney's "Third" motion.

### III.  CONCLUSION

This motion should not be granted for the sheer fact that Pitney has done nothing to meet, confer, or reasonably work on limiting these specific discovery requests. POA remains open and willing to good faith consultation on damages, which is what each one of these requests ultimately seeks.

Pitney should be instructed to do a more meaningful conferral on these topics **and** to clarify for POA and the Court what it believes (specifically) is encompassed in the "Phase 1" and "Phase 2" designations it requested at the beginning of this case.

Page 6 – PLAINTIFF'S RESPONSE TO DEFENDANTS' 3rd MOTION TO COMPEL (RESPONSES TO INTERROGATORY NO. 17 AND THIRD RFPs (Nos. 42-45))

DATED this 18th day of August, 2021.

| | |
|---|---|
| BODYFELT MOUNT LLP | MANOLIO & FIRESTONE, PLC |
| By: /s/ Jamison R. McCune<br>   Jamison R. McCune, OSB #135547<br>   Email: mccune@bodyfeltmount.com<br>   Phone: (503) 243-1022<br>   *Local Attorneys for Plaintiff* | By: /s/ Veronica L. Manolio<br>   Veronica L. Manolio, AZ Bar No. 020230<br>   Email: vmanolio@mf-firm.com<br>   Phone: (480) 222-9100<br>   *Pro Hac Vice Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served upon all counsel of record to this matter via the Court's CM/ECF System.

| | |
|---|---|
| Philip Van Der Weele, OSB #863650<br>K&L GATES LLP<br>One SW Columbia Street, Suite 1900<br>Portland, OR 97204<br>Tel.: (503) 226-5727\Fax: (503) 248-9085<br>Email: phil.vanderweele@klgates.com<br>   *Attorneys for Defendants* | Jamison R. McCune, OSB #135547<br>BODYFELT MOUNT LLP<br>319 SW Washington St., Suite 1200<br>Portland, OR 97204<br>Tel: 503-243-1022<br>Email: mccune@bodyfeltmount.com<br>   *Local Attorney for Plaintiff* |

By: /s/ Veronica Manolio

Page 7 – PLAINTIFF'S RESPONSE TO DEFENDANTS' 3rd MOTION TO COMPEL (RESPONSES TO INTERROGATORY NO. 17 AND THIRD RFPs (Nos. 42-45))