Philip S. Van Der Weele, OSB #863650
Email: phil.vanderweele@klgates.com
Elizabeth H. White, OSB # 204729
Email: elizabeth.white@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon  97204
Telephone: (503) 228-3200/Facsimile: (503) 248-9085

Attorneys for Defendants Pitney Bowes Inc.,
Pitney Bowes Global Financial Services LLC,
The Pitney Bowes Bank, Inc., and Wheeler
Financial from Pitney Bowes Inc.

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation,<br><br>                              Plaintiff,<br>v.<br><br>PITNEY BOWES, INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES, LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; WHEELER FINANCIAL FROM PITNEY BOWES, INC., a Delaware corp.;<br><br>                             Defendants. | Case No. 3:20-cv-00651-AC<br><br>**JOINT STATUS REPORT FOR SEPTEMBER 14, 2021 STATUS CONFERENCE** |

In anticipation of the Status Conference set in this case for September 14, 2021, undersigned counsel for the parties have met and conferred and agreed to jointly file this

Page 1 – JOINT STATUS REPORT

Status Report.

1. **Potential Resolution of Two Outstanding Discovery Motions**

Three discovery motions brought by defendants have been fully briefed. Although no definitive resolution has been reached, the parties believe that it may be possible to resolve two of those three motions without a decision from the Court. Therefore, the parties ask the Court to defer ruling on (1) Defendants' Motion to Modify the Stipulated Protective Order for the Limited Purpose of Obtaining a Response to Interrogatory 14 (Doc. 69) and (2) Defendants' Third Motion to Compel (Doc. 71). The parties will ultimately advise the Court whether they have resolved those motions or whether further intervention by the Court is necessary.

2. **Case Schedule Following the Completion of Fact Discovery**

As a result of extensive discussions consistent with the Court's Order in Doc. 59, the parties have reached an agreement, subject to the Court's approval, on a case schedule for expert discovery and summary judgment motions <u>following</u> completion of fact discovery. The proposed schedule bifurcates expert disclosures/depositions and dispositive motions into a liability phase and a contingent damages phase. Because (as discussed in more detail in point 3), the parties have not yet reached an agreement on an end date for completion of fact discovery, the proposed scheduled set forth in the chart that follows shows the intervals between events rather than actual dates. The parties hope that by the time of the next status conference requested in point 3, they will have been able to reach an agreement on a closing date for fact discovery and hence be able to present to the Court a chart with at least some actual dates for Phase 1 of the Proposed Schedule.

| Phase 1: Expert Reports/Disclosures, Expert Depositions, and Dispositive Motions on All <u>Liability</u> Issues ||
|---|---|
| **Event** | **Deadline** |
| Deadline for all Phase 1 expert reports and expert disclosures (FRCP 26(a)(2)(B) and 26(a)(2)(C)), covering all <u>liability</u> issues as to which a party has the burden | 60 days after a to-be-agreed-upon (or court-ordered) date for the completion of fact discovery. |
| Completion of depositions of all Phase 1 experts who made reports/disclosures under either FRCP 26(a)(2)(B) and 26(a)(2)(C)) | 30 days after expert reports/disclosures served<br><br>(Note: The party on whose behalf any expert report or disclosure was made must make that expert available for a deposition within 30 days of the submission of the report/disclosure) |
| Phase 1 Rebuttal expert reports/disclosures ((FRCP 26(a)(2)(B) and 26(a)(2)(C)) | 60 days after last-completed Phase 1 expert deposition |
| Depositions of Phase 1 Rebuttal Experts | 30 days after Phase 1 rebuttal expert reports/disclosures<br><br>(Note: The party on whose behalf any rebuttal expert report or disclosure was made must make that expert available for a deposition within 30 days of the submission of the report/disclosure) |
| Deadline for filing Dispositive Motions for Phase 1 - all liability issues | 60 days after last deposition of a Phase 1 rebuttal expert |

| **Phase 2: Expert Reports/Disclosures, Expert Depositions, and Dispositive Motions on All <u>Damage</u> Issues (Phase 2 is contingent on Phase 1 summary judgment motions having been denied)** ||
|---|---|
| EVENT | DEADLINE |
| Deadline for all Phase 2 expert reports and expert disclosures ((FRCP 26(a)(2)(B) and 26(a)(2)(C)) on <u>damages</u> issues as to which a party has the burden | 30 days after Article III Judge or Magistrate Judge to whom the parties have consented to serve as an Article III Judge rules on Phase 1 Dispositive Motions |
| Completion of depositions of all Phase 2 experts who made reports/disclosures under either FRCP 26(a)(2)(B) and 26(a)(2)(C)) | 30 days after expert reports/disclosures<br><br>(Note: The party on whose behalf any expert report or disclosure was made must make that expert available for a deposition within 30 days of the submission of the report/disclosure) |
| Phase 2 Rebuttal expert reports/disclosures ((FRCP 26(a)(2)(B) and 26(a)(2)(C)) (Damages) | 60 days after last-completed Phase 2 expert deposition |
| Depositions of Phase 2 Rebuttal Experts | 30 days after rebuttal expert reports/disclosures<br><br>(Note: The party on whose behalf any rebuttal expert report or disclosure was made must make that expert available for a deposition within 30 days of the submission of the report/disclosure) |
| Deadline for filing Dispositive Motions in "Phase 2" - all damage issues | 60 days after the last deposition of a Phase 2 rebuttal expert |

3. **Deadline for Completion of Fact Discovery and Request for Another Status Conference**

Without either party's waiving (a) any rights as to objections already made to discovery requests or (b) any timely future objections to be made to outstanding or future discovery requests, the parties request that the September 22, 2021 deadline for completion of fact discovery (per Doc. 62) be stricken.

Because the parties have not yet agreed on a new deadline for completion of fact discovery, they jointly request that the Court set an additional Status Conference at a time and date convenient to the Court, but no sooner than October 31, 2021, to discuss the deadline for completion of fact discovery and definitive dates for events following the completion of fact discovery, to the extent that such dates can be set consistent with the chart above.

4. **Effect of Striking of Deadline for Completion of Fact Discovery on Deadline for Serving Additional Written Discovery Requests**

Plaintiff's Position: recent meet and confer attempts have highlighted both sides' belief that some (albeit limited) additional fact discovery is necessary. Plaintiff believes that additional written discovery requests may be necessary if Defendants are unwilling to produce items without formal requests. However, Plaintiff agrees to cooperate in good faith and to attempt all means to achieve discovery without delay or court intervention.

Defendants' Position: By agreeing to strike the September 22, 2021 deadline for <u>completion</u> of fact discovery, Defendants are not also agreeing to automatically extend the deadline for the <u>serving</u> any additional written discovery requests, which Defendants contend was August 23, 2021 per L.R. 16-2(e)(4). Defendants are not insisting that all additional discovery requests be formally denominated as such (for example, a document request could be made by email), but Defendants are insisting that any additional discovery requests be in writing. Defendants will evaluate additional discovery requests

in good faith on a request-by-request basis when they receive them, but Defendants are reserving all objections to those requests, including the objection of untimeliness.

Respectfully submitted this 7th day of September, 2021.

| BODYFELT MOUNT LLP | MANOLIO & FIRESTONE, PLC |
|---|---|
| By: /s/ Jamison R. McCune <br> Jamison R. McCune, OSB #135547 <br> Email: mccune@bodyfeltmount.com <br> Phone: (503) 243-1022 <br> *Local Attorneys for Plaintiff* | By: /s/ Veronica L. Manolio <br> Veronica L. Manolio, AZSB # 020230 <br> Email: vmanolio@mf-firm.com <br> Phone: (480) 222-9100 <br> *Pro Hac Vice Attorneys for Plaintiff* |
| | K&L GATES LLP <br><br> By: /s/ Philip Van Der Weele <br> Philip Van Der Weele, OSB # 863650 <br> Email: phil.vanderweele@klgates.com <br> Phone: (503) 228-2300 <br> *Attorneys for Defendants* |

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served upon Plaintiff's counsel of record to this matter via the Court's CM/ECF System:

| | |
|---|---|
| Veronica L. Manolio, AZSB # 020230<br>MANOLIO & FIRESTONE, PLC<br>8686 E. San Alberto Dr., Suite 200<br>Scottsdale, Arizona 85258<br>Email: vmanolio@mf-firm.com<br>Phone: (480) 222-9100<br>*Pro Hac Vice Attorneys for Plaintiff* | Jamison R. McCune, OSB #135547<br>BODYFELT MOUNT LLP<br>319 SW Washington St., Suite 1200<br>Portland, OR 97204<br>Tel: 503-243-1022<br>Email: mccune@bodyfeltmount.com<br>*Local Attorney for Plaintiff* |

DATED this 7th day of September, 2021.

    K&L GATES LLP

    By: /s/ Philip Van Der Weele
    Philip Van Der Weele, OSB #863650