Philip S. Van Der Weele, OSB #863650
Email: phil.vanderweele@klgates.com
Elizabeth H. White, OSB #204729
Email: elizabeth.white@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200/Facsimile: (503) 248-9085

*Attorneys for Defendants Pitney Bowes Inc.,
Pitney Bowes Global Financial Services LLC,
The Pitney Bowes Bank, Inc., and Wheeler
Financial from Pitney Bowes Inc.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION, INC., an Oregon corporation,<br><br>                            Plaintiff,<br>v.<br><br>PITNEY BOWES, INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES, LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; WHEELER FINANCIAL FROM PITNEY BOWES, INC., a Delaware corp.;<br><br>                            Defendants. | Case No. 3:20-cv-00651-AC<br><br>**JOINT STATUS REPORT OF JANUARY 24, 2022, AND REQUEST FOR A STATUS CONFERENCE** |

       Pursuant to this Court's Order of December 28, 2021 (Doc. 92), the undersigned counsel for the parties have met and conferred and agreed to file this Joint Status Report.

Page 1 – JOINT STATUS REPORT

311644353.1

1. **Request for a Status Conference**

The parties request a Status Conference in the latter part of February 2022.

2. **Status of Defendants' Three Discovery Motions**

   The status of the three discovery motions brought by defendants and addressed in the September 7, 2021 and December 7, 2021 Joint Status Reports is as follows:

   a. Renewed Motion to Compel: This Motion (Doc. 67) remains unresolved. This Motion had been set for oral argument on December 14, 2021 (Doc. 86), and Defendants request that it be heard at the next Status Conference.

   b. Motion to Modify Stipulated Protective Order: The parties reported that they had resolved this motion (Doc. 69) without the need for the Court's intervention, and the Court therefore denied the motion as moot (Doc. 86).

   c. Third Motion to Compel (Doc 71):

      1) <u>Defendants' Position:</u> The parties jointly requested deferral of a ruling on Defendants' Third Motion to Compel, which encompasses Defendants' Third Request for Production of Documents and Interrogatory 17, in their September 7, 2021, Joint Status Report. Since then, counsel have had three meet and confer conferences that included the Third Motion to Compel (November 3, November 17, and November 24), and POA produced some documents in accordance with the parties' agreement to modify the scope of certain requests on November 15 and November 19. By email dated December 1, 2021, Defendants' counsel advised POA's counsel of issues that remained outstanding. Defendants do not know whether POA is going to produce documents sufficient to resolve these issues, so Defendants continue to reserve their right to pursue their

Third Motion to Compel. Defendants will advise the Court at the next status conference whether they seek a hearing on their Third Motion to Compel.

2) <u>Plaintiff's Position</u>: Plaintiff believes that it has continually acted in good faith, both trying to understand the nature of Defendants' allegedly "missing" responses and to provide Defendants with documents, an informal "interview" of a damage witness, and financial information beyond what was sought in the discovery. Plaintiff's counsel has remained communicative and willing to cooperate, and the parties are still engaged in good faith attempts to resolve this matter (with additional responses forthcoming). Therefore, Plaintiff believes that this motion is not ripe for any argument to or decision by the Court; the parties should be ordered to continue working in good faith to resolve the motion prior to the date this Court sets for the upcoming status conference.

**3. Potential Fourth Motion to Compel**

<u>Defendants' Position</u>: Defendants served their Fourth Requests for Production on Plaintiff on August 23, 2021. To date, plaintiff has not produced either written responses to these requests or any responsive documents. However, the parties have conferred about the requests and may be able to resolve some or all of them. Defendants reserve their right to file a motion to compel responses to these requests, including, but not limited to, on the basis that Plaintiff failed to serve responses and objections to the requests. Defendants will advise the Court at or before the next Status Conference whether they intend to file a Fourth Motion to Compel.

<u>Plaintiffs' Position</u>: Plaintiffs have been working with Defendants, in good faith, to provide items requested in the Fourth Requests for Production, despite a belief that

Page 3 – JOINT STATUS REPORT

311644353.1

many of the items sought are requested for improper purposes. Counsel has remained committed and has kept defense counsel abreast of progress, even during the holidays, the parties' travel schedules, and despite various COVID-related delays. Plaintiff does not believe that the Fourth Request for Production will become an issue for the Court and fully intends to have this matter resolved before the next status conference; Plaintiff also believes it is inappropriate to raise a "potential" issue before it is ripe. However, Plaintiff will remain committed to resolving any and all disputes to avoid further intervention by the Court or a waste of any party's time or resources.

**4.     Case Schedule Following the Completion of Fact Discovery**

As a result of extensive discussions consistent with the Court's Order in Doc. 59, the parties have reached an agreement, subject to the Court's approval, on a case schedule for expert discovery and summary judgment motions <u>following</u> completion of fact discovery. The proposed schedule bifurcates expert disclosures/depositions and dispositive motions into a liability phase and a contingent damages phase. Because (as discussed in more detail in point 5), the parties have not yet reached an agreement on an end date for completion of fact discovery, the proposed scheduled set forth in the chart that follows shows the intervals between events rather than actual dates.

<u>Plaintiff's Position</u>:  Plaintiff believes that fact discovery can be completed no later than March 31, 2022, and the remaining deadlines can be set based on the proposed dates in the following chart after a March 31st deadline.

<u>Defendants' Position</u>: Although Defendants do not necessarily oppose a March 31, 2022 deadline for the completion of fact discovery, Defendants believe that setting a deadline for the completion of fact discovery depends on a number of factors, which are set forth in point 5 below.

# CHART OF AGREED-UPON CASE SCHEDULE FOLLOWING THE COMPLETION OF FACT DISCOVERY

| **Phase 1: Expert Reports/Disclosures, Expert Depositions, and Dispositive Motions on All <u>Liability</u> Issues** |  |
|---|---|
| Event | Deadline |
| Deadline for all Phase 1 expert reports and expert disclosures (FRCP 26(a)(2)(B) and 26(a)(2)(C)), covering all <u>liability</u> issues as to which a party has the burden | 60 days after a to-be-agreed-upon (or court-ordered) date for the completion of fact discovery. |
| Completion of depositions of all Phase 1 experts who made reports/disclosures under either FRCP 26(a)(2)(B) and 26(a)(2)(C)) | 30 days after expert reports/disclosures served<br><br>(Note: The party on whose behalf any expert report or disclosure was made must make that expert available for a deposition within 30 days of the submission of the report/disclosure) |
| Phase 1 Rebuttal expert reports/disclosures ((FRCP 26(a)(2)(B) and 26(a)(2)(C)) | 60 days after last-completed Phase 1 expert deposition |
| Depositions of Phase 1 Rebuttal Experts | 30 days after Phase 1 rebuttal expert reports/disclosures<br><br>(Note: The party on whose behalf any rebuttal expert report or disclosure was made must make that expert available for a deposition within 30 days of the submission of the report/disclosure) |
| Deadline for filing Dispositive Motions for Phase 1 - all liability issues | 60 days after last deposition of a Phase 1 rebuttal expert |

| **Phase 2: Expert Reports/Disclosures, Expert Depositions, and Dispositive Motions on All <u>Damage</u> Issues (Phase 2 is contingent on Phase 1 summary judgment motions having been denied)** ||
| EVENT | DEADLINE |
|---|---|
| Deadline for all Phase 2 expert reports and expert disclosures ((FRCP 26(a)(2)(B) and 26(a)(2)(C)) on <u>damages</u> issues as to which a party has the burden | 30 days after Article III Judge or Magistrate Judge to whom the parties have consented to serve as an Article III Judge rules on Phase 1 Dispositive Motions |
| Completion of depositions of all Phase 2 experts who made reports/disclosures under either FRCP 26(a)(2)(B) and 26(a)(2)(C)) | 30 days after expert reports/disclosures<br><br>(Note: The party on whose behalf any expert report or disclosure was made must make that expert available for a deposition within 30 days of the submission of the report/disclosure) |
| Phase 2 Rebuttal expert reports/disclosures ((FRCP 26(a)(2)(B) and 26(a)(2)(C)) (Damages) | 60 days after last-completed Phase 2 expert deposition |
| Depositions of Phase 2 Rebuttal Experts | 30 days after rebuttal expert reports/disclosures<br><br>(Note: The party on whose behalf any rebuttal expert report or disclosure was made must make that expert available for a deposition within 30 days of the submission of the report/disclosure) |
| Deadline for filing Dispositive Motions in "Phase 2" - all damage issues | 60 days after the last deposition of a Phase 2 rebuttal expert |

5. **Deadline for Completion of Fact Discovery – To be addressed at next status conference**

Without either party's waiving (a) any rights as to objections already made to discovery requests or (b) any timely future objections to be made to outstanding or future discovery requests, the parties requested in their last Joint Status Report (Doc. 82) that the September 22, 2021, deadline for completion of fact discovery (per Doc. 62) be stricken.

The parties agree that a deadline for the completion of fact discovery should not be set until after: 1) the Court rules on Defendants' Renewed Motion to Compel and Plaintiff has complied with whatever it is ordered to do; 2) the parties report whether they were able to resolve Defendants' pending Third Motion to Compel; and, if they were not, until outstanding issues related to the Third Motion are resolved; and 3) Defendants determine whether they will need to file a Fourth Motion to Compel, and, if so, until it is fully resolved.

The parties request that the Court hold a further status conference in late February to determine whether it is feasible at that time to establish a date for the close of fact discovery and definitive dates for events following the completion of fact discovery consistent with the chart above.

6. **Effect of Striking of Deadline for Completion of Fact Discovery on Deadline for Serving Additional Written Discovery Requests**

Plaintiff's Position: The recent meet and confer attempts have highlighted both sides' belief that some (albeit limited) additional fact discovery is necessary, and Plaintiff believes that the parties have been making all good faith efforts to resolve discovery matters without the need for any additional formal requests. Plaintiff agrees to cooperate

in good faith and to attempt all means to achieve discovery without delay or court intervention.

Defendants' Position: Consistent with what they said in the September 7, 2021 Joint Status Report, Defendants, by having previously agreed to strike the September 22, 2021, deadline for <u>completion</u> of fact discovery and by proposing that fact discovery not be closed prior to the resolution of the Renewed, the Third, and the potential Fourth Motions to Compel, did not and do not also agree to automatically extend the deadline for the <u>serving</u> any additional written discovery requests, which Defendants contend was August 23, 2021, per L.R. 16-2(e)(4). Plaintiff has propounded additional requests to Defendants, at least some of which Defendants contend are not timely. Without waiving any objections, Defendants nonetheless are working with Plaintiff on these requests to resolve them. Defendants continue to reserve all objections to any additional requests from Plaintiff (which requests must be in writing), including the objection of untimeliness.

Respectfully submitted this 24th day of January, 2022.

| BODYFELT MOUNT LLP | MANOLIO & FIRESTONE, PLC |
|---|---|
| By: s/ Jamison R. McCune<br>Jamison R. McCune, OSB #135547<br>Email: mccune@bodyfeltmount.com<br>Phone: (503) 243-1022 | By: s/ Veronica L. Manolio<br>Veronica L. Manolio, AZSB # 020230<br>Email: vmanolio@mf-firm.com<br>Phone: (480) 222-9100 |
| *Local Attorneys for Plaintiff* | *Pro Hac Vice Attorneys for Plaintiff* |

K&L GATES LLP

By: s/ Philip Van Der Weele
Philip Van Der Weele, OSB # 863650
Email: phil.vanderweele@klgates.com
Phone: (503) 228-2300
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served upon Plaintiff's counsel of record to this matter via the Court's CM/ECF System:

| | |
|---|---|
| Veronica L. Manolio, AZSB # 020230<br>MANOLIO & FIRESTONE, PLC<br>8686 E. San Alberto Dr., Suite 200<br>Scottsdale, Arizona 85258<br>Email: vmanolio@mf-firm.com<br>Phone: (480) 222-9100<br><br>*Pro Hac Vice Attorneys for Plaintiff* | Jamison R. McCune, OSB #135547<br>Eric (Skip) Winters, OSB #944669<br>BODYFELT MOUNT LLP<br>319 SW Washington St., Suite 1200<br>Portland, OR 97204<br>Tel: 503-243-1022<br>Email: mccune@bodyfeltmount.com<br><br>*Local Attorney for Plaintiff* |

DATED this 24th day of January, 2021.

    K&L GATES LLP

    By:  s/ Philip Van Der Weele
    Philip Van Der Weele, OSB #863650