Philip S. Van Der Weele, OSB #863650
Email: phil.vanderweele@klgates.com
Elizabeth White, OSB #204729
Email: elizabeth.white@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200
Facsimile: (503) 248-9085

Attorneys for Defendants Pitney Bowes Inc.,
Pitney Bowes Global Financial Services LLC,
The Pitney Bowes Bank, Inc., and Wheeler
Financial from Pitney Bowes Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION INC., an Oregon corporation, | Case No. 3:20-cv-00651-AR |
| Plaintiff, | |
| v. | **DEFENDANTS' REQUEST FOR HEARING ON THIRD MOTION TO COMPEL (AS MODIFIED)** |
| PITNEY BOWES INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation, | **Oral Argument Requested** |
| Defendants. | |

## REQUEST FOR HEARING

Defendants Pitney Bowes Inc. ("PBI"), Pitney Bowes Global Financial Services LLC, The Pitney Bowes Bank, Inc., and Wheeler Financial from Pitney Bowes Inc. (collectively "Defendants") respectfully request that the Court calendar a hearing for oral argument on Defendants' Third Motion to Compel ("Third MTC"), as modified through negotiation between the parties to this action, as they have been unable to fully resolve the subjects of the Third MTC. PBI makes this request pursuant to the Court's Minute Order following the February 22, 2022 status conference, stating that "Defendant to advise the Court whether ruling [on Defendants' Third Motion to Compel] is necessary." ECF No. 96.

## BACKGROUND

Defendants are requesting a hearing on their Third Motion to Compel, but the issues are now much different than when Defendants originally filed the Third MTC. On August 2, 2021, Defendants filed the Third MTC, moving the Court for an Order compelling Plaintiff Pacific Office Automation Inc. ("POA" or "Plaintiff") to provide responses to Interrogatory No. 17 from Defendants' Second Set of Interrogatories and to Requests for Production 42-45 from Defendants' Third Requests for Production (ECF No. No. 71). Defendants requested oral argument. POA filed its response on August 18, 2021. ECF No. No. 78.

After POA filed its response, the parties continued to meet and confer, the result of which was three-fold. First, Defendants agreed to modify the Third Requests, so that, instead of asking for financial information about POA as a whole, Defendants would limit the requests to financial information about POA's line of business as a purchaser and reseller of products related to mailing. Second, the parties reported to the Court that they wished to defer hearing on the Third MTC pending potential resolution between the parties. ECF Nos. 82 (Sept. 7, 2021 Joint Status Report) and 88 (Dec. 7, 2021 Joint Status Report). Third, POA partially answered Interrogatory 17 and produced some documents responsive to the Third Requests for Production as modified. The most recent of those productions was more than four months ago, in November 2021.

That November 2021 production, however, still had some documents and information missing, even under the modified scope Defendants had agreed to. Therefore, following the November 2021 production, on December 1, 2021, PBI wrote an email to POA outlining the items still outstanding in connection with the interrogatory and requests for production, as modified. That December 1 email also confirmed a previous agreement that PBI would conduct an interview (in lieu of a deposition) of a POA executive regarding POA's financial information. Declaration of Philip Van Der Weele ("Van Der Weele Decl."), ¶ 4, and Exhibit A thereto at 2-4. These outstanding items were:

- The provision of additional information in response to Interrogatory 17, which addressed SP300 machines that Defendant PBI had sold to POA;

- Clarification regarding POA's damages theory with respect to the SP300 machines;

- Additional POA financial information related to the relationship between PBI and POA (and potentially between PBI and third party Francotyp-Postalia and POA); and

- An interview of Mr. Brooks Newsom, POA Director and Chief Financial Officer, regarding POA's financial data.

*See* Ex. A at 2-4.[1]

POA has not produced any of the information requested in the December 1 email, despite repeated requests for it, and despite repeated representations to the Court that it would do so. After December 1, but before the filing of a Joint Status Report on January 24, 2022, PBI re-sent

---

[1] The December 1 email referenced a November 24, 2021 email in which PBI outlined the questions it wished to ask Mr. Newsom. Some of those questions might require additional documents (still within the scope of the Third Requests as modified to answer. To the extent those questions do require additional documents to answer, Defendants seek the production of those additional documents before the interview of Mr. Newsom. The November 24, 2021 email is authenticated at paragraph 5 of the Van Der Weele Declaration and attached thereto as Exhibit B.

the December 1 email to POA *four times*.  POA did not deny that it owed the additional documents and information, but neither has POA produced any of the requested documents or information.  Van Der Weele Decl. ¶ 6.  Nevertheless, in a Joint Status Report dated January 24, 2022, POA stated, with respect to the Third MTC: "Plaintiff's counsel has remained communicative and willing to cooperate, and the parties are still engaged in good faith attempts to resolve this matter *(with additional responses forthcoming)*."  ECF No. 93 at 3 (emphasis added).  POA did not, however, provide any further documents or information before the Status Conference that took place on February 22, 2022.

At the Status Conference on February 22, 2022, POA's counsel never suggested that Defendants were not entitled to what they were asking for and once again reiterated her promises to provide additional information:

> THE COURT: . . . Let's go back to the third motion to compel and the possible fourth motion. With respect to the third motion, Mr. Van Der Weele, just to summarize, you said you're still waiting for a response from POA. Ms. Manolio, your thoughts?
>
> MS. MANOLIO: I have absolutely been working with Mr. Van Der Weele, have given subsequent information, *still have subsequent information to give*. And so that everyone feels comfortable, I'm actually flying up to Portland tomorrow to meet with POA and go through documents in person to produce what I know is still outstanding to Mr. Van Der Weele, but I've been trying to just get a time with their CFO to sit down and go through documentation. But I don't believe it's -- that the third [motion to compel] is at issue or is going to become an issue, as I don't believe that the fourth [motion to compel] is going to become an issue *because I've committed to certain things and I intend to abide by what I've committed to*, it's just been a matter of logistics and that's it.
>
> THE COURT: Let me ask you this question.
>
> MS. MANOLIO: Sure.
>
> THE COURT: For you to produce all the documents that you believe will put the third motion to compel to rest and avoid a fourth motion to compel, how much time will you need?
>
> MS. MANOLIO: Again, *Your Honor, my position is that everything should be inclusively provided by the end of March, but I intend to get Mr. Van Der Weele the documents that I know are outstanding probably within the next two weeks.* I'm going up not tomorrow but the day after, and hope to make production next week. I know there will be subsequent

questions, I just know there will. But I'm committed to work with him in good faith to get him anything subsequent, as, Your Honor, ***I've also committed to allow him to have informal interviews rather than depositions of the financial information or the witness for the financial information that we're providing***.

Van Der Weele Decl. ¶ 8, Ex. C at 4-5 (Feb. 22, 2022 Tr. at 43:8-44:17) (emphases added).

Notwithstanding these promises made in open Court, POA has produced nothing since the February 22 status conference—nothing within the first two weeks thereafter; nothing by the end of March; nothing at all (Van Der Weele Decl. ¶ 7). POA has also failed to respond to the two emails from Defendants' counsel, sent at intervals in March consistent with the representations of POA's counsel to the Court on February 22, 2022, asking when the outstanding information would be produced. Van Der Weele Decl. ¶ 7 and Ex. A, pp. 1-2.

## **RELIEF REQUESTED**

It is therefore necessary for the Court to hear the Third MTC, which is now limited to the missing information set forth in the December 1, 2021 and November 24, 2021 emails, and which Defendants believe POA has already promised to produce multiple times. In addition, PBI further expressly requests that the Court allow PBI to conduct the interview of Mr. Newsom, which has been conceptually agreed to since last November, after POA has produced the outstanding documents and information from the Third Request (as modified), and after POA has produced documents responsive to the Fourth Request for Production of Documents, which is the

/ / /

/ / /

/ / /

/ / /

/ / /

subject of a separate motion to compel filed concurrently herewith. The reason for this request is that Defendants need the additional documents and information from POA before conducting the interview.

DATED this 6th day of April, 2022.     Respectfully submitted,

K&L GATES LLP

By:    s/ Philip S. Van Der Weele
        Philip S. Van Der Weele, OSB # 863650
        Email: phil.vanderweele@klgates.com
        Elizabeth White, OSB #204729
        Email: elizabeth.white@klgates.com
        Phone: (503) 228-3200

        Attorneys for Defendants Pitney Bowes Inc., Pitney Bowes Global Financial Services LLC, The Pitney Bowes Bank, Inc., and Wheeler Financial from Pitney Bowes Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2022, I caused to be served a copy of the foregoing **DEFENDANTS' REQUEST FOR HEARING ON THIRD MOTION TO COMPEL (AS MODIFIED)**, upon all counsel of record via the Court's CM/ECF electronic service system.

DATED this 6th day of April, 2022.

s/ Philip S. Van Der Weele
Philip S. Van Der Weele, OSB #863650