Philip S. Van Der Weele, OSB #863650
Email: phil.vanderweele@klgates.com
Elizabeth White, OSB #204729
Email: elizabeth.white@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200
Facsimile: (503) 248-9085

Attorneys for Defendants Pitney Bowes Inc.,
Pitney Bowes Global Financial Services LLC,
The Pitney Bowes Bank, Inc., and Wheeler
Financial from Pitney Bowes Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION INC., an Oregon corporation,<br><br>                              Plaintiff,<br><br>v.<br><br>PITNEY BOWES INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation,<br><br>                              Defendants. | Case No. 3:20-cv-00651-AR<br><br>**DEFENDANTS' FOURTH MOTION TO COMPEL RESPONSES TO FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS (REQUESTS 46-51)**<br><br>**ORAL ARGUMENT REQUESTED** |

## L.R. 7-1 CERTIFICATION

Pursuant to L.R. 7-1, the undersigned counsel for Defendants certifies that he and Plaintiff's counsel have previously met and conferred regarding the Fourth Requests for Production of Documents and that Defendants' counsel has reached out to Plaintiff's counsel twice since this Court held a status conference on February 22, 2022, on March 2 and March 25, 2022, but Plaintiff's counsel has not responded.

## MOTION

Pursuant to Federal Rules of Civil Procedure ("FRCP") 26 and 37, and L.R. 37-1, and this Court's deadline of April 8, 2022 to file a Fourth Motion to Compel (ECF No. 96), Pitney Bowes Inc. ("PBI"), Pitney Bowes Global Financial Services LLC, The Pitney Bowes Bank, Inc., and Wheeler Financial from Pitney Bowes Inc. (collectively "Defendants") move the Court for an Order compelling Plaintiff Pacific Office Automation Inc. ("POA" or "Plaintiff") to produce documents in response to Requests for Production 46-51 from Defendants' Fourth Requests for Production ("RFPDs").

A true copy of the Fourth RFPDs is attached as Exhibit A to the Declaration of Philip S. Van Der Weele ("Van Der Weele Decl.") filed herewith.

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

Defendants make this Fourth Motion to Compel because of Plaintiff's failure to produce any documents in response to Defendants Fourth Requests for Production of Documents (RFPDs 46-51), despite making promises to Defendants and to this Court that it would do so. Defendants served the RFPDs more than seven months ago, on August 23, 2021. (Van Der Weele Decl. ¶ 4.) Plaintiff did not serve Responses and Objections within the 30 days allotted by Federal Rule of Civil Procedure 34(b)(2)(A), and, in fact Plaintiff has ***never served Responses and Objections*** to RFPDs 46-51. (Van Der Weele Decl. ¶ 4.) Plaintiff has therefore waived its right to object to the RFPDs. L.R. 26-5(a). Defendants expressly reserved their rights to bring a motion to

compel with respect to their Fourth RFPDs in the Joint Status Reports filed on December 7, 2021 (ECF No. 88 at 2, point 2) and on January 24, 2022 (ECF No. 93 at 3, point 3).

After Plaintiff's waiver, and in furtherance of Defendants' meet and confer obligations, Defendants' counsel participated in a Zoom call with POA's counsel on November 24, 2021 to answer questions regarding the Fourth RFPDs. POA did not have any questions regarding RFPDs 46-48. POA did have questions regarding the documents sought by RFPDs 49-51, all of which Defendants' counsel answered (Van Der Weele Decl. ¶ 5).

Despite promises repeatedly made during and after the November 24, 2021 call, POA still has not produced any documents, nor has POA been willing to say when any documents will be produced. The last email from POA's counsel came on January 19, 2022, to which Defendants' counsel promptly responded two days later, on January 21, 2022. Van Der Weele Decl. ¶¶ 6, 7 and Ex. B. Defendants' January 21, 2022 email addressed each individual RFPD and asked POA to confirm that it would produce documents in response to some, proposing approaches to resolve others, and asked for confirmation as to PBI's understanding of POA's position on other requests, such as POA's express written commitment to revise its damages calculations. Ex. B, at bottom of 1-4, with point (ii) on page 3 addressing revised damages calculations. POA has never responded to this email. Van Der Weele Decl. at ¶ 7.

While ignoring the January 21, 2022 email and not producing any documents, POA has nevertheless been more than willing to represent to the Court that it would be producing responsive documents to the Fourth Request for Production of Documents. In the Joint Status Reported submitted on January 24, 2021, POA stated its position on the Fourth Request for Production as follows:

> Plaintiffs' Position: Plaintiffs have been working with Defendants, in good faith, to provide items requested in the Fourth Requests for Production, despite a belief that many of the items sought are requested for improper purposes. Counsel has remained committed and has kept defense counsel abreast of progress, even during the holidays, the parties' travel schedules, and despite various COVID-related delays. ***Plaintiff does not believe that the Fourth Request for Production will become an issue for the Court and fully intends to have this matter resolved before the next status conference***; Plaintiff also believes it is inappropriate to raise a "potential"

Page 3 –    DEFENDANTS' FOURTH MOTION TO COMPEL

issue before it is ripe. However, Plaintiff will remain committed to resolving any and all disputes to avoid further intervention by the Court or a waste of any party's time or resources.

ECF No. 93 at bottom of 3-4 (emphasis added). In the ensuing month after the Joint Status Report but before the February 22, 2022 status conference, POA never responded to PBI's January 21 email, nor did Plaintiff produce a single document in response to any of RFPDs 46-51. (Van Der Weele Decl. ¶¶ 7-8.)

At the February 22 status conference before Judge Acosta, Defendants summarized POA's failure to respond to the Fourth RFPDs. Van Der Weele Decl. ¶ 9, Ex. C, at 4-5 (Feb. 22, 2022 Tr. at 8:4-9:3). In response, Plaintiff *again* committed to producing documents in response to the Fourth RFPDs:

> THE COURT: . . . Let's go back to the third motion to compel and the possible fourth motion. With respect to the third motion, Mr. Van Der Weele, just to summarize, you said you're still waiting for a response from POA. Ms. Manolio, your thoughts?
>
> MS. MANOLIO: I have absolutely been working with Mr. Van Der Weele, have given subsequent information, still have subsequent information to give. And so that everyone feels comfortable, I'm actually flying up to Portland tomorrow to meet with POA and go through documents in person to produce what I know is still outstanding to Mr. Van Der Weele, but I've been trying to just get a time with their CFO to sit down and go through documentation. But I don't believe it's -- that the third [motion to compel] is at issue or is going to become an issue, as *I don't believe that the fourth [motion to compel] is going to become an issue because I've committed to certain things and I intend to abide by what I've committed to*, it's just been a matter of logistics and that's it.
>
> THE COURT: Let me ask you this question.
>
> MS. MANOLIO: Sure.
>
> THE COURT: For you to produce all the documents that you believe will put the third motion to compel to rest and avoid a fourth motion to compel, how much time will you need?
>
> MS. MANOLIO: Again, *Your Honor, my position is that everything should be inclusively provided by the end of March, but I intend to get Mr. Van Der Weele the documents that I know are outstanding probably within the next two weeks.* I'm going up not tomorrow but the day after, and hope to make production next week. I know there will be subsequent questions, I just know there will. But I'm committed to work with him in good faith to get him anything subsequent, as, Your Honor, I've also committed to allow him to have informal interviews rather than depositions

> of the financial information or the witness for the financial information that we're providing.

Ex. C at 6-8 (Feb. 22, 2022 Tr. at 43:8-44:17) (emphases added).

After the status conference, PBI followed up with POA yet again, on March 2, 2022, to ask when POA's production in response to the Fourth RFPDs would be forthcoming. Ex. B at 1. POA never responded to that email. (Van Der Weele Decl. ¶ 8.) With the Court's April 8 deadline for filing a Motion to Compel rapidly approaching, PBI sent yet another email on March 25, giving POA a March 31 deadline (consistent with counsel's representation to the Court at the February 22, 2022 status conference) to produce the requested documents. Ex. B at 1. POA has not responded to this email, nor has POA produced a single document in response to any of RFPDs 46-51, which PBI served *more than seven months ago.* Van Der Weele Decl. ¶ 8.

## II. ARGUMENT AND RELIEF REQUESTED

PBI's argument is simple. PBI propounded the Fourth RFPDs in August 2021. POA never served responses and objections to the RFPDs and has therefore waived its right to object. The parties proceeded to meet and confer in November 2021 about the Fourth RFPDs. Since that time, despite its commitments to PBI and to the Court to resolve the Fourth RFPDs and produce documents, POA has not produced a single document in response to the requests, and POA has further failed to respond to PBI's follow-up emails since January asking for a further update on the progress of the production.

In light of POA's failures, PBI requests that this Court: (1) rule that POA has waived its right to object to the Fourth RFPDs; (2) order POA to respond to the Fourth RFPDs by producing documents no later than April 22, 2022 (the current date for the cut-off for fact discovery); (3) expressly preserve PBI's right to return to the Court for additional relief if the production is inadequate, including, if necessary, after the fact discovery cutoff of April 22, 2022; and (4) order POA to make available POA witness Brooks Newsom for the previously-agreed-upon interview at a mutually agreeable date <u>after</u> POA has produced all responsive documents.

## III. ATTORNEYS' FEES

The attorneys fees incurred with bringing this motion are but a fraction of the attorneys fees Defendants have incurred by having to repeatedly request documents whose production Plaintiff waived any objection to more than six months ago. Without waiving its right to seek attorney's fees under any other law, including under section 6.05(1) of the Dealer Agreement, Defendants respectfully request, pursuant to FRCP 37(a)(5), an order requiring POA and/or POA's attorneys to pay Defendants' reasonable expenses incurred in making this motion, including attorneys' fees.

## IV. CONCLUSION

For the reasons stated above, PBI respectfully requests that this Court grant this Fourth Motion to Compel and provide the relief requested herein.

DATED this 6th day of April, 2022.

Respectfully submitted,

K&L GATES LLP

By:  s/ Philip S. Van Der Weele
Philip S. Van Der Weele, OSB # 863650
Email: phil.vanderweele@klgates.com
Elizabeth White, OSB #204729
Email: elizabeth.white@klgates.com
Phone: (503) 228-3200

Attorneys for Defendants Pitney Bowes Inc., Pitney Bowes Global Financial Services LLC, The Pitney Bowes Bank, Inc., and Wheeler Financial from Pitney Bowes Inc.

# CERTIFICATE OF SERVICE

      I hereby certify that on this 6th day of April, 2022, I caused to be served a copy of the foregoing **DEFENDANTS' FOURTH MOTION TO COMPEL (RESPONSES TO FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS (REQUESTS 46-51))**, upon all counsel of record via the Court's CM/ECF electronic service system.

DATED this 6th day of April, 2022.

                                      s/ Philip S. Van Der Weele
                                      Philip S. Van Der Weele, OSB #863650