Philip S. Van Der Weele, OSB #863650
Email: phil.vanderweele@klgates.com
Elizabeth White, OSB #204729
Email: elizabeth.white@klgates.com
K&L GATES LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: (503) 228-3200
Facsimile: (503) 248-9085

Attorneys for Defendants Pitney Bowes Inc.,
Pitney Bowes Global Financial Services LLC,
The Pitney Bowes Bank, Inc., and Wheeler
Financial from Pitney Bowes Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>PITNEY BOWES INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation,<br><br>Defendants. | Case No. 3:20-cv-00651-AR<br><br>**DECLARATION OF PHILIP S. VAN DER WEELE IN SUPPORT OF DEFENDANTS' FOURTH MOTION TO COMPEL RESPONSES TO FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS (REQUESTS 46-51)** |

I, Philip S. Van Der Weele, hereby declare under penalty of perjury:

1.     I am a Partner at law firm K&L Gates LLP, located at One SW Columbia Street, Suite 1900, Portland, Oregon 97204.

2.     I make this Declaration in support of Defendants' Fourth Motion to Compel Responses to Defendants' Fourth Requests For Production of Documents (Requests 46-51) from Plaintiff Pacific Office Automation Inc. ("POA").

3.     I make the statements in this Declaration based on my personal knowledge and could and would testify competently thereto if called to do so.

4.     Attached hereto as Exhibit A is a true and correct copy of Defendants' Fourth Requests for Production to POA, dated and served August 23, 2021.  Plaintiff has never served FRCP 34(b)(2) and Local Rule 34-2 Responses and Objections to the Fourth Requests.

5.     During the Zoom call on November 24, 2021, POA's counsel did not have any questions regarding RFPDs 46-48.  POA's counsel did have questions regarding RFPDs 49-51, all of which I answered.

6.     Attached hereto as Exhibit B is a true and correct copy of an email chain between Veronica Manolio, counsel for Plaintiff POA, and me, counsel for Defendants, spanning November 15, 2021 through March 25, 2022, in which I repeatedly asked Ms. Manolio for the status of POA's production in response to the Fourth RFPDs.

7.     Starting at the bottom of page 1 and going through page 4 of Exhibit B is an email from me dated January 21, 2022 in which I addressed each of RFPDs 46-51 individually and again requested that POA provide a timeline for responses.  POA has never responded to that January 21, 2022 email.

8.     POA has not responded to either my March 2 or March 25, 2022 emails (Exhibit B at 1), nor has POA produced any documents in response to the Fourth RFPDs.

/ / /

/ / /

9.      Attached hereto as Exhibit C is a true and correct copy of excerpts of the transcript of the Feb. 22, 2022 status conference before the Judge Acosta.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED this 6th day of April, 2022.

_____s/ Philip S. Van Der Weele_____
Philip S. Van Der Weele

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2022, I caused to be served a copy of the foregoing **DECLARATION OF PHILIP S. VAN DER WEELE IN SUPPORT OF DEFENDANTS' FOURTH MOTION TO COMPEL** upon all counsel of record via the Court's CM/ECF electronic service system.

DATED this 6th day of April, 2022.

s/ Philip S. Van Der Weele
Philip S. Van Der Weele, OSB #863650

Philip S. Van Der Weele, OSB # 863650
Email: phil.vanderweele@klgates.com
Elizabeth White, OSB # 204729
Email: elizabeth.white@klgates.com
K&L Gates LLP
One SW Columbia Street, Suite 1900
Portland, Oregon 97204
Telephone: +1 503 228 3200
Facsimile: +1 503 248 9085

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| PACIFIC OFFICE AUTOMATION INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>PITNEY BOWES INC., a Delaware corporation; PITNEY BOWES GLOBAL FINANCIAL SERVICES LLC, a Delaware limited liability company; THE PITNEY BOWES BANK, INC., a federal banking institution; and WHEELER FINANCIAL FROM PITNEY BOWES INC., a Delaware corporation,<br><br>Defendants. | **Case No. 3:20-cv-00651-AC**<br><br>**DEFENDANTS' FOURTH REQUESTS FOR PRODUCTION TO PLAINTIFF PACIFIC OFFICE AUTOMATION, INC.**<br>**(Requests 46-51)** |

Defendants, by and through their attorneys of record, propound the following Document Requests to Plaintiff Pacific Office Automation ("POA") pursuant to Federal Rules of Civil Procedure 26 and 34.

## INSTRUCTIONS

1.     Pursuant to Federal Rule of Civil Procedure ("FRCP") 34(b)(2)(A), POA must provide a written response to these Requests within 30 days of service at the offices of K&L Gates LLP, One SW Columbia Street, Suite 1900, Portland, Oregon 97204.

2.     You are required by FRCP 34(a) to produce all non-privileged, responsive Documents that are within your possession, custody, or control, including Documents in the custody of your counsel, accountants, members, partners, shareholders and other agents or in the custody of any organization (such as a corporation or partnership) over which you exercise control.

3.     FRCP 34(b) requires POA to produce all Documents in their original files as they are kept in the usual course of business. Alternatively, if any Document produced has been removed from its original location, indicate on each Document produced, or in an index or other convenient manner, the location where such Document was found. You are requested to number and to produce the original Documents for inspection as they exist in your files. Alternatively, You may produce copies provided the originals will be made available for inspection.

4.     If any requested information is no longer in Your possession, custody, or control, state the disposition that was made of it, the reason for such disposition, and identify all persons who You believe have knowledge of the information. If You do not know, or cannot recall, whether particular responsive information or Documents exist, or if such information or Documents are missing, state the efforts made to ascertain their existence and location.

5.     Each Request shall be responded to separately and fully in writing. Each response shall identify the Documents being produced and shall state with respect to each item or category of items requested that inspection and/or copying will be permitted as requested unless the Request is objected to. An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a Request must specify the part and permit inspection of the rest.

6.      If You intend to limit your search based on the selection of a limited number of Document custodians and use of search terms for Electronically Stored Information ("ESI"), identify the custodians and search terms You intend to include with respect to Your response to each Request.

7.      If a refusal to answer a Request is stated on the grounds of burdensomeness, identify the number, or estimated number, and the nature of the Documents needed to be searched, the location of the Documents, and the approximate number of person hours and costs required to conduct the search.

8.      Pursuant to FRCP 26(e), POA's responses to these Requests are intended to be continuing in nature.  Any Documents coming into your possession or that of your counsel that would change the responses in any way must be promptly furnished to Defendants' counsel.  You are hereby notified that an order may be sought at trial barring the admission of any evidence that you have failed to disclose that was responsive to any Request herein.

9.      The singular form of a word shall refer to the plural as well, and where it is used in the masculine gender it also includes the feminine. The terms "and" or "or" shall each mean "and/or."

10.     The Requests are not intended to require the production of Documents subject to the attorney-client privilege or work product doctrine.

11.     Pursuant to Federal Rule of Civil Procedure 34(b)(1)(C), all ESI shall be produced in the format prescribed in the specifications attached to the email from Julie Anne Halter sent to POA's counsel on September 24, 2020.  These specifications were also attached to Defendants' Responses and Objections to Plaintiff's First Request for Production of Documents, served on April 23, 2021.

12.     Unless otherwise stated, the date range applicable to these discovery requests is from January 1, 2016 to the present.

<h1 style="text-align:center">DEFINITIONS</h1>

1.      The words "and" and "or" as used herein shall be construed either disjunctively or conjunctively as required by the context to bring within the scope of these Interrogatories any response that might be deemed outside their scope by another construction.

2.      "Communication" means any oral or written statement, dialogue, colloquy, discussion or conversation, and also means any transfer of thoughts or ideas between persons by means of Documents and includes any transfer of data from one location to another by electronic or similar means.

3.      "Defendants" shall mean all of the Defendants, collectively, in the above-captioned case, and "Defendant" shall mean in any defendant in the above-captioned case.

4.      "Document" and "Documents" shall have the broadest meaning possible under the Federal Rules of Civil Procedure.

5.      "PBI" shall mean Pitney Bowes Inc., and all persons acting on its behalf.

6.      "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organization, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or departments, and the agents, servants, and employees of same. All references to any Person includes his or her employees, agents, servants, subsidiaries, parent companies, affiliated companies and any other Person or entity or representative acting or purporting to act on behalf or under his or her control.

7.      "Related to" or "Relating to" shall mean directly or indirectly, refer to, reflect, describe, pertain to, arise out of or in connection with, or in any way legally, logically, or factually be connected with the matter discussed.

8.      "You," "your," "yourself," "POA," and "Plaintiff" shall mean Plaintiff Pacific Office Automation, Inc., and all other persons acting or purporting to act on POA's behalf or who have obtained information for and on POA's behalf during the relevant time period.   This

definition includes but is not limited to all current and past owners, partners, directors, executives, management, employees, agents, staff, and representatives.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 46:** Produce all Documents between the period April 1, 2016, and December 31, 2019, evidencing Communications to, from, or among any POA employees regarding customers (whether described in general terms or identified specifically) for whom POA was not permitted to sell or arrange leases for products of Francotyp-Postalia ("FP") due to any agreement with PBI, including but not limited to any Communications containing instructions that POA was not permitted to sell or arrange leases for products of FP due to its dealer agreement with PBI that is attached as Exhibit 1 to POA's Complaint.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** Produce all Documents between the period September 11, 2016, and December 31, 2019, evidencing POA's Communications with PBI customers about switching from PBI products to FP products.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** Produce all Documents and Communications reviewed in connection with sub-point 3 ("Lost profit for equipment sales and loss of service agreement revenue") of Your response to Interrogatory No. 9 in Your Second Supplemental Response to Defendants' First Set of Interrogatories (pp. 13-14) dated July 23, 2021.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:**  Produce Documents sufficient to show the payments POA received from each of CFS, CIT, DLL, TIAA, U.S. Bank, and Wells Fargo (i.e., the six lease financing companies which Mr. Pitassi identified in the 30(b)(6) Deposition on POA 000185-221 (which also comprise Deposition Exhibits 18-23); said companies are hereafter referred to individually as a "Lease Financing Company" and referred to collectively as the "Lease Financing Companies") for PBI equipment that POA sold to the Lease Financing Companies and that the Lease Financing Companies subsequently leased, as reflected in the line items on the documents bearing bates numbers POA 000185-221.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 50:**  Produce Documents showing any payments or other compensation POA received from each of the Lease Financing Companies other than the payments covered by Request No. 48 that are related in whole or in part to transactions in which the Lease Financing Companies leased the PBI equipment that they purchased from POA, as reflected in the line items on the documents bearing bates numbers POA 000185-221.

**RESPONSE:**


**REQUEST FOR PRODUCTION NO. 51:**  For each of the lease transactions reflected in the line items on the documents bearing bates numbers POA 000185-221, produce Documents sufficient to show, the periodic (typically monthly) payment to which the Lease Financing Company was contractually entitled based on the lease rate it had quoted to POA and the corresponding periodic payment POA told the customer it would be required to pay (whether directly to the Lease Financing Company or to POA).

**RESPONSE:**

DATED this 23rd day of August, 2021.

K&L GATES LLP

By:      /s/Philip S. Van Der Weele
         Philip S. Van Der Weele, OSB # 863650
         Email: phil.vanderweele@klgates.com
         Phone: (503) 228-3200
         Elizabeth White, OSB # 204729

Attorneys for Defendants Pitney Bowes Inc., Pitney
Bowes Global Financial Services LLC, The Pitney
Bowes Bank, Inc., and Wheeler Financial from
Pitney Bowes Inc.

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 23rd day of August, 2021, I caused to be served a PDF

and Word version of the foregoing DEFENDANTS' FOURTH REQUESTS FOR

PRODUCTION TO PLAINTIFF upon all counsel of record via Email.

> Jamison R. McCune, OSB #135547
> Email: mccune@bodyfeltmount.com
> Skip Winters, OSB #944669
> Email: winters@bodyfeltmount.com
> BODYFELT MOUNT LLP
> 319 SW Washington St., Suite 1200
> Portland, OR 97204
> Tel: 503-243-1022
> *Attorneys for Plaintiff*
>
> Veronica L. Manolio, *admitted pro hac vice*
> Email: vmanolio@mf-firm.com
> MANOLIO & FIRESTONE, PLC
> 8686 E. San Alberto Dr., Suite 200
> Scottsdale, AZ 85258
> Tel: 480-222-9100
> *Attorneys for Plaintiff*

DATED this 23rd day of August, 2021.

> */s/Philip S. Van Der Weele*
> Philip Van Der Weele, OSB # 863650

Hi Veronica,

You have continued to be non-communicative, and I am facing a court-ordered deadline of April 8 to file the motion to compel on Defendants' Fourth Request for Production of Documents.  I am writing to let you know that if do not have all the documents responsive to the Fourth Request for Documents by March 31, I will be filing the Fourth Motion to Compel.

Regards,

Phil

---

**From:** Van Der Weele, Philip
**Sent:** Wednesday, March 02, 2022 9:03 PM
**To:** 'Veronica L. Manolio' <vmanolio@mf-firm.com>; White, Elizabeth H. <Elizabeth.White@klgates.com>
**Cc:** 'Jamison R. McCune' <McCune@bodyfeltmount.com>
**Subject:** RE: 3:20-cv-00651-AC Pacific Office Automation Inc. v. Pitney Bowes Inc. et al /Discovery Issues

Hi Veronica,

I hope you had a good trip to Portland last week.

Since I answered your questions about some of the requests in PBI's 4th RFPD last November, you have not produced any documents.

My January 21 email below is the latest regarding PBI's 4th request, and you have not responded to it.

Please advise when you will be producing the requested documents and dates for the Zoom interview of Mr. Newsome.

Thanks,

Phil

---

**From:** Van Der Weele, Philip
**Sent:** Friday, January 21, 2022 6:09 PM
**To:** 'Veronica L. Manolio' <vmanolio@mf-firm.com>; White, Elizabeth H.

<Elizabeth.White@klgates.com>
**Cc:** Jamison R. McCune <McCune@bodyfeltmount.com>
**Subject:** RE: 3:20-cv-00651-AC Pacific Office Automation Inc. v. Pitney Bowes Inc. et al /Discovery Issues

Hi Veronica,

Thank you for the update.

I appreciate the fact that you are working on outstanding discovery with your client and making progress, and I continue to hope that it will not be necessary to renew/bring additional motions to compel. Nevertheless, there still are some issues we need to work through. The underlying problem is that I cannot tell from your January 19 email below whether you are planning to address ALL of the issues I raised in our November phone calls, many of which are memorialized in subsequent emails.

**A. In order to facilitate your providing a systematic response, I ask you to work through the following list:**

1. 3rd RFP and Interrogatory 17
   a. I am attaching here an email I sent you on December 1, 2021 and have resent several times since then.
   b. Could you please open it and interline in red or whatever your favorite color is a brief response on what your position is on each of the items in that email and send it back to me.

2. 4th RFPD (Requests 46-51)
   a. Here is a quote from an email I sent you on December 15, 2021: "We conferred on the 4th RFPD on Nov. 24. I believe that you agreed to produce for the requests you had no questions about and to follow up on other requests that you had questions about that we discussed on the call, addressing your questions. I won't provide a chart here; just sending this as a reminder on where I think we are on the 4th RFPD."
   b. Based on our November 24 phone call and your email below, I would like to address the requests of the 4th RFPD systematically as follows:

i. Requests 46 and 47: These are not requests that you had questions about, and my understanding from our November 24 call is that you committed to produce these documents. Please confirm that you will produce the requested documents.

ii. Request 48 (Lost Profits): You agreed to provide additional documents. Please confirm that the following sentence from your email below is intended to address Request 48:

"We are also working to revise the Damage Calculations to provide more clarity and streamlining, as we are discovering the difficulty in tying information directly."

iii. Requests 49-50 (payments POA received from leasing companies)

1. As I understand your email below, you are acknowledging that POA received payments of the type described in these document requests, but POA not able to correlate a specific payment from a leasing company with a specific piece of PBI equipment, b/c that is not how POA does business. Is that correct?

2. If that is correct, what about a calculation that allocates payments from leasing companies on a percentage basis. For example: POA sold Leasing Company X $10 million of equipment in 2017, $1 million of which was PBI equipment. POA received payments/commissions/whatever you want to call them from this leasing company in 2017 in the amount of $100,000. Therefore, approximately $10,000 of that payment is attributable to PBI equipment. Is that a viable approach?

iv. Request 51: Request for different documents on lease payments.

1. I believe you said on our November 24 call that the two numbers referenced in this document request always matched. If that is the case, can you please provide a statement from POA to that effect?

2. If that is not the case, it doesn't seem that this request should be difficult to respond to, because the aggregation of PBI equipment and non-PBI equipment is not an issue here, given that the leases on the spreadsheets are for PBI equipment. Do you agree?

**B. Regarding the Zoom (at least for me) Interview of Mr. Newsom:**

I am reluctant to schedule this interview until you have completed the work described in your email below. A number of the questions I have for Mr. Newsom - as set forth in my email to you of November 24 - would be best addressed after you have produced additional documents on request 48 (and/or / supplement rog response if that's what you have in mind), and it is at least possible that the work on requests 49-50 would have a bearing on some of my questions, though I am not certain of that.

Do you have a sense of when the work described in your email below will be completed?

Thanks,
Phil

**From:** Veronica L. Manolio <vmanolio@mf-firm.com>
**Sent:** Wednesday, January 19, 2022 12:03 PM
**To:** Van Der Weele, Philip <phil.vanderweele@klgates.com>; White, Elizabeth H. <Elizabeth.White@klgates.com>
**Cc:** Jamison R. McCune <McCune@bodyfeltmount.com>
**Subject:** RE: 3:20-cv-00651-AC Pacific Office Automation Inc. v. Pitney Bowes Inc. et al /Discovery Issues

**External Sender:**

Hi Phil,

I wanted to provide you some updates and let you know where things stand. I have been working with POA since last week, as I promised. Myself, Mr. Salgado, and Mr. Newsom have all been collaborating to find data you have requested (most particularly, trying to find ways to provide information you asked about in the list of questions for Mr. Newsom. For example, we are trying to determine any potential way of separating out

PBI vs. FP equipment costs and revenue, since the Financial Statements do not differentiate. We are also trying to see if there are ways to "break out" information you requested in the 4th RFPs because, presently, many of the items are in large/comprehensive categories. For example, in RFP No. 49, you ask us to separate amounts paid by leasing companies to POA "for PBI equipment." That is not how POA does business, and a lease company provides a single payment, which includes PBI equipment and all other equipment in one transaction. Similarly, in RFP No. 50, you ask us for "other" compensation from lease companies, as related to transactions including PBI equipment. Again, that is not how the lease companies perform. They provide POA general rebates on a monthly basis for ALL transactions in a given month. We have not yet been able to break down any specific information for PBI-related transactions, but yet we do not want to be uncooperative or avoidant. So we continue working to see if there is a way to provide the information by doing manual reviews. This is not easy nor readily available.

Nonetheless, I am only explaining this to you because I do not want you/PBI to think POA is being remiss. We will continue work on this, and I will let you know ASAP what can be determined, if possible.

We are also working to revise the Damage Calculations to provide more clarity and streamlining, as we are discovering the difficulty in tying information directly.

All of that aside, Mr. Newsom is fine to move forward with the interview, and we can go ahead and get it on the calendar. He is out of the country until February 9th, so let's shoot for the week of February 14th if you are available. I can do any day and time except the morning of the 15th. If that week is not good for you, the following week is also pretty available.

In the meanwhile, if you would like us to provide you written answers to your list of questions, which I think may help you understand some of the outstanding issues we have going on, I can provide those written responses to you informally. You can **still** interview Mr. Newsom, but maybe that would be helpful to have in advance as you're reviewing things? Let me know if you'd prefer that.

If you want to chat, please feel free to call any time. I just did not want you to think we are ignoring or delaying on these items.

Sincerely,

*Veronica*



8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
(480) 222-9100

---

**From:** Van Der Weele, Philip <phil.vanderweele@klgates.com>
**Sent:** Wednesday, January 12, 2022 11:38 AM
**To:** Veronica L. Manolio <vmanolio@mf-firm.com>; White, Elizabeth H.
<Elizabeth.White@klgates.com>
**Cc:** Jamison R. McCune <McCune@bodyfeltmount.com>
**Subject:** RE: 3:20-cv-00651-AC Pacific Office Automation Inc. v. Pitney Bowes Inc. et al /Discovery
Issues

Hi Veronica,

Thank you for your response.

In response to your January 12 email:

1. The last email I sent you on the 4th RFPD was dated December 15, and I
   am attaching it here for convenience.  Liz and I both have extensive
   notes from the meet and confer call we had on Nov. 24 in case there are
   any questions about what you committed to on that call.
2. The latest substantive email (i.e., not just a scheduling request) I sent you
   regarding the interview of Mr. Newsome is dated November 24.
3. To answer the question you pose - Am I missing something else from your
   perspective?  - the answer is YES.  A number of items regarding PBI's Third RFPD
   and Interrogatory 17 remain outstanding following your productions on
   November 15 and November 19.
   a. I described those items to you in my December 1 email which is below in
      this chain.
   b. I forwarded my December 1 email to you on December 15, and that email
      is also below in this chain.

Regards,

Phil

**From:** Veronica L. Manolio <vmanolio@mf-firm.com>
**Sent:** Wednesday, January 12, 2022 9:28 AM
**To:** Van Der Weele, Philip <phil.vanderweele@klgates.com>; White, Elizabeth H.
<Elizabeth.White@klgates.com>
**Cc:** Jamison R. McCune <McCune@bodyfeltmount.com>
**Subject:** RE: 3:20-cv-00651-AC Pacific Office Automation Inc. v. Pitney Bowes Inc. et al /Discovery
Issues

Good morning, Phil.  Happy New Year!

Aside from setting up an interview with Brooks Newsom, I also have noted that I would get certain items requested in your 4th RFP.  I have a call with POA management today to close the circle on both of those issues and will get the items to you and the interview scheduled immediately.

Am I missing something else from your perspective?  I believed that the 4th RFP was the only other item outstanding, but please let me know if I'm incorrect.  Things have been hectic (to say the least), and if I've missed something else, it's sheer accident.

*Veronica*



8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
(480) 222-9100

**From:** Van Der Weele, Philip <phil.vanderweele@klgates.com>
**Sent:** Tuesday, January 11, 2022 4:08 PM
**To:** Veronica L. Manolio <vmanolio@mf-firm.com>; White, Elizabeth H.
<Elizabeth.White@klgates.com>
**Cc:** Jamison R. McCune <McCune@bodyfeltmount.com>
**Subject:** RE: 3:20-cv-00651-AC Pacific Office Automation Inc. v. Pitney Bowes Inc. et al /Discovery

Issues

Hi Veronica,
In our meet and confer on November 24, you made a number of commitments regarding outstanding issues with PBI's 3rd RFPD (including an interview of Brooks Newsome) and PBI's 4th RFPD.  To date you have not fulfilled any of those commitments.

1. Please advise when you will be fulfilling those commitments.
2. I want to let you know that, given the passage of time, if any commitments are not fulfilled by January 24, the due date of our next Joint Status Report, I feel that I have no alternative to list the unfulfilled commitments in the JSR.

I look forward to hearing from you at your earliest convenience.

Thanks,
Phil

---

**From:** Van Der Weele, Philip
**Sent:** Wednesday, December 15, 2021 11:59 AM
**To:** 'Veronica L. Manolio' <vmanolio@mf-firm.com>; White, Elizabeth H. <Elizabeth.White@klgates.com>
**Cc:** 'Jamison R. McCune' <McCune@bodyfeltmount.com>
**Subject:** RE: 3:20-cv-00651-AC Pacific Office Automation Inc. v. Pitney Bowes Inc. et al /Discovery Issues

Hi Veronica,
I don't know if we can make any progress before the status conference now set for Dec. 20, but I am going to forward a couple of emails, the one below regarding the 3rd RFP and Rog 17 (including requested interview of Brooks Newsome), and a separate with my latest on the 4th RFPD.
Regards,
Phil

---

**From:** Van Der Weele, Philip
**Sent:** Wednesday, December 01, 2021 12:43 AM

**To:** 'Veronica L. Manolio' <vmanolio@mf-firm.com>; White, Elizabeth H. <Elizabeth.White@klgates.com>
**Cc:** Jamison R. McCune <McCune@bodyfeltmount.com>
**Subject:** RE: 3:20-cv-00651-AC Pacific Office Automation Inc. v. Pitney Bowes Inc. et al /Discovery Issues

Hi Veronica,

I am writing for the limited purpose of addressing the question posed in the penultimate paragraph of your November 19 email below, namely, whether I agree that your productions of November 15 and November 19 (as described in your emails of those dates below) render PBI's Third Motion to Compel moot. Your productions on November 15 and 19 go a long ways toward resolving the Third Motion, and I remain cautiously optimistic that we can resolve the issues regarding PBI's Third Motion to Compel (which encompassed both the Third RFPD and Interrogatory 17) without the assistance of the Court. I do not believe, however, we are all the way there, yet, so I am not willing, at this time, to declare the Third Motion to be "moot."

Here is what I think is still outstanding:

1. Interrogatory 17
    a. I thought you were going to provide some add'l info on at least two of the four SP300s that were not sold.
    b. Your November 19 cover email contains a lot of qualifications regarding the sales prices of the SP300s. Whether these qualifications matter, and, correspondingly, whether the discovery responses are complete, depends on what remedy POA is seeking with respect to the SP300s.
        i. These qualifications do not matter for further discovery if the remedy POA is seeking for the SP300s is, as stated in POA's 2nd Supplemental Response to Interrogatory 9, to get back the money POA paid for the SP300s in the first place. So, if POA is sticking to its interrogatory response and seeking a refund of what it paid for the SP300s, then I do not need any more information about the resale price of the SP300s.
        ii. If, however, POA is changing its theory and seeking some sort

of damages claim based on a diminished resale price (a theory that POA has neither pled nor specified in its interrogatory responses), then the information POA has provided to date on the sales prices of the SP300s is <u>not</u> adequate.  I therefore ask you to identify what remedy POA is seeking with respect to the SP300s for purposes of resolving this discovery issue.  PBI reserves all of its rights to object to new theories.

2. POA Profitability Analysis for PBI
    a. I remain committed to obtaining financial information limited to PBI (or, potentially PBI + FP if POA cannot disaggregate further), as opposed to all of POA's product lines, as a way of resolving the Third RFPD.
    b. However, some issues regarding the completeness of the production of POA's financial information remain; I identified these issues in the email I sent you on November 24, in which I outlined my questions for Mr. Newsom.  I am going to wait and see what additional documents I receive in advance of the interview of Mr. Newsome and for the interview itself in order to determine the adequacy of the modified production.

Please let me know if you would like to discuss further.  (I am attending a trial in San Francisco Mon - Thurs this week and next and am not available until late afternoons.)

Regards,
Phil

**From:** Veronica L. Manolio <vmanolio@mf-firm.com>
**Sent:** Friday, November 19, 2021 4:28 PM
**To:** Van Der Weele, Philip <phil.vanderweele@klgates.com>; White, Elizabeth H. <Elizabeth.White@klgates.com>
**Cc:** Jamison R. McCune <McCune@bodyfeltmount.com>
**Subject:** RE: 3:20-cv-00651-AC Pacific Office Automation Inc. v. Pitney Bowes Inc. et al /Discovery Issues

**Importance:** High

Hi Folks,

In further follow up, I am providing the additional (SendPro 300) information responsive to your Interrogatory No. 17 as we agreed to in limited scope. I am attaching here:

1. An Excel Spreadsheet, in native format, compiled to reflect a summary report of the total revenue generated for sales of all SP300s by POA from 2017-2019; and
2. 3 separate Excel Files, in native format, compiled to reflect each year's annual sales (2017, 2018 and 2019 are separate), and each annual file contains tabs with sales broken down monthly.

**These documents are produced with the designation of ATTORNEYS' EYES ONLY and should be treated in accordance with the Protective Order.**

There are some additional comments that need to be addressed regarding this production:

1. The spreadsheet was prepared by Brooks Newsom, Director (CFO).
2. Mr. Newsom has provided us with these explanations regarding the production:
   a. There are a couple of factors that may make these numbers inaccurate:
      i. These spreadsheets only show initial sales figures and do not include future adjustments that may have been made. Adjustments can go in either direction, so we can just assume the law of averages will minimize the deviation.
      ii. The gross profit is calculated based on sales reps published cost of sale. That means it will not necessarily match OMD's average cost and will not factor in any marketing development funds or other concessions POA provided its sales team when the reps made price reductions. There were significant adjustments made by POA to help move these units.
      iii. The information is gathered from what are essentially manual reports, so there is an element of human error both in the initial

report and Mr. Newsom's report.

        iv.   Revenue is only capturing the Equipment only revenue and not service revenue.

   b.  It would be extremely time-consuming and cost prohibitive to try and rectify all potential errors and to ensure 100% accuracy of the bottom-line profit figures.

3.  Each of POA's sales of SP300s include the machine/scale combinations.

Just FYI – I know you had 535 machine/scale combos listed on your interrogatory. I went through every single PO issued/paid, and I only found 489 combos that were purchased on stock orders. The total sold was 495, so it would appear that a few were not made on the stock order POs, but I just do not come up with the 535 figure.

In any event, as I mentioned on the phone Wednesday, I will continue to work with you in good faith if this information brings up additional requests. But I do believe that this now completely fulfills our agreement on Interrogatory No. 17 and makes the totality of Motion to Compel No. 3 now moot. Please let me know if you disagree.

Thank you, and have a great weekend!

*Veronica*



8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
(480) 222-9100

---

**From:** Veronica L. Manolio
**Sent:** Monday, November 15, 2021 2:27 PM
**To:** Van Der Weele, Philip <phil.vanderweele@klgates.com>; White, Elizabeth H. <Elizabeth.White@klgates.com>
**Cc:** Jamison R. McCune <McCune@bodyfeltmount.com>
**Subject:** RE: 3:20-cv-00651-AC Pacific Office Automation Inc. v. Pitney Bowes Inc. et al /Discovery Issues
**Importance:** High

Phil and Liz,

In furtherance of our ongoing attempts to resolve the discovery issues (and the pending Third Motion to Compel), I am attaching here:

1. An Excel Spreadsheet, in native format, compiled to reflect total revenue generated for Mailing Equipment sold by POA from 2014-2019, as we agreed to provide; and
2. The back-up documentation taken directly from POA's Profit & Loss Statements.

This is a non-custodial production and is being produced as responsive to RFPs 42-45, modified/limited as we have agreed through a series of meetings and conferrals on these specific requests.

**These documents are produced with the designation of ATTORNEYS' EYES ONLY and should be treated in accordance with the Protective Order.**

There are some additional comments that need to be addressed regarding this production:

1. The spreadsheet was prepared by Brooks Newsom, Director. Mr. Newsom has provided us with these explanations regarding the production:
    a. The top part of the Spreadsheet (which is "shaded") contains the figures that were previously provided in this case, in response to prior interrogatories. The bottom portion of the spreadsheet (not shaded) demonstrates ACTUAL numbers, taken directly from the P&Ls. We had not previously relied on 2014 or 2015.
    b. The relevant pages of POA's Profit and Loss Statements are pp. 2, 5 and 12 from POA's full-year P&Ls for 2015, 2017 and 2019. These are the only pages that contain Mailing Machines. Each of the P&Ls includes the "current year" and "last year" numbers, so the 2015 includes 2014 figures, etc. These pages do, in fact, show numbers for 2014-2019.
    c. POA did not start "breaking out" mailing machine rental/service revenue from equipment sales until 2018. That is why the spreadsheet and back-up documents do not show service revenue separately for years 2014-2017.
2. If these documents lead to additional requests (that are still more limited than

your original RFPs), I remain more than willing to work with you on providing additional information.  This is not meant to be drawing a "line in the sand" that you cannot ask further questions/information; this is meant to provide what you and I agreed was a proper limitation to the RFPs.

3.  If you now believe that an additional deposition is required and/or you'd like to depose Brooks Newsom, I will cooperate without issue.

In addition, I attach a .pdf file related to the SendPro 300s that remain in POA's stock. This document is neither privileged nor a custodial production.  The item is **<u>partially</u>** responsive to your Interrogatory No. 17, as modified per our agreement during meetings/conferrals on this request.

Additional comments regarding this production:

1.  This .pdf file was prepared by Andrew Salgado, POA's in-house counsel, who was able to gather information directly from POA's inventory system.
2.  The production verifies that POA has sold all of the SP300s it purchased from Pitney Bowes, except:
    a.  There are 4 machines in the system that could not be/were not sold:
        i.  Serial Number 6562703 – located in Branch 10 (Portland) Shop – Noted as a Number 9– Missing Part – Write off.
        ii.  Serial Number 6563020 – Located in Branch 9 Warehouse – Noted as Number 5 – Damaged in Transit
        iii.  Serial Number 6563055 – Located in Branch 50 (Medford, OR) – Noted as number 4 – so needs parts to be operable.
        iv.  Serial number 6563804 – Located in Branch 90 Warehouse – Noted as Number 4 – needs parted to be operable.
    b.  Some of the SP300s are in use by POA at POA locations, rather than having been sold to customers/third parties.
3.  We are still gathering the more specific information you asked to have – identifying the sales price for each SP300s and scales.  Unfortunately, that is a time-consuming endeavor (for many, many reasons), but I am assured that the full list should be compiled this week.  We are not shying away from my promise to produce the information, it has simply taken more time than anticipated.

I look forward to talking with you both again on Wednesday, but feel free to write back if

you have other issues/questions prior to our scheduled call.

Veronica



8686 E. San Alberto Drive, Suite 200
Scottsdale, Arizona 85258
(480) 222-9100

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at phil.vanderweele@klgates.com.

This electronic message contains information from the law firm of K&L Gates LLP. The contents may be privileged and confidential and are intended for the use of the intended addressee(s) only.  If you are not an intended addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this e-mail in error, please contact me at phil.vanderweele@klgates.com.

```
1          IN THE UNITED STATES DISTRICT COURT

2             FOR THE DISTRICT OF OREGON

3  PACIFIC OFFICE AUTOMATION,      )
   INC., an Oregon corporation,    )
4                                  )
             Plaintiff,            )  Case No. 3:20-cv-00651-AC
5                                  )
       v.                          )
6                                  )
   PITNEY BOWES, INC., a Delaware) February 22, 2022
7  corporation, et al.,            )
                                   )
8            Defendants.           )  Portland, Oregon
   _____ )
9

10

11

12

13

14

15           Telephone Oral Argument

16           TRANSCRIPT OF PROCEEDINGS

17     BEFORE THE HONORABLE JOHN V. ACOSTA

18  UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

19

20

21

22

23

24

25
```

Exhibit C
Page 1 of 8

```
 1
 2                         APPEARANCES
 3
 4   FOR THE PLAINTIFF:      Ms. Veronica L. Manolio
                            Manolio & Firestone, PLC
 5                          8686 E. San Alberto Drive, Suite 200
                            Scottsdale, AZ 85258
 6
 7                          Mr. Jamison R. McCune
                            Bodyfelt Mount, LLP
 8                          319 S.W. Washington Street, Suite 1200
                            Portland, OR 97204
 9
10
11   FOR THE DEFENDANTS:     Mr. Philip S. Van Der Weele
                            Ms. Elizabeth H. White
12                          K&L Gates LLP
                            One S.W. Columbia Street, Suite 1900
13                          Portland, OR 97204
14
15
16
17   COURT REPORTER:         Bonita J. Shumway, CSR, RMR, CRR
                            United States District Courthouse
18                          1000 S.W. Third Avenue, Room 301
                            Portland, OR 97204
19                          (503)326-8188
                            bonita.shumway@ord.uscourts.gov
20
21
22
23
24
25
```

Exhibit C
Page 2 of 8

1             (P R O C E E D I N G S)

2        (February 22, 2022; 1:31 p.m.)

3             * * * * *

4       THE COURT:  Good morning -- or good afternoon, I

5  should say now.  This is Judge Acosta.  I'm going to take roll.

6  Who is there for the plaintiff?

7       MS. MANOLIO:  Good afternoon, Your Honor.  Veronica

8  Manolio, appearing for Plaintiff Pacific Office Automation, or

9  POA.

10      THE COURT:  Thank you.

11      Anyone else there for the plaintiff?

12      MR. MCCUNE:  Good afternoon, Judge Acosta.  Jamison

13  McCune, local counsel for POA.

14      THE COURT:  Thank you.

15      Anyone else for plaintiff?

16      (No response.)

17      THE COURT:  All right.  Thank you.

18      And for defendant?

19      MR. VAN DER WEELE:  Good afternoon, Your Honor.  Phil

20  Van Der Weele from K&L Gates on behalf of the defendants.

21      THE COURT:  Thank you.

22      Anyone else for the defendants?

23      MS. WHITE:  Good afternoon, Your Honor.  Elizabeth

24  White, also from K&L Gates, for the defendant.

25      THE COURT:  Thank you.

Exhibit C
Page 3 of 8

1   items that were outlined in my December 1 email, then I would

2   say a motion would be necessary, but I just don't know whether

3   or when I'm going to get those.

4           THE COURT:  Thank you.

5           And then with respect to a possible fourth motion,

6   where are we on that one?

7           MR. VAN DER WEELE:  So on that one, we have

8   conferred.  I would say once again that progress has stalled,

9   although "progress" is a relative term.

10          This is a request for production that we served in

11  August.  The plaintiff never served any written objections.  To

12  date we have not gotten a single document in response to any of

13  these requests.  Three of requests, there was nothing to

14  discuss, there weren't any questions or problems with them, we

15  just haven't gotten any documents.

16          The other three -- this is three out of six in the

17  fourth -- we've had some discussions on it and some back and

18  forth.  And, again, in plaintiff's position set forth on page 4

19  of the joint status report, in the carryover paragraph at the

20  top of page 4, plaintiff says, "Plaintiff does not believe that

21  the fourth request for production will become an issue for the

22  Court and fully intends to have this matter resolved before the

23  next status conference."

24          Well, the issue is not resolved because I haven't

25  gotten a single document in response to any one of the six

Exhibit C
Page 4 of 8

1 requests, and I again have no idea whether or when I will be

2 getting anything.

3       THE COURT:  All right.  Thank you.

4       We'll pick those up at the end, and I'll hear from

5 Ms. Manolio about that.  Let's resolve the motion that is

6 before us.

7       All right.  We've got issues with respect to the

8 interrogatories and requests for productions.  I'm going to

9 start with the interrogatories.  For the record, those are 1,

10 2, 4, 5(a) through (c), 6(a) through (c), and 7.

11       The defendants' overall argument is that the

12 plaintiff has failed to comply with its duty under Rule

13 33(d)(1) to specify the records that must be reviewed, quote,

14 in sufficient detail to enable the interrogating party to

15 locate and identify them as readily as the responding party

16 could.

17       All right.  One of the notable aspects of this

18 particular dispute is the defendants' assertion that plaintiff

19 has provided only examples of responsive documents.  And by

20 that I believe identified only examples of documents contained

21 in the broader production of documents in response to the

22 requests for production.

23       All right.  One thing that the defendant also says is

24 that the spreadsheet provided on December 4, 2020 has not been

25 updated with respect to the documents referenced in respect to

Exhibit C
Page 5 of 8

1   it's been completed and no further documents were found, or if

2   they were, produce them.

3          MS. MANOLIO:  Absolutely.  No problem.

4          THE COURT:  Mr. Van Der Weele, does that take care of

5   No. 30 at least for now?

6          MR. VAN DER WEELE:  Yes, it does, Your Honor.

7          THE COURT:  Good.

8          Let's go back to the third motion to compel and the

9   possible fourth motion.

10         With respect to the third motion, Mr. Van Der Weele,

11   just to summarize, you said you're still waiting for a response

12   from POA.

13         Ms. Manolio, your thoughts?

14         MS. MANOLIO:  I have absolutely been working with

15   Mr. Van Der Weele, have given subsequent information, still

16   have subsequent information to give.  And so that everyone

17   feels comfortable, I'm actually flying up to Portland tomorrow

18   to meet with POA and go through documents in person to produce

19   what I know is still outstanding to Mr. Van Der Weele, but I've

20   been trying to just get a time with their CFO to sit down and

21   go through documentation.

22         But I don't believe it's -- that the third is at

23   issue or is going to become an issue, as I don't believe that

24   the fourth is going to become an issue because I've committed

25   to certain things and I intend to abide by what I've committed

Exhibit C
Page 6 of 8

1   to, it's just been a matter of logistics and that's it.

2          THE COURT:  Let me ask you this question.

3          MS. MANOLIO:  Sure.

4          THE COURT:  For you to produce all the documents that

5   you believe will put the third motion to compel to rest and

6   avoid a fourth motion to compel, how much time will you need?

7          MS. MANOLIO:  Again, Your Honor, my position is that

8   everything should be inclusively provided by the end of March,

9   but I intend to get Mr. Van Der Weele the documents that I know

10  are outstanding probably within the next two weeks.  I'm going

11  up not tomorrow but the day after, and hope to make production

12  next week.  I know there will be subsequent questions, I just

13  know there will.  But I'm committed to work with him in good

14  faith to get him anything subsequent, as, Your Honor, I've also

15  committed to allow him to have informal interviews rather than

16  depositions of the financial information or the witness for the

17  financial information that we're providing.

18         THE COURT:  Thank you.

19         Hang on a minute, please.

20         MS. MANOLIO:  Sure.

21         THE COURT:  All right.  I'm looking at the most

22  recent joint status report, Docket 93, filed on January 24, and

23  I'm looking at that section really that begins on page 4, case

24  schedule following completion of fact discovery.

25         Right now does everyone agree fact discovery closes

Exhibit C
Page 7 of 8

1

2                              --o0o--

3

4          I certify, by signing below, that the foregoing is a

5    correct transcript of the record of proceedings in the

6    above-entitled cause.  A transcript without an original

7    signature or conformed signature is not certified.

8

9
    /s/Bonita J. Shumway                March 1, 2022
10   _____    _____
     BONITA J. SHUMWAY, CSR, RMR, CRR    DATE
11   Official Court Reporter

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Exhibit C
Page 8 of 8